IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN | § § § | |
| v. | § § | CIVIL ACTION NO. 4:14cv780 (Judge Mazzant/Judge Bush) |
| WILLIAM E. BITTERS, et al., | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Petersen's Motion to Transfer Venue (Dkt. 50). Pursuant to 28 U.S.C. § 1404(a) or, alternatively, 28 U.S.C. § 1406(a), Plaintiff asks the Court to transfer venue to the United States District Court for the District of Nebraska in the interest of justice and for the convenience of the parties. Although no opposition has been filed by Defendants Bitters or Henry, Defendant Boland has filed a response in opposition. As set forth below, the Court finds that the motion to transfer venue should be GRANTED.

Boland does not argue that the Eastern District of Texas is a more convenient venue to resolve Plaintiff's disputes. Nor does Boland's opposition contest any of the private or public interest factors supporting transfer of this case to Nebraska. Instead, he argues that the Court cannot transfer the case because "Plaintiff has not, and indeed cannot, plead any facts which would allow the District of Nebraska to exercise personal jurisdiction over" him. Dkt. 51 at 2. Boland's argument is not consistent with the record herein.

Plaintiff's complaint names Boland as one of the officers of United Financial Information Services ("UFIS") who "works with Bitters" as his partner. Dkt. 1 at ¶8. UFIS is described as a company doing business in Nebraska. Dkt. 1 at ¶7. Further, in his motion to dismiss, Defendant Bitters indicates that UFIS is in Nebraska. *See* Dkt. 5 at 7-8. Boland has not refuted any of the facts asserted by his alleged partner Bitters regarding the systematic and continuous business activities in Nebraska under the name of UFIS. Without more from Boland indicating otherwise, the Court finds that the allegations before the Court are sufficient to state Plaintiff's grounds for jurisdiction over Boland in Nebraska.

Although Boland previously filed a motion arguing that there is no personal jurisdiction over him in *this Court* because he had no contact with Texas whatsoever (*see* Dkt. 23), he has not filed any such motion arguing he had no contact with Nebraska or challenging the Nebraska court's exercise of jurisdiction over him. The only challenge to Nebraska's jurisdiction is made in Boland's opposition to the motion to transfer venue which is less than three pages in length and cites to no evidence or authority to show why the Court should not transfer this case as Plaintiff has requested. In that response, Boland merely makes the assertion that "Plaintiff has not, and indeed cannot, plead any facts which would allow the District of Nebraska to exercise personal jurisdiction over Mr. Boland." Dkt. 51. Boland's pleadings do not, through affidavit or otherwise, set forth why Nebraska cannot exercise jurisdiction over him. His conclusory allegation that it cannot, in the face of Plaintiff's allegations in her complaint and arguments in her briefing regarding transfer, is not enough to support his position at this time.

Further, Boland's current position is inconsistent with his prior characterization of the venue facts in this case which at the very least imply the propriety of venue in Nebraska. In arguing that venue is not proper in Texas, Boland claimed that "the Court should dismiss the case because substantial parts of the events or omissions giving rise to the claim occurred in Nebraska and Iowa." Dkt. 23 at 4. Boland further alleged:

> All of the meetings, negotiations, and discussions regarding the $150,000.00 happened in Nebraska. Moreover, funds were drawn from Plaintiff's Nebraska bank account and transferred to Mr. Henry's bank account in Nebraska, the promissory note became due while Ms. Peterson was a resident of Nebraska.

*Id.*

Boland's grounds for opposing the transfer of venue to Nebraska are simply not consistent with his prior pleadings. He has argued that this District is improper, now argues that Nebraska is improper, and critically does not allege any facts or cite to any authority to argue *what* venue would be proper for the parties' dispute. The Court is not convinced. The Court will not deny Plaintiff's motion based on the grounds set forth in Boland's motion.

The Court now turns to whether, assuming venue was ever proper in Texas, a transfer is warranted under Section 1401(a). Plaintiff argues that it is.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or division to which parties have consented." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense....'" *Van Dusen v. Barrack*,

376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed.2d 945 (1964) (quoting *Continental Grain Company v. Barge FBL-585*, 364 U.S. 19, 26-27, 80 S. Ct. 1470, 4 L. Ed.2d 1540 (1960)). The decision to transfer a pending case is committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir.1988).

"The preliminary question under § 1404(a) is whether a civil action might have been brought in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F. 3d 304, 312 (5th Cir. 2008) (internal quotations omitted). Once this is established, in determining whether Section 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice, the Court must weigh the private and public interest factors. *Id.* at 315. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* This list of factors is neither exhaustive nor exclusive, and no single factor is given dispositive weight. *Id.*

There is no question that this case could have been brought in Nebraska. This is a case regarding alleged breaches of duties under a promissory note entered into by Joyce Petersen when she resided in Nebraska. Petersen entered into the promissory note with Defendant John Henry who

4

then resided – and still resides – in Nebraska. Plaintiff (Petersen's estate) served the complaint in this action on Defendant Henry in Nebraska. The promissory note was drafted in Nebraska by Defendant Bitters whose business UFIS, in which Defendant Boland is an alleged partner, allegedly operates out of Nebraska.

As to the private interest factors, there is no question that a great majority of the evidence and witnesses would either be located in or more easily accessible in Nebraska. As argued by Defendant Bitters, Nebraska is where Defendant Henry resides, where Defendant Bitters works, and where any possible remedy against Henry or Mr. Bitters would be enforced. Dkt. 5. And, as argued by Boland, all of the meetings, negotiations, and discussions regarding the $150,000.00 loan happened in Nebraska, funds were drawn from Petersen's Nebraska bank account and transferred to Defendant Henry's bank account in Nebraska, and the promissory note became due while Ms. Petersen was a resident of Nebraska. Dkt. 23 at 4. The Court finds that the practicality of preparing for and trying this case weighs heavily in favor of transfer to Nebraska.

As to the public interest factors, Nebraska has a greater interest in adjudicating the dispute than does the Eastern District than Texas, especially considering the fact that the promissory note at issue was executed in the state by Nebraska residents. Indeed, although filed in Texas, Plaintiff's complaint alleges that Nebraska is "is the State with the most significant relationship to the transaction resulting in the Promissory Note" and argues that Nebraska law applies. Dkt. 1 at ¶39. Nebraska courts certainly have a greater familiarity with (and interest in) the application of Nebraska law to the facts here. Moreover, although not discussed by the parties, the Eastern District has

numerous judicial vacancies and a heavy criminal trial docket and civil case load. This Court's current congestion also weighs in favor of transfer.

The Court also finds that the fact that Plaintiff is the party now seeking transfer of venue (with no opposition from all but one of the Defendants)[1] weighs in favor of transfer. Plaintiff is ultimately the party with the burden of proof; assuming it is appropriate, her choice of forum should be honored to the extent it can be.

As noted briefly above, both Boland and Bitters have challenged whether venue was ever proper in Texas. And, as the Court noted at the August 11, 2015 hearing in this case, the facts giving rise to venue in the Eastern District of Texas are dubious. *See* Dkts. 42 & 43. Nonetheless, Plaintiff vehemently asserts that "[v]enue is proper in this district pursuant to 28 U.S.C. §§ 1391(d) and 28 U.S.C. §§ 1391(b)(2) since the omission – i.e., failure to pay Ms. Petersen –occurred in this district while Ms. Petersen resided in her home in Plano, Texas." Dkt. 1 at ¶5. The Court need not reach this analysis in order to recommend transfer to Nebraska.

Even if venue is not proper in Texas such that transfer could not be made under Section 1404, under 28 U.S.C. §1406 this Court can transfer venue in the interests of justice to Nebraska. 28 U.S.C. §1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The Court finds that this case could have been

---

[1]Although Boland now opposes transfer to Nebraska, the Court questions whether his prior position as to the Nebraska venue could be deemed as consent to the transfer. At the very least, Boland's prior position weighs against him in his opposition.

brought in Nebraska and that, in the interests of justice, and to conserve party and court resources and avoid piecemeal litigation, it should be transferred there.

Plaintiff Petersen's Motion to Transfer Venue (Dkt. 50) should be GRANTED and this case should be transferred to the United States District Court for the District of Nebraska, Omaha Division.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 26th day of February, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE