IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN,<br><br>               Plaintiff,<br><br>vs.<br><br>ROBERT W. BOLAND, JR., UNITED FINANCIAL SERVICES, WILLIAM E. BITTERS, and JOHN L. HENRY,<br><br>               Defendants. | 8:16CV183<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the plaintiff's Motion for Leave to Amend (Filing No. 80). Also pending are motions to dismiss filed by defendant Robert W. Boland, Jr. (Filing No. 70) and defendant William E. Bitters, d/b/a United Financial Services (Filing No. 68).[1]  This is an action for breach of fiduciary duty, negligence, negligent misrepresentation, breach of contract, breach of implied duty of good faith and fair dealing, fraud, and assumpsit in connection with investment advice and a promissory note. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

**I.    BACKGROUND**

      The Plaintiff filed its original Complaint on December 1, 2014, in the United States District Court for the Eastern District of Texas. Defendant Bitters filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction), (b)(3) (improper

---

[1] The record indicates that defendant Bitters filed the motion to dismiss only on his own behalf. However, in his Reply Brief on the Motion to Dismiss, he identifies himself as William E. Bitters d/b/a United Financial Information Services. The caption of the Complaint lists "William E. Bitters D/B/A United Financial Information Services, United Financial Services." The Complaint identifies Bitters as "William Bitters D/B/A United Financial Information Services (hereinafter "UFIS") <u>and/or</u> United Financial Services" (emphasis added). The Complaint states that Bitters "operates a website under the name of, and/or does business as, United Financial Information Services and/or United Financial Services." No summons was issued with respect to United Financial Services. It thus appears that United Financial Services is not a separate entity subject to suit and is not a separate defendant in this case.

venue), and (b)(6) (failure to state a claim) on March 30, 2015. On June 10, 2015, defendant Boland moved to dismiss under Fed. R. Civ. P. 12(b)(5) (insufficiency of process), (b)(2) (lack of personal jurisdiction), and (b)(3) (improper venue). On August 28, 2015, plaintiff moved to file an Amended Complaint. The Court denied the motion "without prejudice to seeking leave to file an amended complaint if this Court finds that the case should proceed in this District." The Court noted that the plaintiff had "not shown how his amended complaint would state additional facts regarding proper venue in [the Eastern District of Texas]" and further stated that "nothing in the motion indicates how the amended complaint would state facts to show how this Court could exercise personal jurisdiction over some or all of Defendants here."

The plaintiff later filed a motion to transfer venue. United States Magistrate Judge Don D. Bush issued a report and recommendation ("R&R") discussing both venue and personal jurisdiction and recommending the motion be granted. The Court later adopted that recommendation and ordered the action transferred to Nebraska. The then-pending Motions to Dismiss filed by defendants Boland and Bitters were denied as moot. The action was then transferred to the District of Nebraska on April 25, 2016.

Defendant Boland and defendant Bitters thereafter filed dismissal motions in this Court. Those motions are addressed to the original complaint and assert failure to state a claim and statute of limitations defenses. The proposed amendment to the complaint, which is attached to the plaintiff's motion as Exhibit A, will add new claims and factual allegations.[2] In support of his motion, the plaintiff has shown by affidavit that it recently became aware of additional information that will support the additional claims.

---

[2] In the proposed Amended Complaint, the plaintiff adds claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); the Nebraska Uniform Deceptive Trade Practices Act ("NUDTPA"), Neb. Rev. Stat. §87-301, *et seq.;* and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat.§ 59-1601, *et seq.*

## II. DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(l), a party may amend his pleading once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) further provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires." *Id.*

The Court has substantial discretion in ruling on a motion for leave to amend under Rule 15(a)(2). *Wintermute v. Kansas Bankers Sur. Co.,* 630 F.3d 1063, 1067 (8th Cir. 2011 ). "A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure the deficiency in the pleading through previous amendments, undue prejudice to the non-movant, or futility of the amendment." *Popoalii* v. *Correctional Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008). Simple delay is insufficient; at least one of these factors must be present to justify denying a party's motion to amend. *See id.; Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998).

The plaintiff contends it should be permitted to automatically file an Amended Complaint without leave of court under Rule 15(a)(l)(B) since its motion was filed within 21 days of the filing of Motions to Dismiss by Defendants Boland and Bitters. Defendants oppose the motion (Filing No. 92). Their opposition is based on the fact that the District Court in the Eastern District of Texas denied leave to amend. That denial, however, occurred in the context of inappropriate venue and lack of personal jurisdiction, and does not involve the merits of the plaintiff's present motion to amend.

Notwithstanding the fact that amendment may be proper without leave of court, the Court finds leave to amend should be granted. Despite the fact that the action has

been pending since 2014, this litigation is still in its early stages. The proposed additional claims and allegations may cure some alleged deficiencies of the original Complaint and may affect the parties' positions and arguments. The plaintiff has shown good cause for the amendment and the defendants have not shown they will suffer prejudice as a result of the delay.

The Court finds the plaintiff should be granted leave to amend the Complaint. The defendants' Motions to Dismiss are rendered moot by this order and will be denied, without prejudice to reassertion with respect to the amended complaint.

IT IS ORDERED:

1. The plaintiff's Motion for Leave to Amend (Filing No. 80) is GRANTED.
2. The plaintiff shall file a clean copy of the proposed Amended Complaint within three (3) days of the date of this order.
3. The defendants' Motions to Dismiss (Filing Nos. 68 and 70) are DENIED, without prejudice to reassertion.
4. The defendants shall answer or otherwise respond to the amended pleading within fourteen (14) days of the date of the filing of the Amended Complaint.

Dated this 8th day of August, 2016.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge