IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT W. BOLAND, JR., UNITED FINANCIAL SERVICES, WILLIAM E. BITTERS d/b/a UNITED FINANCIAL SERVICES and JOHN L. HENRY,<br><br>　　　　　Defendants. | 8:16CV183<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the court on defendant John Henry's Motion to Set Aside Default Judgment, Filing No. 85.  This is an action for breach of fiduciary duty, negligence, negligent misrepresentation, breach of contract, breach of implied duty of good faith and fair dealing, fraud, assumpsit, and for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); the Nebraska Uniform Deceptive Trade Practices Act ("NUDTPA"), Neb. Rev. Stat. § 87-301, *et seq.*; and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601, *et seq.*, in connection with investment advice and a promissory note.  This action was originally filed on December 1, 2014, in the United States District Court for the Eastern District of Texas and was transferred to this court on April 25, 2016.  Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

**I.　　BACKGROUND**

　　　　The record shows defendant Henry was served with the original Complaint on March 18, 2015 at his workplace at Metro Audio Dynamics, 7710 L. St., Omaha, Nebraska.  Filing No. 44, Summons returned executed; Filing No. 102-1, Affidavit of James P. Malone.  In recommending the transfer to this court, the United States District

Court for the Eastern District of Texas found "[t]here is no question that this case could have been brought in Nebraska," noting that the case involves "alleged breaches of duties under a promissory note entered into by Joyce Petersen when she resided in Nebraska. Petersen entered into the promissory note with Defendant John Henry who then resided—and still resides—in Nebraska" and defendant Henry was served in Nebraska. Filing No. 54, Report & Recommendation ("R&R") at 4-5; Filing No. 56, Memorandum Adopting R&R. Further, the court noted that

> The promissory note was drafted in Nebraska by Defendant Bitters whose business UFIS, in which Defendant Boland is an alleged partner, allegedly operates out of Nebraska. . . . a great majority of the evidence and witnesses would either be located in or more easily accessible in Nebraska . . . where Defendant Bitters works, and where any possible remedy against Henry or Mr. Bitters would be enforced. . . . all of the meetings, negotiations, and discussions regarding the $150,000.00 loan happened in Nebraska, funds were drawn from Petersen's Nebraska bank account and transferred to Defendant Henry's bank account in Nebraska, and the promissory note became due while Ms. Petersen was a resident of Nebraska.

Filing No. 54, R&R at 5 (citations to record omitted).

After transfer to this District, the plaintiff was ordered to show cause why the action against defendant Henry should not be dismissed for failure to prosecute. Filing No. 73. The plaintiff then filed a Motion for Clerk's Entry of Default. Filing No. 74. The Clerk entered default on June 29, 2016. The plaintiff later filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(1). Filing No. 77. The Clerk entered a default judgment on July 6, 2016, in the amount of $360,578.08 against defendant John Henry. Filing No. 82.

Shortly thereafter, defendant Henry filed a purported "appeal," that the court construed as a motion to set aside the default. The Court granted defendant Henry ten days in which to file a brief and supporting documents. Henry filed a response pro se, stating that he had not been properly served in the Texas case and also asserting that he

had filed an Answer therein.[1]  The plaintiff opposes the motion, contending that defendant Henry has not shown good cause to excuse the default and also arguing that Henry has no meritorious defenses.

The record shows that no pleadings in the Eastern District of Texas, other than the original Complaint, were served on defendant Henry.  After transfer to this court, the plaintiff did not serve its Motion for Clerk's Entry of Default on defendant Henry.  This Court's Clerk's Entry of Default and Default Judgment, however, were mailed to Henry at 7906 South 32nd Street, Omaha, NE 68147.  Those pleadings were returned as undeliverable, but were then mailed to defendant Henry at Metro Audio Dynamics, 7710 L. Street, Omaha, NE 68127  *See* Filing Nos. 84 & 93.  Defendant Henry's address on the docket was later updated to P.O. Box 27659, Omaha, NE 68127, the address shown on defendant Henry's motion.  An Amended Complaint has now been filed in this court and summons for service on defendant John Henry has been issued.

## II.  LAW

Pro se pleadings are to be liberally construed by the courts.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").  In general, however, "pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."  *Ackra Direct Marketing Corp. v. Fingerhut Corp*., 86 F.3d 852, 856 (8th Cir. 1996).

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Rule 60(b)(1) permits a

---

[1] A copy of the Answer is attached to defendant Henry's response, but that document was never filed in the Eastern District of Texas action.

district court to grant a defaulting party relief from judgment because of that party's "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

When examining whether good cause exists, the district should weigh "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *United States v. 2005 Chrysler 300C*, 382 F. App'x 531, 532-33 (8th Cir. 2010). The term "excusable neglect" in the default context is generally "understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Union Pac. R.R. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 394 (1993)).

The determination of excusable neglect is an equitable determination that takes "account of all relevant circumstances surrounding the party's omission." *Feeney v. A T & E, Inc.*, 472 F.3d 560, 562–63 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Those circumstances include the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, and the reason for the delay, including whether it was within the movant's reasonable control and whether the movant acted in good faith, and the existence of a meritorious defense. *Id.* at 563. Whether the movant had a good reason for delay is a key factor in the analysis, but even without a satisfactory explanation, relief may be required where other equitable considerations weigh strongly in favor of setting aside the default judgment. *Id.*

When evaluating the appropriateness of default under Rule 60(b), courts distinguish between marginal failures to comply with time requirements and "willful violations of court rules, contumacious conduct, or intentional delays." *United States ex*

4

*rel Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). With respect to an asserted "meritorious defense," the issue is whether the asserted defense "would permit a finding for the defaulting party, not whether it is undisputed." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998) (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)).

Default judgments are disfavored, and should be a rare judicial act. *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir.1995); *see Harre*, 983 F.2d at 130 (stating default judgments "are not favored by the law"). Both the entry of a default judgment and ruling on a motion to set aside a default judgment are committed to the sound discretion of the district court. *Harre*, 983 F.3d at 130; *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir. 1988).

## III. DISCUSSION

The court finds that equitable considerations weigh in favor of setting aside the default judgment in this case.[2] The record shows that despite the fact that defendant Henry had been served and had not filed an Answer for seventeen months, the plaintiff did not move for an entry of default until prompted by this court. Also, the Court's review of the record shows that, other than the initial complaint, Henry was not served with any of the parties' pleadings or the Courts' orders until default judgment was

---

[2]Also, the findings made in the District Court in the Eastern District of Texas indicate that it is doubtful that defendant Henry had sufficient minimum contacts with the State of Texas to afford that court personal jurisdiction over him. Accordingly, there may be some argument that the service on Henry was insufficient because the issuing court lacked personal jurisdiction over him. However, any such argument is moot by virtue of the transfer of this case and the resolution of this motion. This court clearly has personal jurisdiction over defendant Henry.

entered against him. Once he was served in this court, he entered an appearance within weeks of notification of the default judgment.

Further, the plaintiff has not shown that defendant Henry's failure to answer was willful or culpable. There is some indication that the failure may have been the result of miscommunication or a misplaced or misdelivered pleading. In support of his motion, Henry has attached correspondence with plaintiff's counsel, as well as a copy of an Answer he contends he filed. For an unknown reason, these documents were apparently not received by the intended recipients. The Court's review of the record shows that the pleadings and submissions in the action in the Eastern District of Texas were served only electronically on those parties who had registered with the system and consented to such service. Because defendant Henry had not made an appearance, he was not served with any filings, electronically or otherwise. The plaintiff, in spite of knowledge of defendant Henry's whereabouts by virtue of personal service, made no attempt to ensure that defendant Henry received any pleadings, rather, it electronically served its submissions only on the other two defendants.

In considering the length of delay and its effect on judicial proceedings, the Court notes that the delays in this litigation thus far have involved motion practice on jurisdictional issues that were the result of the plaintiff's decision to file the action in the Eastern District of Texas. The plaintiff's concerns about the length of time this action has been pending are partly of its own making. There has been no showing that the short additional delay caused by defendant Henry's late appearance prejudices the plaintiff. Despite the fact that the action was filed in 2014, the litigation is still in its early stages. The parties have not yet undertaken discovery. At this stage of the proceedings, the Court is unable to assess whether defendant Henry has meritorious defenses.

Defendant Henry's status as a pro se party is also a consideration that serves to excuse his dilatory conduct. Henry's assertion that he attempted to actually answer the Complaint and to defend this action, if true, weighs in favor of excusing the delay. An Amended Complaint has now been filed. Under the circumstances, the court finds defendant Henry should be allowed to respond to that pleading. Henry is again admonished that he is bound by and expected to follow the Federal Rules of Civil Procedure going forward. Accordingly,

IT IS ORDERED:

1. Defendant Henry's motion to set aside default (Filing No. 85) is granted.

2. The Default Judgment (Filing No. 82) and Clerk's Entry of Default (Filing No. 75) are vacated and set aside.

3. Defendant John L. Henry shall file an Answer or otherwise respond to the plaintiff's Amended Complaint within ten (10) days of the date of this order.

Dated this 18th day of August, 2016.

BY THE COURT:

*s/ Robert F. Rossiter, Jr.*
United States District Judge