IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM E. BITTERS, ROBERT W. BOLANDJR., JOHN L. HENRY, and UNITED FINANCIAL SERVICES,<br><br>Defendants. | 8:16CV183<br><br>**ORDER** |

Plaintiff served requests for admission, requests for production, and interrogatories on Defendant Henry. Plaintiff was not satisfied with Defendant Henry's responses and after conferring with Henry, requested assistance from the court. Henry does not have a telephone, an email address, or a stable home address. As such, the court set a hearing for November 6, 2017 at the Omaha courthouse to discuss the discovery disputes. At that hearing, the Court heard the parties' respective arguments as to each discovery contention. Defendant Henry appeared in-person: Plaintiff's counsel appeared by telephone using the court's conferencing information.

The November 6, 2017 hearing was recorded and as to the disputed and outstanding requests for admissions and interrogatories, Defendant Henry answered the discovery under oath, thereby resolving the disputes. As to requests for production, the Court finds:

Plaintiff's Request For Production No. 6 asked Defendant Henry to

"Produce your W-2 forms from 2007 to the present." Defendant Henry objected on the grounds of an unspecified privilege. The information is relevant to prove Defendant Bitters failed to conduct proper due diligence in investigating Defendant Henry's ability to repay the $150,000 Promissory Note to Plaintiff and was thereby negligent, and that Defendant Henry could have repaid the loan but failed to do so. Despite a fire that destroyed many documents, Henry's accountant likely has copies of the requested information. Defendant Henry's burden of production is not disproportionate to the need. Defendant Henry will be required to fully respond to Request No. 6.

Plaintiff's Request For Production No. 9 asked Defendant Henry to "Produce financial statements showing profits and/or revenue for Metro Audio Dynamics from February 1, 2007 to the present." Defendant Henry contended he has no connection to Metro Audio Dynamics, a closely held corporation owned by Henry's son. The Court examined a Domestic Corporation Occupation Tax Report filed by Metro Audio Dynamics with the State of Nebraska, Secretary of State, for the Tax Reporting Years 2014-2015 which listed Defendant Henry as Treasurer and officer of Metro Audio Dynamics. Henry claims under oath that he never knew he was listed as Treasurer and he has no connection with Metro Audio Dynamics and no access to its records. The role of Defendant Henry in Metro Audio Dynamics is a contested issue that the Court will not resolve absent a formal motion to compel which address both the need and burden of production.

Defendant Henry stated that he had just obtained bank statements from his bank, First National Bank of Omaha, and that they were in his

possession. He is willing to provide copies of those statements to Plaintiff's counsel and will be ordered to do so.

Plaintiff's Request For Production No. 31 asked Defendant Henry to "Produce the phone number, contact information, address, and name of any witness who has – or might have – information relevant to the allegations in Plaintiff's First Amended Complaint."[1] Defendant Henry did not disclose any names. Defendant Henry's wife was allegedly the office manager of his business when Defendant Henry signed the Promissory Note to Plaintiff. Defendant Henry and his son may have inter-related business interests in Metro Audio Dynamics, and the son may have moved relevant documentation (documentation pertaining to Defendant Henry's business and dealings prior to 2011) to an uncovered outdoor location where it was burned. And Defendant Henry's brother may assisted in moving these documents. Plaintiff has demonstrated that Defendant's wife, son, and brother may possess information relevant to this case. Defendant Henry will be ordered to provide their contact information in response to Request No. 31.

Plaintiff's Request For Production No. 24 asked Defendant Henry to "Produce any utility or financial account statement showing your current business address as well as your business address as of February 8, 2008." Plaintiff seeks information about the business address at which Defendant Henry received Plaintiff's check and signed a Promissory Note to Plaintiff in 2008. Defendant Henry utilized the services of an accountant, identified during the hearing, who may have financial account statements for

---

[1] This request is actually an interrogatory. No documents are requested.

Defendant Henry's business. While Defendant will be ordered to respond to this request, the court is convinced that the best source for obtaining such information is by subpoena served on Defendant Henry's accountant; that even after Defendant Henry responds to this request, Plaintiff will suspect the response is untrue or incomplete.

In accordance with these findings and the Court's statements during the conference call held on November 6, 2017,

IT IS ORDERED:

1) Defendant Henry's statements at the November 6, 2017 conference shall be deemed as amended responses to Plaintiff's discovery requests.

2) On or before December 4, 2017, Defendant Henry shall produce:

   a. a complete response to Plaintiff's Request for Production No. 6 ("W-2 forms from 2007 to the present");

   b. the statements and documents he was able to obtain from his bank, including but not limited to First National Bank of Omaha, and Wells Fargo Bank;

   c. a complete response to Plaintiff's Request For Production No. 24 (any utility or financial account statement showing your current business address as well as your business address as of February 8, 2008), including retrieving documents from his accountant as may be necessary; and

   d. a complete response to Plaintiff's Request For Production No. 31 ("the phone number, contact information, address, and name" of Defendant Henry's wife, son, brother, and any other witness).

3) Plaintiff may file a motion to compel regarding Plaintiff's Request For Production No. 9.

4) Defendant Henry shall keep the Court and parties promptly apprised of his address and any address changes for the duration of this litigation.

5) The Clerk's office shall mail a copy of this order to pro se defendant Henry at the address of record.

Dated this 16th day of November, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge