IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM E. BITTERS; ROBERT W. BOLAND, JR.; JOHN L. HENRY; and UNITED FINANCIAL SERVICES,<br><br>    Defendants. | 8:16CV183<br><br>**ORDER** |

  This matter is before the Court on defendant John L. Henry's ("Henry") "Answer to show cause" (Filing No. 150). The Answer was filed in response to the Court's Order to Show Cause (Filing No. 148) requiring Henry to show cause by December 29, 2017, why his Objection (Filing No. 139) to the magistrate judge's[1] November 16, 2017, Order ("Magistrate's Order") (Filing No. 138) should not be dismissed for failure to follow NECivR 72.2(a). Although Henry's "Answer to show cause" was filed after the show cause deadline, the Court construes his filing as presenting new and specific objections to the Magistrate's Order as well as Magistrate Judge Zwart's December 5, 2017, Order ("Transcript Order") that Henry must pay to obtain a transcript.

  Henry's first objection is to the Transcript Order wherein the Court refused to provide a transcript of the November 6, 2017, conference without requiring Henry to pay. The audio of the hearing is available on CM/ECF, and, because the Court does not require a transcript, Henry's in forma pauperis status does not cover the provision of a transcript. *See* 28 U.S.C. § 1915(c).

---

  [1]The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

Henry's second objection is to the requirement that Henry produce W-2 forms from 2007 to the present. Henry claims these are privileged and not relevant. However, Henry does not explain how the information is privileged or make any argument that would suggest the magistrate judge's finding of discoverability was in error.

Henry's third objection that his bank records are not relevant and producing them would be a waste of time, cause unfair prejudice, and confuse the issues. These arguments are also baseless. The magistrate judge specifically found that the bank statements were in Henry's possession and decided that they are discoverable and should be produced. Henry does not offer specific argument to the contrary.

Henry's fourth objection is to the requirement that he retrieve documents from his accountant as necessary. Henry claims his accountant is now deceased. This does not present a sufficient rationale for changing the discovery requirement at this time as the requirement is specifically framed as requiring those documents only "as may be necessary." Additionally, Henry should make reasonable efforts to retrieve those records before they are lost.

Henry's fifth objection is that he has no financial interest in Metro Audio Dynamics Inc. The magistrate judge has found that he may have inter-related business interests in that company, and he was listed as Treasurer and officer of the company in state tax reports filed in Nebraska. Henry does not present a compelling argument as to why this would be inaccurate.

Henry's sixth objection is that there are no relevant witnesses and that his wife claims spousal privilege. However, Henry was only ordered to give contact and other information for his wife, son, brother, and any other witness. Even if there are no witnesses, Henry may still comply with the order. Additionally, even if spousal privilege somehow applies, Henry was only ordered to provide contact information for his wife and other witnesses.

Henry's seventh objection is that he feels he only needs to inform the Clerk of a current mailing address and that his wife has no obligation to this Court. The magistrate judge has given, and Henry has not refuted, sufficient reasons to require Henry to provide additional information.

Henry's objections (Filing Nos. 139 and 150) to the Magistrate's Order (Filing No. 138) and the Transcript Order (Filing No. 142) are overruled.

IT IS SO ORDERED.

Dated this 3rd day of January, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge