| | | |
|---|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN, deceased; | | **8:16CV183** |
| Plaintiff, | | |
| vs. | | **ORDER** |
| WILLIAM E. BITTERS, ROBERT W. BOLANDJR., JOHN L. HENRY, and UNITED FINANCIAL SERVICES, | | |
| Defendants. | | |

On January 25, 2018, the court convened an in-person discovery conference to discuss the parties' ongoing discovery issues. This conference afforded the parties a dedicated time and location to discuss and resolve the issues without court intervention and, failing that, receive a prompt order from the court as to all the issues raised.

Prior to the conference, Plaintiff's counsel submitted hundreds of pages outlining the discovery requests, objections, and the parties' respective arguments. Defense counsel also submitted a brief summary of disputed discovery issues. Even after conferring with the court for an hour, and then among themselves for an additional two and a half hours, the parties were unable to resolve their discovery disputes. The court then presided over a discovery hearing that lasted nearly five hours, and ended with the parties needing my rulings in writing.

Below is that written order. All references to John H. Henry in the discovery requests were interpreted as referring to Defendant John L. Henry. To the extent

the written ruling deviates from the oral rulings made on January 25, 2018, this written ruling controls and is the court's order.

IT IS ORDERED:

1)     The court's rulings on the parties' discovery disputes are stated in the attached.

2)     All responses or supplemental responses ordered shall be served on or before March 2, 2018.

February 5, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

Petersen v. Bitters et al, Case No. 8:16-cv-00183 (D. Neb.)

The moving party is:                Defendants William Bitters and Robert Boland

The responding party is:            Estate of Petersen

| Discovery Request at Issue | Dispute | Court's Ruling |
|---|---|---|
| RFP NO. 1 (to Plaintiff): Please produce all documents supporting a partnership arrangement between John Henry and William E. Bitters. | Plaintiff objected, stating Defendants already have these documents and have superior access to them. | The objection is overruled. Plaintitiff shall search its records for responsive information. Plaintiff shall describe what was searched, including the persons contacted and the requests made to facilitate a through search, whether a search of electronic information was conducted and if so, what was searched, who searched it, how was the search conducted, and what was found, if anything. Plaintiff shall produce any responsive records found. If no records were found, Plaintiff shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Plaintiff. |
| RFP NO. 2 (to Plaintiff): Please produce all documents supporting a partnership arrangement between John H. Henry and Robert W. Boland. | Plaintiff objected, stating Defendants already have these documents and have superior access to them. | The objection is overruled. Plaintiff shall search its records for responsive information. Plaintiff shall describe what was searched, including the persons contacted and the requests made to facilitate a through search, whether a search of electronic information was conducted and if so, what was searched, who searched it, how was the search conducted, and what was found, if anything. Plaintiff shall produce any responsive records found. If no records were found, Plaintiff shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Plaintiff. |

| | | |
|---|---|---|
| RFP NO. 16 (to Plaintiff): Please produce all documents in support of your allegation in Paragraph 29 of the First Amended Complaint in the presence lawsuit. | Defendant states Plaintiff must clarify why Bate No. Petersen 000020 does not include the handwritten "Personal Loan" language as shown in the image of the letter on Page 10 of Plaintiff's First Amended Complaint. | Plaintiff shall explain, under oath, the distinction between the document image included in the complaint itself and Bate No. Petersen 000020, including why the handwritten language was removed from the document produced in discovery, who removed it, when that happened, and why it was done. |
| RFP NO. 26 (to Plaintiff): Please produce all documents evidencing that William E. Bitters or Robert W. Boland received any "kick-back" as stated in the Paragraph 44 of the First Amended Complaint from the loans involving John Henry and Clarence G. Nelson, Jr. and/or John Henry and Joyce Rosamond Petersen. | Defendant argues that rather than directly stating that Plaintiff has no evidence of a "Kick- back", Plaintiff states that Plaintiff is waiting for Defendants to produce their bank records, so Plaintiff can search for the alleged kick-back. | Plaintiff shall search its records for responsive information. Plaintiff shall describe what was searched, including the persons contacted and the requests made to facilitate a through search, whether a search of electronic information was conducted and if so, what was searched, who searched it, how was the search conducted, and what was found, if anything. Plaintiff shall produce any responsive records found. If no records were found, Plaintiff shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Plaintiff. |
| INTERROGATORY NO. 5 (to Plaintiff): Describe in detail the amount of money you allege William E. Bitters and/or Robert W. Boland to have received in form of kick back from John L. Henry when Joyce Rosamond Petersen loaned money to John L. Henry. | Plaintiff responds: "Plaintiff's expert report by Prof. Michael O'Hara discusses the range of typical commissions earned by a financial advisor in the position of William Bitters with respect to certain investments. Plaintiff believes a minimum of $15,000 would have been an extremely reasonable amount of commission to obtain for arranging a $150,000 loan without collateral. John L. Henry has expressed the opinion that Defendant Bitters wished to gain additional business from him and his business in exchange for arranging for the Promissory Note and loan of $150,000 from Ms. Petersen." | Plaintiff shall explain, under oath, its damage calculations and shall provide a listing, with associated Bates numbers, of any documents supporting those calculations. If it cannot do so at this time, it must state that fact under oath. This interrogatory must be promptly supplemented upon receipt of additional information which may add to, subtract from, further explain, or modify Plaintiff's damage calculations. |

| | | |
|---|---|---|
| **RFP NO. 35 (to Plaintiff):** Please produce all documents evidencing a contract between William Scoggins and William E. Bitters. | Plaintiff responds: "Plaintiff states that Plaintiff is not in possession of responsive documents and Plaintiff expresses the view that it is possible that the contract between Scoggins and Bitters was an oral contract rather than a written contract." | Plaintiff shall search its records for responsive information. Plaintiff shall describe what was searched, including the persons contacted and the requests made to facilitate a through search, whether a search of electronic information was conducted and if so, what was searched, who searched it, how was the search conducted, and what was found, if anything. Plaintiff shall produce any responsive records found. If no records were found, Plaintiff shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Plaintiff. |
| **INTERROGATORY NO. 4 (to Plaintiff):** Describe in detail your basis for alleging that there was a contract between William E. Bitters and/or Robert W. Boland with Joyce Rosamond Petersen when Joyce Rosamond Petersen when loaned money to John H. Henry. | Plaintiff responds: "there was certainly an agreement between Joyce Petersen and UFIS/William Bitters to supply honest and fair financial advice as to investing. For years, at least as early as 2004, Ms. Petersen invested in extremely safe, conservative investments, until she became worried she would not have enough income and was convinced by Mr. Bitters to loan money to Mr. John L. Henry, unsecured. As the person who inherited investments of her deceased husband, Mr. Scoggins, Ms. Petersen also inherited the contractual relations between William Bitters/UFIS and Mr. Scoggins. " | Plaintiff shall explain, under oath, its basis for asserting there was an agreement between Joyce Petersen and UFIS/William Bitters, and shall provide a listing, with associated Bates numbers, of any documents supporting this determination. If it cannot do so at this time, it must state that fact under oath. |
| **RFP NO. 37 (to Plaintiff):** Please produce all documents evidencing William E. Bitters received compensation from William Scoggins and/or Joyce Rosamond Petersen for any alleged services relating to the | Plaintiff responds that Plaintiff does not have any responsive documents and Defendant Bitters did not disclose to Plaintiff any commissions or fees that he earned from Plaintiff or Mr. Scoggins's business. Plaintiff is waiting | Plaintiff shall search its records for responsive information. Plaintiff shall describe what was searched, including the persons contacted and the requests made to facilitate a through search, whether a search of electronic information was conducted and if so, what was searched, who searched it, how was the search conducted, and what was found, if anything. Plaintiff shall produce any responsive |

| | | |
|---|---|---|
| loan that is the basis of this lawsuit. | for Defendant Bitters to disclose documents of this nature pursuant to Plaintiff's own discovery requests. | records found. If no records were found, Plaintiff shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Plaintiff. |
| INTERROGATORY NO. 3 (to Plaintiff): Describe in detail any payment received by William E. Bitters and/or Robert W. Boland in connection with any promissory note signed, or other financial transactions entered into, in connection between Joyce Rosamond Petersen and John L. Henry. | Plaintiff responds: "It is a reasonable presumption that Bitters also earned commissions for selling annuities to Ms. Petersen and Mr. Scoggins and for his role in drafting the Promissory Note under which John L. Henry promised to repay $150,000 plus interest to Ms. Petersen. In the very least, John L. Henry has stated that Defendant Bitters may have expected to gain future business from John L. Henry by arranging for the Promissory Note and loan from Ms. Petersen." | Plaintiff shall explain, under oath, its basis for alleging William E. Bitters and/or Robert W. Boland received a payment in connection with any promissory note signed, or other financial transactions entered into, in connection between Joyce Rosamond Petersen and John L. Henry, and shall provide a listing, with associated Bates numbers, of any documents supporting this determination. If it cannot do so, it must state that fact under oath. |
| RFP NO. 39 (to Plaintiff): Please produce all documents showing Robert W. Boland had any involvement with UFIS/United Financial Services at the time Joyce Rosamond Petersen loaned money to John H. Henry. | Plaintiff responds that Plaintiff does not have any responsive documents. | Plaintiff shall search its records for responsive information. Plaintiff shall describe what was searched, including the persons contacted and the requests made to facilitate a through search, whether a search of electronic information was conducted and if so, what was searched, who searched it, how was the search conducted, and what was found, if anything. Plaintiff shall produce any responsive records found. If no records were found, Plaintiff shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Plaintiff. |

Petersen v. Bitters et al, Case No. 8:16-cv-00183 (D. Neb.)

The moving party is: ___Petersen_____

The responding party is: ___Bitters and Boland_____

| Discovery Request at Issue | Dispute/Response | Court's Ruling |
|---|---|---|
| Plaintiff's Interrogatories to Defendant Bitters were not signed at the bottom by Bitters and the objections were not certified as having a good faith basis in law by Defense counsel Zarghouni | Defendant Bitters has provided a copy of his responses signed by both Mr. Bitters and his counsel. | Resolved. |
| Plaintiff's Interrogatory Nos. 1 to 14 to Robert Boland are not signed at the bottom by Boland. An earlier version of this chart was emailed to Boland's defense counsel on Nov. 15, 2017. | Amended response dated Dec. 18, 2017: no change. Interrogatorries still not signed at the bottom by Boland. | Objection sustained. Boland will serve responses to interrogatorries, signed by counsel as to any objections and signed by defendant under oath as to all answers. |
| <u>Plaintiff's Requests For Production ("RFP") Nos. 1-51 (to Bitters and Boland)</u>: | Bitters and Boland combined only produced, initially, 17 pages.<br><br>On Dec. 15, 2017, an additional 71 pages were produced. With the amended response, Defendant added Bates numbers DEFENDANTPRODUCTION 000001 – 000088 to all of the 88 pages produced.<br><br>Plaintiff contends the response remains incomplete. | Defendants Bitters and Boland shall thoroughly search his records for responsive documents. Defendants Bitters and Boland shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Defendants Bitters and Boland shall state what requests were made to facilitate a thorough search. Bitters shall also state whether a search of electronic information (email, text messages, Facebook, computer hard drives, etc) was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything.<br><br>Defendants Bitters and Boland shall produce any responsive records found. If no additional records were found, each Defendant shall state that despite the search efforts made, no additional responsive records |

| | | were found. The statement of search efforts made and the results of those efforts, and it shall be signed under oath by Bitters as to his responses, and signed under oath by Boland as to his. |
|---|---|---|
| <u>RFP Nos. 1 – 51 (to Bitters)</u> : These RFPs (discussed individually below where appropriate) discussed all aspects of Plaintiff's claims and Bitters's defenses. No Bates numbers are referenced in any one of the responses to RFP Nos. 1-51. For numerous responses to RFPs, Defendant's response said "see attached" without referencing the specific pages or Bates numbers at issue.<br><br><u>RFP Nos. 28, 29, 37, 38, 41</u>:(to Boland): Same | Plaintiff pointed out to Defendant that Defendant must use Bates numbers and reference specific pages in responses and that Defendant could not make vague references to "see attached" | Objection overruled: Defendants shall place Bates numbers on the documents disclosed and shall reference which Bates-numbered documents are responsive to which of Plaintiff's Requests for Production. If a document is to provide the answer to an interrogatory, the Bates number of the document shall be referenced in the interogatorry response. |
| <u>RFP Nos. 1, 3, 14, 15, 15, 17, 18, 19, 24, 25, 26, 34, 35, 40, 42, 44, 47, 48 (to Bitters)</u> :<br><u>RFP Nos. 6 – 37 and 39-51:(to Boland)</u> | Bitters and Boland object that the RFPs did not state the requests with "particularity." | Objection overruled. The requests are sufficienty specific. |
| <u>RFP Nos. 3, 6, 7, 9, 10, 14, 15, 16, 17, 18, 19, 22, 25, 26, 28, 29, 32, 33, 34, 42, 43, 45, 46, 51 (to Bitters)</u>.<br><u>RFP Nos. 1-2, 5, 8, 9, 11-27, 30-32, 35, 39, 40, 42-51 (to Boland)</u>.<br><u>RFP Nos. 3, 6, 7, 8, 9, 10, 28, 29, 33, 34, 37, 38, 41 (to Boland)</u>: Plaintiff requested information covering many aspects of her claims (as addressed with each individual RFP in the chart below) but, in amended responses to these RFPs, Boland asserted objections and did not specify if he was | Bitter's and Boland's objections do not say whether, or not, documents are being withheld on the basis of the objections. | Defendants must state whether documents are being withheld and describe those documents with sufficient particularity to apprise the Plaintiff of the type of document withheld so a decision can be made as to whether a motion to compel is warranted. |

| | | |
|---|---|---|
| withholding any documents (or identify which ones) pursuant to those objections | | |
| RFP Nos. 15, 16, 17, 18, 19 (to Bitters): these requests, respectively, each seek production of documents supporting Bitters's denial of liability to Plaintiff's First, Third, Fourth, Fifth, and Sixth Causes of Action. | In his initial responses to RFPs, Bitters did not provide any documents in response to these RFPs and he gave the invalid objection of "burden of proof" in response to RFP Nos. 15, 16, 17, 18, 19.<br><br>In amended responses submitted to Plaintiff on Dec. 15, 2017, Bitters did not make any changes to his use of the objection of "burden of proof." The same objection still appears, as before, in response to RFP Nos. 15, 16, 17, 18, 19. | Objections overruled. Asserting the opposing party has the "Burden of Proof" is not a valid objection to discovery. |
| RFP Nos. 5, 8, 11, 12, 13, 14, 23, 24, 25, 27, 30, 31, 35, 41, 44, 46 (to Bitters):: produce documents to support Plaintiff's claims. Defendant's amended responses assert that Bitters does not have responsive documents "in his possession" or custody or control but appear to take a very limited definition of these words rather than the legally broad definition that includes agents, bankers, accountants, secretaries, computers, archives, etc.<br><br>RFP Nos. 1 – 51 (to Boland): Same. | In the amended responses submitted on Dec. 17, 2017, Bitters stated that he did not have "possession, custody, or control" of responsive documents regarding RPF Nos. . . . ..Plaintff believes Bitters has defined this to mean in his own personal hands at a given moment in time rather than use the legally required definition under which he must check his computers, archives, secretary, banker, accountant, phone company, and other agents. | Defendants Bitters and Boland shall thoroughly search his records for responsive documents. Defendants Bitters and Boland shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Defendants Bitters and Boland shall state what requests were made to facilitate a thorough search. Bitters shall also state whether a search of electronic information (email, text messages, Facebook, computer hard drives, etc) was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything.<br><br>Defendants Bitters and Boland shall produce any responsive records found. If no additional records were found, each Defendant shall state that despite the search efforts made, no additional responsive records were found. The statement of search efforts made and the results of those efforts, and it shall be signed under oath by Bitters as to his responses, and signed under oath by Boland as to his. |
| All (to Bitters): | The Defendant objects on basis of relevance, under Rule 26(b) of the Federal | Objection overruled. The requests are relevant. |

| | Rules of Civil Procedure, relevance remains the touchstone of discoverability—information remains discoverable if it is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (2015). | |
|---|---|---|
| **The Promissory Note** | | |
| <u>RFA NO. 5 (to Bitters)</u>: Please admit that the amount of the funds that Defendant advised, persuaded, and/or encouraged Ms. Petersen to loan $150,000 to John L. Henry under a Promissory Note | Bitters answered: "Admit to the extent that the amount contemplated by the promissory note in question was $150,000. Defendant denies that he advised, persuaded, and/or encouraged Ms. Petersen to loan $150,000. To the extent the issue is the loan amount. The promissory note speaks for itself. | Read together, Bitters admits to the extent that the amount contemplated by the promissory note in question was $150,000, but denies that he advised, persuaded, and/or encouraged Ms. Petersen to loan $150,000. Bitters shall re-serve his responses to requests for admission so the entire response is included in one document. |
| <u>INTERROGATORY NO. 3 (to Bitters)</u>: Is it the contention of any of the defendants that the Promissory Note of February 8, 2008, a copy of which appears in the First Amended Complaint in paragraph 13, was not signed by John L. Henry? | Defendant Bitters responds that he did not observe John H. Henry signing the promissory note." | To the extent Defendant saw Henry sign the promissory note <u>or</u> recognizes his signature, Defendant must answer the interrogatory. |
| <u>PLAINTIFF'S INTERROGATORY NO. 5 (to Bitters)</u>: State the time when and place where John L. Henry signed the Promissory Note. | Bitters answered: "Defendant objects to the interrogatory assumes facts not in evidence, namely, that Defendant William E. Bitters has personal knowledge as to whether John H. Henry (sic) signed the promissory note and that Williams E. Bitters is familiar with John H. Henry's (sic) signature. Subject to, and without waiving the aforementioned objections, Defendant believes the note was executed at a branch of Bank of Omaha. | Objection overruled. If Defendant has additional information responsive to this interrogatory, (e.g., date and time of signing), he must provide that information. |

| | | |
|---|---|---|
| PLAINTIFF'S INTERROGATORY NO. 12 (to Bitters): With respect to each communication of whatever type that was mailed and/or received via the US Postal Service by You which related to the Promissory Note, please state: the date; parties to the communication; substance of the communication; whether the communication is in Your possession. | Defendant Bitters responded that he is unaware of any mail or correspondence about the Promissory Note. | Defendant Bitters shall thoroughly search his records for responsive information. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to locate information, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. If no additional information is found, Bitters shall state that despite the search efforts made, no additional responsive information was found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| PLAINTIFF'S INTERROGATORY NO. 18 (to Bitters): Describe all transactions in which You arranged for, advised any party on, drafted documents for, and/or otherwise facilitated John L. Henry's receipt of funds from an investor through a promissory note or another method. | Bitters responded. "Defendant did not arrange for, advise any party on, and/or otherwise facilitate for John Henry to received funds. Defendant introduced John Henry to Ms. Petersen and Mr. Nelson and when those parties decided to enter into loan transaction, Defendant prepared promissory notes for them by copying the promissory note of the Bank of Omaha." | Defendant Bitters shall supplement this response to include all means by which Bitters facilitated Henry's receipt of funds from an investor. |
| RFP NO. 1 (to Bitters): Produce documents related in any way to the Promissory Note, Ms. Petersen, and Ms. Petersen's former husband (Mr. Scoggins) including all statements made by You to any one or more of them, any investments and/or annuities made or managed by You on their behalf, and any financial transactions. | Bitter responded that he did not manage annuity. Plaintiff's investments were in Fixed Index Annuity Contracts and did not require managing. Plaintiff is in possession of said Fixed Index Annuity Contracts and the Estate of Joyce Peterson has liquidated those contracts."Defendant did not manage investments/annuities for Ms. Petersen and/or Ms. Petersen's husband. Plaintiff's investments were in fixed indexed annuities contracts and did not require | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts |

| | | |
|---|---|---|
| | managing.Prior to this litigation and during the probate of the Estate of Joyce Rosamond Petersen, Defendant released Ms. Petersen and Mr. Scoggins' entire investment file to Plaintiff's counsel, James H. McMenamy, and did not retain any copies. The Estate of Joyce Rosamond Petersen liquidated the aforementioned investments. Plaintiff should therefore be in possession of all documents related to the fixed indexed annuities contracts. All other 'statements' made by Defendant to Ms. Petersen and/or Mr. Scoggins were made orally, and Defendant has no record of such statements."<br><br>He guided Ms. Petersen through the Promissory Note that he drafted but has not produced even drafts of that document or any correspondence with any party about it. | made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| RFP NO. 27 (to Bitters): Produce all instructions that You and/or Robert W. Boland gave to John L. Henry with respect to making repayments to Ms. Petersen, Mr. Nelson, and/or any other investor. | On Dec. 17 2017, Bitters amended his response as follows: "Defendant contacted John L. Henry via phone on multiple occasions and demanded that he repay Mr. Nelson and Ms. Petersen. However, Defendant has no documents in his possession, custody, or control that are responsive to this request." | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |

| | | |
|---|---|---|
| <u>RFP NO. 41 (to Bitters):</u> Produce a copy of all of your receipts – or other documents showing proof – of your stay at the Comfort Inn & Suites at 7007 Grover Street in Omaha, Nebraska from December 2008 to June 2012. | Bitters responded, "None in Defendant's possession." | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| <u>RFP NO. 49 (to Bitters):</u> Produce a copy of any document related to Your search for a guarantor, or the need for one, to protect Ms. Petersen's interests in the Promissory Note issued by John L. Henry. | Bitters responded, "None."<br><br>In an amended response dated Dec. 17, 2017, Bitters responded: "Defendant is not in possession, custody, or control of any documents that are responsive to this request." | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| <span style="color:blue">**Communications**</span> | | |
| <u>PLAINTIFF'S INTERROGATORY NO. 10 (to Bitters):</u> Have You had any conversations with the each of John L. | Bitters answered: "I have reviewed Plaintiff's allegations in this lawsuit with Robert W. Boland and our attorney." | Defendant Bitters shall thoroughly search his records for responsive information. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., |

| | | |
|---|---|---|
| Henry and Robert W. Boland in regard to the Promissory Note?<br><br>PLAINTIFF'S INTERROGATORY NO. 11 (to Bitters): If the answer to the preceding interrogatory is in the affirmative, state in detail the entire contents of each such correspondence or conversation between You and the each of John L. Henry and Robert W. Boland including the date, time and place, contents, and witnesses thereto. | Amended response: "I have reviewed Plaintiff's allegations in this lawsuit with Robert W. Boland and our attorney. Furthermore, prior to this lawsuit I asked John Henry to repay his debt to Ms. Joyce Petersen and Mr. Clarence Nelson." | accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to locate information, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. If no additional information is found, Bitters shall state that despite the search efforts made, no additional responsive information was found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters.<br><br>Bitters need not describe, or list on any privilege log, conversations with counsel or in counsel's presence regarding the claims and defenses raised in this case, but as to conversations between only the defendants, such conversations are not attorney-client privileged communications. These conversations must be described as requested in the interrogatory unless Defendants claim the conversations are entitled to work product protection. Any such work product conversations must be identified on a privilege log. |
| PLAINTIFF'S INTERROGATORY NO. 12 (to Bitters): With respect to each communication of whatever type that was mailed and/or received via the US Postal Service by You which related to the Promissory Note, please state: the date; parties to the communication; substance of the communication; whether the communication is in Your possession. | Bitters responded that he thinks there might have been emails, but Defendant was not able to locate any of them after diligence search. | Defendant Bitters shall thoroughly search his records for responsive information. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to locate information, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. If no additional information is found, Bitters shall state that despite the search efforts made, no additional responsive information was found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| INTERROGATORY NO. 7 (to Boland): Have You had any conversations with the | Boland responded, "Defendant has reviewed Plaintiff's allegations in this | Defendant Boland shall thoroughly search his records for responsive information. Boland shall describe what was searched, including the |

| | | |
|---|---|---|
| each of John L. Henry and William Bitters in regard to the Promissory Note?<br><br><u>INTERROGATORY NO. 8 (to Boland):</u> If the answer to the preceding interrogatory is in the affirmative, state in detail the entire contents of each such correspondence or conversation between You and the each of John L. Henry and William Bitters including the date, time and place, contents, and witnesses thereto. | lawsuit with William Bitters and the undersigned attorney. I have never spoken with John L. Henry."<br><br>Amended response dated Dec. 18, 2017: "Defendant objects to this request on basis of attorney client privilege. Subject to the foregoing objections, Defendant has reviewed Plaintiff's allegations in this lawsuit with William Bitters and the undersigned attorney. I have never spoken with John L. Henry." | persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to locate information, Boland shall state what requests were made to facilitate a thorough search. Boland shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. If no additional information is found, Boland shall state that despite the search efforts made, no additional responsive information was found. The statement of search efforts made and the results of those efforts shall be signed under oath by Boland.<br><br>Boland need not describe, or list on any privilege log, conversations with counsel or in counsel's presence regarding the claims and defenses raised in this case, but as to conversations between only the defendants, such conversations are not attorney-client privileged communications.  These conversations must be described as requested in the interrogatory unless Defendants claim the conversations are entitled to work product protection. Any such purported work product conversations must be identified on a privilege log. |
| <u>RFA NO. 27 (to Bitters):</u> Please admit that Defendant has exchanged communications by email with John L. Henry at any time over the past 10 years. | Bitters answered: "Deny. Defendant is not in possession of any email between him and John Henry. Notably, John Henry does not even have an email."<br><br>In amended response of Dec . 15, 2017, Defendant wrote "admit to the extent that Defendant thinks he could have exchanged emails with John L. Henry at some point over the pats 10 years; however, Defendant made a reasonable inquiry by searching through his emails and found no records of such communication." | Reading Bitters' separate responses together, Bitters has fully responded the Request for Admission, but he shall further state and explain how his email was searched, what email accounts were searched, who searched them, how that search was conducted, and what was found, if anything.<br><br>Bitters shall re-serve his responses to requests for admission so the entire response is included in one document. |

| | | |
|---|---|---|
| RFP NO. 2 (to Bitters): Produce all communications exchanged between You and John L. Henry from February 1, 2007 to the present. | Bitters responded, Defendant is not in possession of any written or electronic communication with John Henry." | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall produce any additional responsive records found. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. If no additional records were found, Bitters shall state that despite the search efforts made, no additional responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| RFP NO. 14 (to Bitters): Produce any communication to Ms. Petersen, Robert Boland, or any other person in which You discussed John L. Henry's ability and/or willingness to pay Plaintiff the amount due under the Promissory Note. | Bitters responded, "None at this time, Defendant reserves the right to supplement." | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any additional responsive records found. If no additional records were found, Bitters shall state that despite the search efforts made, no additional responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |

| | | |
|---|---|---|
| **RFP NO. 30 (to Bitters):** Produce any communication in which You and/or Robert Boland asked John L. Henry to provide: proof of financial ability to repay the Promissory Note, credit history, proof of salary, proof of wages, and/or references. | Bitters responded that this Request is directed at documents which may contain personal and financial information of individuals who are not parties to this lawsuit, and which may be protected by privilege. To the extent that Defendant is in possession of documents responsive to this Request, he would agree to produce them upon the entry of an Order from the Court, or upon the receipt of a valid written consent from all interested parties.<br><br>In amended responses on Dec. 17, 2017, Bitters stated: "Defendant does not have any documents in his possession, custody, or control that are responsive to this request." | Objection sustained in part. Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything.<br><br>Bitters shall produce any additional responsive records found subject to a protective order if the personal information of third parties is included within the responsive document. If no additional records were found, Bitters shall state that despite the search efforts made, no additional responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters.<br><br>Any information which may include personal anfd financial information of third parties must not be disclosed absent a protective order.<br><br>Counsel shall submit a proposed protective order to the court for consideration. |
| **RFA NO. 28 (to Bitters):** Please admit that Defendant has exchanged communications by email with Robert Boland at any time over the past 10 years regarding Ms. Petersen, John L. Henry, and/or the transaction by which Ms. Petersen loaned funds to John L. Henry. | Defendant's amended response of Dec. 15, 2017 wrote "Admit to the extent that there are privileged communications between Defendant, Robert Boland and the undersigned counsel that postdate the present lawsuit. Otherwise deny." | Bitters has fully responded the Request for Admission, but he shall further state and explain how his email was searched, what email accounts were searched, who searched them, how that search was conducted, and what was found, if anything.<br><br>Bitters shall re-serve his responses to requests for admission so the entire response is included in one document. |
| **RFP NO. 3 (to Bitters):** Produce all communications exchanged between You and Robert W. Boland from February 1, 2007 to the present that discussed, directly | | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in |

| | | |
|---|---|---|
| or indirectly, any aspect of transactions involving Ms. Petersen, Clarence Nelson, and any other investor or client who provided any form of Consideration to John L. Henry. | | his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything.<br><br>Bitters shall produce any additional responsive records found. If no additional records were found, Bitters shall state that despite the search efforts made, no additional responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| RFA NO. 44 (to Bitters): Please admit that Defendant advised Ms. Henry (sic) to use funds from her annuity to make a loan to John L. Henry through a Promissory Note. | In an amended response of Dec. 15, 2017, Defendant wrote, "Deny to the extent that "Ms. Henry' is meant to be read Ms. Petersen." | Bitters must state whether he advised Ms. Peterson to use funds from her annuity to make a loan to John L. Henry through a Promissory Note.<br><br>Bitters shall re-serve his responses to requests for admission so the entire response is included in one document. |
| RFA NO. 46 (to Bitters): Please admit that Defendant did not advise Ms. Petersen to protect her interests in the Promissory Note through a guarantor. | In an amended answer dated Dec. 15, 2017, Defendant wrote, "Defendant cannot deny or admit because Defendant had no duty to Ms. Petersen with respect to the alleged loan transaction." | Bitters must state whether he advised Ms. Petersen to protect her interests in the Promissory Note through a guarantor.<br><br>Bitters shall re-serve his responses to requests for admission so the entire response is included in one document. |
| RFP NO. 21 (to Bitters): Produce any and all communications from You to Ms. Petersen and/or her deceased husband from February 1, 2005 to present. | In an amended response dated Dec. 17, 2017, Bitters answered as follows: "Defendant is not in possession of any written or otherwise recorded communications between Defendant and Ms. Petersen and/or her deceased husband from February 1, 2005 to present." | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts |

| | | made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
|---|---|---|
| RFP NO. 31 (to Bitters): Produce telephone records and/or logs, in Your possession or obtained by You from your telephone service provider, showing any calls to or from You and John L. Henry, Ms. Petersen, Ms. Petersen's daughter, and/or Robert W. Boland.<br><br>RFP NO. 31 (to Boland): Produce telephone records and/or logs, in Your possession or obtained by You from your telephone service provider, showing any calls to or from You and (a) John L. Henry at any time; (b) Ms. Petersen at any tine [sic]; (c) Ms. Petersen's daughter at any time; and/or (d) William Bitteres [sic] with respect to John L. Henry, Clarence Nelson, and/or Ms. Petersen | Defendants state they do not have any documents in his possession, custody, or control which are responsive to this request. Additionally, Defendants do not recall which phone lines would have been used to call or receive calls from John L. Henry, Ms. Petersen, Ms. Petersen's daughter, and/or Robert W. Boland." | Plaintiff shall promptly collect and serve on defense counsel any telephone numbers relevant to this request (e.g. Ms. Peterson's number(s), her daughter(s)'s numbers, etc.).<br><br>Defendants Bitters and Boland shall thoroughly search his records for responsive documents. Defendants Bitters and Boland shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., a telephone company, accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Defendants Bitters and Boland shall state what requests were made to facilitate a thorough search.<br><br>After comparing the relevant telephone numbers to Bitters' and Boland's telephone records, Defendants Bitters and Boland shall produce any responsive records found. If no records were found, each Defendant shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts, and it shall be signed under oath by Bitters as to his responses, and signed under oath by Boland as to his.<br><br>Production pursuant to these requests should cover the period between January 1, 2007 and present. |
| RFP NO. 35 (to Bitters): Produce a copy of any journal, blog, diary, notebook, Word document, or other document in which you recorded notes that were related in any way to the Promissory Note including but not limited to conversations with Ms. Petersen and/or her daughter. | None in Defendant's possession.<br><br>To the extent that Ms. Petersen's investments are related to the Promissory Note, prior to this litigation and during the probate of the Estate of Joyce Rosamond Petersen, Defendant released Ms. Petersen and Mr. Scoggins' entire investment file to Plaintiff's counsel, James H. McMenamy, and did not retain any | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall |

| | copies. Defendant does not have any documents in his possession, custody, or control that are responsive to this request." | be signed under oath by Bitters. |
|---|---|---|
| RFP NO. 45 (to Bitters): Produce a copy of all communications that you have sent to or received from the estate of Ms. Petersen, her heirs, and/or her children after Ms. Petersen passed away. | None in Defendant's possession.<br><br>In an amended response on Dec. 17, 2017, Bitters answered: "Prior to this litigation and during the probate of the Estate of Joyce Rosamond Petersen, Defendant released Ms. Petersen and Mr. Scoggins' entire investment file to Plaintiff's counsel, James H. McMenamy, and did not retain any copies. The Estate of Joyce Rosamond Petersen liquidated the aforementioned investments. Plaintiff should therefore be in possession of all documents relating to the communications with Ms. Petersen, her heirs, and/or her children. | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall search his email, explaining who performed the search, how the search was done, and what documents were found.<br><br>Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| RFP NO. 25 (to Bitters): Produce any and all faxes, emails, and letters – or copies thereof – sent to or received from John L. Henry and/or Robert W. Boland. | None at this time, Defendant reserves the right to supplement.<br><br>Defendant did not communicate with Robert W. Boland regarding the transactions involving Ms. Petersen, Clarence Nelson, or any other person involved in a transaction with John L. Henry prior to the commencement of this lawsuit. This is because Robert W. Boland is not a partner of William E. Bitters and had no involvement with the events giving rise to this suit. All such privileged communications occurring after the commencement of this lawsuit are being withheld pursuant to the attorney-client privilege. With respect to John L. Henry, | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall search his email, explaining who performed the search, how the search was done, and what documents were found.<br><br>Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters.<br><br>Production pursuant to this request should cover the period between January 1, 2007 to present. |

| | Defendant does not have any documents in his possession, custody, or control that are responsive to this request." | |
|---|---|---|
| RFP NO. 26 (to Bitters): Produce any and all faxes, emails, and letters – or copies thereof – sent to or received from Robert W. Boland that had any connection, direct or indirect, to any one of John L. Henry, Ms. Petersen, Clarence Nelson, and any other investor who provided Consideration to John L. Henry.<br><br>RFP NO. 26 (to Boland): Produce any and all faxes, emails, and letters – or copies thereof – sent to or received from William Bitters that had any connection, direct or indirect, to any one of John L. Henry, Ms. Petersen, Clarence Nelson, and any other investor who provided Consideration to John L. Henry. | None at this time, Defendant reserves the right to supplement."<br><br>Defendant did not communicate with Robert W. Boland regarding the transactions involving Ms. Petersen, Clarence Nelson, or any other person involved in a transaction with John L. Henry prior to the commencement of this lawsuit. This is because Robert W. Boland is not a partner of William E. Bitters and had no involvement with the events giving rise to this suit. All such privileged communications occurring after the commencement of this lawsuit are being withheld pursuant to the attorney-client privilege." | Defendants shall thoroughly search their records for responsive documents. They shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in their control even if not in their current possession or custody. If outside persons were contacted to obtain records, they shall state what requests were made to facilitate a thorough search. They shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. They shall produce any responsive records found.  If no records were found, each Defendant shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts, and it shall be signed under oath by Bitters as to his responses, and signed under oath by Boland as to his.<br><br>Production pursuant to this request  should cover the period between January 1, 2007 to present. |
| General Income. | | |
| INTERROGATORY NO. 13 (to Boland) : Identify by name and address of each bank that you used to transfer, deposit, or withdraw funds received from or given to the each of William Bitters and John L. Henry. | Amended response dated Dec. 18, 2017: " None because I have never received or given money to William Bitters and John L. Henry." | Defendant Boland appears to have fully responded to the interrogatory.<br><br>However, Defendant Boland shall thoroughly search his records for responsive information. Boland shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to locate information, Boland shall state what requests |

| | | were made to facilitate a thorough search. Boland shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. If no additional information is found, Boland shall state that despite the search efforts made, no additional responsive information was found. The statement of search efforts made and the results of those efforts shall be signed under oath by Boland. |
|---|---|---|
| RFP NO. 6 (to Bitters): Produce Your W-2 forms from 2007 to the present.  You may redact any financial account numbers or Social Security Numbers.<br><br>RFP NO. 6 (to Boland): Produce Your W-2 forms from 2007 to the present.  You may redact any financial account numbers or Social Security Numbers. | Plaintiff has provided no basis, other than unsubstantiated allegations, that Defendant received payment from Ms. Petersen, Mr. Scoggins, the Nelsons, or anyone else allegedly defrauded by John L. Henry." | Objection sustained. Plaintiff has failed to show the documentation of specific payments does not sufficiently address the issue of money received from the Ms. Petersen, Mr. Scoggins, the Nelsons, or anyone else allegedly defrauded by John L. Henry.<br><br>This request is not proportionate to the needs of the case. |
| RFP NO. 7 (to Bitters):  Produce Your income tax returns from 2007 to the present.  You may redact any financial account numbers or Social Security Numbers.<br><br>RFP NO. 7 (to Boland):  Produce Your income tax returns from 2007 to the present.  You may redact any financial account numbers or Social Security Numbers. | Defendant further objects to this request as it constitutes an impermissible fishing expedition, as Plaintiff has provided no basis, other than unsubstantiated allegations, that Defendant received payment from the Ms. Petersen, Mr. Scoggins, the Nelsons, or anyone else allegedly defrauded by John L. Henry." | Objection sustained. Plaintiff has failed to show the documentation of specific payments does not sufficiently address the issue of money received through Defendant's alleged misconduct.<br><br>This request is not proportionate to the needs of the case. |
| RFP NO. 9 (to Bitters): Produce financial statements showing profits and/or revenue for United Financial Information Services, UFIS, and United Financial Services from | In an amended response on Dec. 17, 2017, Bitters wrote: "Defendant objects on the basis of relevance, under Rule 26(b) of the Federal Rules of Civil Procedure; relevance remains the touchstone of discoverability— | Objection sustained. Plaintiff has failed to show the documentation of specific payments does not sufficiently address the issue of money received through Defendant's alleged misconduct.<br><br>This request is not proportionate to the needs of the case. |

| | | |
|---|---|---|
| February 1, 2007 to the present. | information remains discoverable if it is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).<br><br>Defendant further objects to this request as it constitutes an impermissible fishing expedition. | |
| RFP NO. 10 (to Bitters): Produce all pay stubs and documents showing any salary, profits, or revenue earned by You from February 1, 2007 to present.<br><br>RFP NO. 10 (to Boland): Produce all pay stubs and documents showing any salary, profits, or revenue earned by You from February 1, 2007 to present. | In an amended response on Dec. 17, 2017, Bitters wrote: " Defendant objects on the basis of relevance, under Rule 26(b) of the Federal Rules of Civil Procedure; relevance remains the touchstone of discoverability—information remains discoverable if it is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Defendant further objects to this request as it constitutes an impermissible fishing expedition. | Objection sustained. Plaintiff has failed to show the documentation of specific payments does not sufficiently address the issue of money received through Defendant's alleged misconduct.<br><br>This request is not proportionate to the needs of the case. |
| **Payments** | | |
| RFP NO. 5 (to Bitters): Produce a copy of Your bank account statements showing funds received from Ms. Petersen, Mr. Nelson, and any investor or lender who provided Consideration in any manner to John L. Henry. | Bitters responded that he did not receive any funds from Ms. Petersen, Mr. Nelson, and/or any investor or lender who provided Consideration in any manner to John L. Henry. Defendant therefore has not documents in his possession, custody, or control that are responsive to this request." | Bitters must confirm this response and, if true, sign under oath that no such documents exist. |
| RFP NO. 8 (to Bitters): Produce documents showing any payments and/or Consideration made to You by John L. Henry including amount paid; dates of payment; whether payments were made by cash, check, money order, or otherwise; and whether a receipt was given for any | Defendants state they have no documents in their possession, custody, or control responsive to this request, as they have never received any payments and/or consideration from John L. Henry." | Defendants must confirm this response and, if true, sign under oath that no such documents exist. |

| | | |
|---|---|---|
| such payments.<br><br><u>RFP NO. 8 (to Boland)</u>: Produce documents showing any payments and/or Consideration made to You by John L. Henry including amount paid; dates of payment; whether payments were made by cash, check, money order, or otherwise; and whether a receipt was given for any such payments. | | |
| <u>RFA NO. 63 (to Bitters)</u>: Please admit that Defendant received commissions, kickback, and/or Consideration from Ms. Petersen (sic) for his role in arranging for Ms. Petersen's loan of $150,000 to John L. Henry. | Bitters's amended response of Dec. 15, 2017 says, "Deny as written and deny to the extent that 'Ms. Petersen' should read as Mr. Henry | Bitters must state whether he received commissions, kickback, and/or Consideration from Mr. Henry for his role in arranging for Ms. Petersen's loan of $150,000 to John L. Henry.<br><br>Bitters shall re-serve his responses to requests for admission so the entire response is included in one document. |
| <u>RFA NO. 78 (to Bitters)</u>: Please admit that Defendant did not inform Ms. Petersen that Defendant was receiving or going to receive Consideration from John L. Henry | In his amended response of Dec. 15, 2017, Defendant wrote "Deny to the extent that Defendant neither received nor intended to receive consideration from John Henry." | Bitters states he neither received nor intended to receive consideration from John Henry and therefore admits he did not inform Ms. Petersen that Defendant was receiving or going to receive Consideration from John L. Henry.<br><br>Bitters shall re-serve his responses to requests for admission so the entire response is included in one document. |
| <u>RFP NO. 11 (to Bitters)</u>: Produce any document showing any payment of any Consideration made by You to Ms. Petersen at any time. | On Dec. 17, 2017, Bitters responded: "Defendant has no documents in his possession, custody, or control responsive to this request, as Defendant has never made any payments and/or consideration to Ms. Petersen." | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts |

| | | made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
|---|---|---|
| RFP NO. 12 (to Bitters): Produce any document showing any payment of any Consideration from You to Robert W. Boland at any time with respect to any aspect of any transaction involving Ms. Petersen, Clarence Nelson, and any other investor who gave Consideration to John L. Henry. | In an amended response on Dec. 17, 2017, Bitters wrote: "Defendant has no documents in his possession, custody, or control responsive to this request, as Defendant has never made any payments and/or consideration to Robert W. Boland at any time with respect to any aspect of any transaction involving Ms. Petersen, Clarence Nelson, and any other person who gave consideration to John L. Henry." | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| RFP NO. 13 (to Bitters): Produce any document showing any payment or receipt of any Consideration by You to or from John L. Henry at any time. | On Dec. 17, 2017, Bitters submitted the following amended response: "Defendant has no documents in his possession, custody, or control responsive to this request, as Defendant has never made any payments and/or consideration to John L. Henry at any time nor has he received any payments and/or consideration from John L. Henry at any time." | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| RFP NO. 24 (to Bitters): Produce all bank statements showing transfers, deposits, | Defendant states: As written, the request is vague and overly broad, as 'associated in | Objection sustained. The request is overbroad. |

| | | |
|---|---|---|
| and/or withdrawal of funds in connection with any investor or client of Yours who was associated in any manner with John L. Henry. | any manner with John L. Henry' is not defined.<br><br>Subject to and without waiving the foregoing objections, the only connection between John L. Henry and Defendant's clients and investors occurred in approximately 2007 when John L. Henry told Defendant that he was seeking a business loan and needed an accountant to perform an audit as part of the loan application process. John L. Henry hired one of Defendant's clients, Jane Strong, who was an accountant to perform the audit. From time to time, Defendant would visit Henry's office where the audit was taking place and saw the financial documents the accountant was compiling, and also spoke with the accountant about the audit and John L. Henry's financial condition. However, Defendant has not documents in his possession, control, or custody responsive to this request. | |
| **Denial of claims** | | |
| <u>PLAINTIFF'S INTERROGATORY NO. 14 (to Bitters):</u> If You deny liability on the breach of fiduciary duty claim of the Plaintiff, as alleged in the First Cause of Action in the First Amended Complaint, state fully and in detail the reasons therefore and any and all facts in support thereof. | Bitters objects, stating "Plaintiff has the burden of proof." | Objection overruled. Bitters must fully respond to this interrogatory. |

| | | |
|---|---|---|
| <u>PLAINTIFF'S INTERROGATORY NO. 15 (to Bitters)</u>: If You deny liability on the negligence and gross negligence claim of the Plaintiff, as alleged in the Second Cause of Action in the First Amended Complaint, state fully and in detail the reasons therefore and any and all facts in support thereof. | Bitters objects, stating: "Plaintiff has the burden of proof." | Objection overruled. Bitters must fully respond to this interrogatory. |
| <u>INTERROGATORY NO. 11 (to Boland)</u> : If You deny liability on the negligence and gross negligence claim of the Plaintiff, as alleged in the Second Cause of Action in the First Amended Complaint, state fully and in detail the reasons therefore and any and all facts in support thereof. | Boland objects, stating: "Plaintiff has the burden of proof." | Objection overruled. Boland must fully respond to this interrogatory. |
| <u>RFP NO. 15 (to Bitters)</u> : If You deny liability on the breach of fiduciary duty claim of the Plaintiff, as alleged in the First Cause of Action in the First Amended Complaint, produce all documents that detail the reasons therefore and any and all facts in support thereof.<br><br><u>RFP NO. 15 (to Boland)</u>:  As a partner and/or business associate of William Bitters, if You deny liability on behalf of any defendant for the breach of fiduciary duty claim of the Plaintiff, as alleged in the First Cause of Action in the First Amended Complaint, produce all documents that detail the reasons therefore and any and all facts in support thereof | Bitters and Boland object, stating: "Plaintiff has the burden of proof." | Objection overruled. Defendants must fully respond to this request for production. |

| | | |
|---|---|---|
| RFP NO. 16 (to Bitters): If You deny liability on the negligent misrepresentation claim of the Plaintiff, as alleged in the Third Cause of Action in the First Amended Complaint, produce all documents that detail the reasons therefore and any and all facts in support thereof. | Bitters objects, stating: "Plaintiff has the burden of proof." | Objection overruled. Bitters must fully respond to this request for production. |
| RFP NO. 17 (to Bitters): If You deny liability on the breach of contract claim of the Plaintiff, as alleged in the Fourth Cause of Action in the First Amended Complaint, produce all documents that detail the reasons therefore and any and all facts in support thereof. | Bitters objects, stating: "Plaintiff has the burden of proof." | Objection overruled. Bitters must fully respond to this request for production. |
| RFP NO. 18 (to Bitters):    If You deny liability on the breach of implied duty of good faith and fair dealing claim of the Plaintiff, as alleged in the Fifth Cause of Action in the First Amended Complaint, produce all documents that detail the reasons therefore and any and all facts in support thereof. | Bitters objects, stating: "Plaintiff has the burden of proof." | Objection overruled. Bitters must fully respond to this request for production. |
| RFP NO. 19 (to Bitters): If You deny liability on the fraud claim of the Plaintiff, as alleged in the Sixth Cause of Action in the First Amended Complaint, produce all documents that detail the reasons therefore and any and all facts in support thereof. | Bitters objects, stating: "Plaintiff has the burden of proof." | Objection overruled. Bitters must fully respond to this request for production. |

## Nelson Files

| | | |
|---|---|---|
| INTERROGATORY NO. 19 (to Bitters): | Bitters responded, "Defendant did not | Defendant appears to have fully responded to this interrogatory. |

| | | |
|---|---|---|
| Describe Your role in facilitating John L. Henry's receipt of funds from Clarence G. Nelson. | arrange for, advise any party on, and/or otherwise facilitate for John Henry to received funds. Defendant introduced John Henry to Ms. Petersen and Mr. Nelson and when those parties decided to enter into loan transaction, Defendant prepared promissory notes for them by copying the promissory note of the Bank of Omaha." | However, Defendant Bitter shall thoroughly search his records for responsive information. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to locate information, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. If no additional information is found, Bitters shall state that despite the search efforts made, no additional responsive information was found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| RFP NO. 22 (to Bitters): Produce any document that relates to Clarence Nelson including but not limited to any promissory note and/or repayment obligation signed by John L. Henry, any Nondurable Power of Attorney, emails/letters/faxes to or from You and Mr. Nelson, emails/letter/faxes to or from You and John L. Henry, emails/letters/faxes to or from You and Robert Boland, and other documents. | Bitters answered: "All the requested documents are available under the Cause No. 15- CV-4077-CJW in the United States District Court for the Northern District of Iowa Western Division.<br><br>In an amended response on Dec. 17, 2017, Bitters responded: " All the requested documents are available under Cause No. 15-CV-4077-CJW in the United States District Court for the Northern District of Iowa Western Division. In said case, the plaintiff alleged claims identical to the ones in the presence lawsuit. The only documents in Defendant's possession, custody, or control which are responsive to this request are Defendant's discovery responses in the aforementioned lawsuit: | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any additional responsive records found. If no additional records are found, Bitters shall state that despite the search efforts made, no additional responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |

| | William E. Bitters' Answers to Plaintiffs' Interrogatories, William E. Bitters' Responses to Plaintiffs' Request for Production of Documents and associated productions, and William E. Bitters' Responses to Plaintiffs' Request for Admissions. See attached." | |
|---|---|---|
| RFP NO. 23 (to Bitters): Produce all bank statements showing transfers, deposits, and/or withdrawal of funds in connection with Clarence Nelson. | Bitters responded, "None at this time, Defendant reserves the right to supplement."<br><br>"Defendant does not have any documents in his possession, custody, or control that are responsive to this request." | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| RFP NO. 50 (to Bitters): Produce a copy of any emails/faxes/letters to or from You and Aaron Rodenburg regarding Clarence Nelson. | Bitters responded, "None in Defendant's possession."<br><br>Defendant is not in possession, custody, or control of any documents that are responsive to this request. | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath |

| | | by Bitters. |
|---|---|---|
| **Trial Exhibits** | | |
| RFA NO. 1 (to Bitters): Please admit that all documents produced by Defendant – or that will be produced – are true and authentic copies | Bitters responded that Defendant can neither admit nor deny the authenticity of unknown, unidentified documents that have not yet been produced."<br><br>Bitters admits the documents received thus far are authentic. | Except to the extent that there are actual and currently known issues as to, e.g., the authenticity of signatures, etc., the parties agree that the authenticity of documents will be resolved when the trial exhibits are listed at the pretrial conference. |
| RFA NO. 17 (to Bitters): Please admit that the image of the Promissory Note copied in paragraph 13 of Plaintiff's First Amended Complaint is a true and accurate representation of the Promissory Note signed by John L. Henry and that it contains Mr. Henry's signature. | Bitters answered: "Defendant can neither admit nor deny this request, as pleadings are not evidence."<br><br>In amended response of Dec. 15, 2017, Defendant says "Deny." | Except to the extent that there are actual and currently known issues as to, e.g., the authenticity of signatures, etc., the parties agree that the authenticity of documents will be resolved when the trial exhibits are listed at the pretrial conference. |
| RFA NO. 18 (to Bitters): Please admit the image of the check copied in paragraph 18 of Plaintif's First Amended Complaint is a true and accurate representation of the check issued to John L. Henry by Ms. Petersen as Defendant observed it. | Bitters answered: "Defendant can neither admit nor deny this request, as pleadings are not evidence."<br><br>Defendant kept the same answer that he "can neither admit nor deny this request" but elaborated further that Defendant has not seen the check before this proceeding. | Except to the extent that there are actual and currently known issues as to, e.g., the authenticity of signatures, etc., the parties agree that the authenticity of documents will be resolved when the trial exhibits are listed at the pretrial conference. |
| RFA NO. 1 (to Boland): Please admit that all documents produced by Defendant – or that will be produced – are true and authentic copies. | Boland answered: "Defendant can neither admit nor deny the authenticity of unknown, unidentified documents that have not yet been produced."<br><br>In an amended response submitted on Dec. 15, 2017, Boland wrote, "Admit with respect to the documents already | Except to the extent that there are actual and currently known issues as to, e.g., the authenticity of signatures, etc., the parties agree that the authenticity of documents will be resolved when the trial exhibits are listed at the pretrial conference. |

| | produced; otherwise, Defendant cannot admit nor deny because Defendant is not in possession of any documents responsive to Plaintiff's discovery requests." | |
|---|---|---|
| PLAINTIFF'S INTERROGATORY NO. 8 (to Bitters): Identify each document or tangible thing that you intend to present as an exhibit at the trial of this action. | Bitters answered: " See the attached. Defendant reserve the right to supplement this response." | Bitters shall serve copies of all exihibits he intends to use at trial, and he shall promptly supplement his disclosures as additional information is received. |

## Witness Locations

| | | |
|---|---|---|
| INTERROGATORY NO. 6 (to Bitters): State the name and address of each person now known by You to be familiar with any of the matters referred to in the First Amended Complaint, other than those of the defendants specifically named in the First Amended Complaint. | Bitters answered: "See Defendant William Bitters' disclosures." Amended response: Added (Aaron Rodenburg and Torri Criger) (lawyers) and Rose Bush (Allianz Life Insurance Company underwriter) and Jane Strong (current address unknown—l/k/a/ not provided) who audited Henry | All parties shall exchange the most current address known for each potential witness. |
| INTERROGATORY NO. 4 (to Boland): State the name and address of each person now known by You to be familiar with any of the matters referred to in the First Amended Complaint, other than those of the defendants specifically named in the First Amended Complaint. | Boland answered: " See Defendant Robert W. Boland's Disclosures." | All parties shall exchange the most current address known for each potential witness. |
| RFP NO. 28 (to Bitters): Produce any utility bill showing Your current name and residential address as well as your name and residential address as of February 8, 2008.  You may redact any financial account numbers and Social Security | Defendants disclosed their current addresses. | The court finds this request for utility bills is disproportionate to the needs of the case. Defendants shall provide their residential and business addresses dating back to February 8, 2008. |

| | | |
|---|---|---|
| Numbers.<br><br>RFP NO. 28 (to Boland): Produce any utility bill showing Your current name and residential address as well as your name and residential address as of February 8, 2008. You may redact any financial account numbers and Social Security Numbers. | | |
| RFP NO. 29 (to Bitters): Produce any utility bill or financial account statement showing Your current business address as well as your business address as of February 8, 2008. You may redact any financial account numbers and Social Security Numbers.<br><br>RFP NO. 29 /to Boland) Produce any utility bill or financial account statement showing Your current business address as well as your business address as of February 8, 2008. You may redact any financial account numbers and Social Security Numbers | Bitters responded that he does not have a business address.<br><br>Boland disclosed his business address. | The court finds this request for utility bills is disproportionate to the needs of the case. Defendants shall provide their residential and business addresses dating back to February 8, 2008. |
| RFP NO. 36 (to Bitters): Produce the phone number, contact information, address, and name of any witness who has – or might have – information relevant to the allegations in Plaintiff's First Amended Complaint. | Bitters responded, see Defendant's disclosures. | All parties shall exchange the most current address known for each potential witness. |
| RFP NO. 42 (to Bitters): Produce a copy of all documents that state any and all addresses that You possess for Robert W. Boland. | Defendants provided their current residential address and Boland's business address. | The court finds this request is disproportionate to the needs of the case. Defendants shall provide their residential and business addresses dating back to February 8, 2008. |

| | | |
|---|---|---|
| <u>RFP NO. 41 (to Boland)</u>: Produce a copy of all documents that state any and all addresses that You possess for William Bitters. | | |

## Other litigation, claims, and losses

| | | |
|---|---|---|
| <u>RFP NO. 32 (to Bitters)</u>: Produce any pleadings (including but not limited to the complaint, answer, etc.) filed in any court or administrative tribunal in which You were sued or prosecuted by any party for any matter. | On Dec. 17, 2017, Bitters submitted mended responses as follows: "The requested pleadings are associated with Cause No. 15-CV-4077-CJW in the United States District Court for the Northern District of Iowa Western Division. Plaintiff has equal access to any matter that is public record." | Bitters shall draft a written response which identifies every lawsuit for which he was a party.<br><br>The response shall state the name of the case, the forum, the approximate date and the case number. Bitters is not required to collect and serve documents from those cases. If none exist, he shall state so under oath. |
| <u>RFP NO. 33:(to Bitters)</u> Produce a copy of any settlement or release by which You settled, terminated, or resolved any litigation that was pending or prosecuted against You.<br><u>RFP NO. 33 (to Boland)</u>: Produce a copy of any settlement or release by which You and/or William Bitters settled, terminated, or resolved any litigation that was pending or prosecuted against You. | Defendants state that Cause No. 15-CV-4077-CJW in the United States District Court for the Northern District of Iowa Western Division was dismissed with prejudice. Plaintiff has equal access to any matter that is public record. | Bitters and Boland shall draft a written response which identifies every settlement for which he was a party.<br><br>The response shall state the name of the case, the forum, the approximate date and the case number. Defendants are not required to collect and serve documents from those cases. If none exist, he shall state so under oath. |
| <u>RFP NO. 34 (to Bitters)</u>: Produce a copy of any verdicts, judgments, convictions or other judicial determination made against You.<br><u>RFP NO. 34 (to Boland)</u>: Produce a copy of any verdicts, judgments, convictions or other judicial determination made against | Defendants state that Cause No. 15-CV-4077-CJW in the United States District Court for the Northern District of Iowa Western Division was dismissed with prejudice. Plaintiff has equal access to any matter that is public record. | Bitters and Bolland shall draft a written response which identifies every verdict, judgment, conviction or other judicial determination against them.<br><br>The response shall state the name of the case, the forum, the approximate date and the case number. Defendants are not required to collect and serve documents from those cases. |

| | | |
|---|---|---|
| You and/or William Bitters. | | |
| RFP NO. 40 (to Bitters): Produce a copy of any complaints, grievances, and/or investigations against You that were filed with, processed by, investigated by, directed by, or submitted to any Iowa or Nebraska state agency or authority. | Bitters responded, "None in Defendant's possession."<br><br>Subject to and without waiving the foregoing objections, Defendant is not in possession, custody, or control of any documents responsive to this request as Defendant's licenses have never been suspended or revoked. | Bitters shall draft a written response which identifies every complaint, grievance, and/or investigation filed against him.<br><br>The response shall state the name of the case, the agency, the approximate date and the case number. Bitters is not required to collect and serve documents from those cases. If none exist, he shall state so under oath. |
| RFA NO. 80 (to Boland): Please admit that Ms. Petersen and Mr. Nelson are not the only clients of Defendant and William Bitters who suffered losses from money loaned to third parties with a Promissory Note. | Boland answered: "Defendant can neither admit nor deny this request because Defendant was not involved in any way in the alleged events giving rise to this suit. To the extent that the request contemplates Case No. 15-CV-4077-CJW, Defendant refers Plaintiff to Document 58 of the aforementioned case, wherein plaintiffs in that case took nothing and the action was dismissed with prejudice."<br><br>In amended response on Dec. 15, 2017, Boland wrote, "Deny to the extent that neither Ms. Petersen nor Mr. Nelson were clients of Defendant and Defendant is not aware of any of his clients suffering losses from money loaned to third parties with a Promissory Note." | Boland denies, explaining neither Ms. Petersen nor Mr. Nelson were clients of Defendant, and Defendant is not aware of any of his clients suffering losses from money loaned to third parties with a Promissory Note.<br><br>Boland shall re-serve his responses to requests for admission so the entire response is included in one document. The response shall include clients of Defendants who suffered losses from money loaned to third parties with a Promissory Note for the period between 2005 and 2010. |

## Licenses

| | | |
|---|---|---|
| RFP NO. 37 (to Bitters): Produce a copy of your license or registration as a Nebraska insurance broker as provided by the | Bitters answered: "Attached."<br><br>In an amended response on Dec. 17, 2017 | Bitters shall collect from Nebraska Department of Insurance historical information and documentation dating back to 2007 which confirms he was licensed. |

| | | |
|---|---|---|
| Nebraska Department of Insurance or other division or agency. | Bitters wrote: "See attached active license." | |
| <u>RFP NO. 38 (to Bitters):</u> Produce a copy of the license that entitled You to sell annuities to Ms. Petersen and/or her former husband (Mr. Scoggins). | Bitters answered: "Plaintiff is in possession of the list of fixed index annuity to contracts that Ms. Peterson purchased. The estate has liquidated all of those." <br><br> On Dec. 17, 2017, Bitters provided an amended response: "See attached active license. Defendant is not in possession, custody, or control of the licenses from earlier periods." | Bitters shall collect historical information and documentation dating back to 2007 which confirms he was licensed. |
| <u>RFP NO. 39 (to Bitters):</u> Produce a copy of your license, certificate, and/or registration with the Iowa Insurance Division. | Bitters answered: "Attached." <br><br> In an amended response on Dec. 17, 2017, Bitters wrote: "See attached active license." | Bitters shall collect historical information and documentation dating back to 2007 which confirms he was licensed. |
| <u>RFP NO. 37 (to Boland):</u> Produce a copy of all your professional licenses, certificates, or registrations as provided by any state division or agency including but not limited to legal practice, insurance services, and/or financial services | In an amended response on Dec. 15, 2017, Boland wrote: "See attached". | Boland shall collect historical information and documentation dating back to 2007 which confirms he was licensed. |
| <span style="color:blue">Partnership</span> | | |
| <u>INTERROGATORY NO. 7 (to Bitters):</u> Describe in detail Your business and professional relationship with Robert W. Boland including Consideration paid to him, his role and duties, and his involvement in Promissory Notes signed by Your clients. | Defendant Robert Boland had no involvement whatsoever with the loan that is the basis of this lawsuit. Robert W. Boland had no involvement with Plaintiff or John Henry whatsoever. Robert W Boland is not a partner of William E. Bitters. Robert W. Boland is listed on United Financial Information Services' website solely for advertising purposes. Robert W. Boland | Bitters shall fully respond to this interrogatory, by explaining the business relationship between Bitters and Boland and the compensation paid. |

| | was not listed on the website or ever referred by William E. Bitters at the time Joyce Peterson loaned money to John Henry. | |
|---|---|---|
| INTERROGATORY NO. 3 (to Boland) Describe in detail your professional relationship and partnership with William Bitters including services that you performed for William Bitters d/b/a United Financial Information Services, UFIS, and/or United Financial Services and his clients and, in particular, Ms. Petersen. | Boland answered: "Defendant objects to the interrogatory assumes facts not in evidence, namely, that Defendant Robert W. Boland provides services for William Bitters d/b/a United Financial Information Services, UFIS, and/or United Financial Services and his clients and, in particular, Ms. Petersen. Defendant Robert W. Boland had no involvement whatsoever with the loan made basis of this lawsuit. Robert W. Boland had no involvement with Plaintiff or John Henry whatsoever. Robert W Boland is not a partner of William E. Bitters. Robert W. Boland is listed on United Financial Information Services' website solely for advertising purposes. Robert W. Boland was not listed on the website or ever referred by William E. Bitters at the time Joyce Peterson loaned money to John Henry." | Boland shall fully respond to this interrogatory, by explaining the business relationship between Bitters and Boland and the compensation paid. |
| RFP NO. 46 (to Bitters): Produce a copy of any partnership agreement, contract, corporate formation agreement, and/or other document that describes and/or defines the professional and/or business relationship between You and Robert W. Boland. RFP NO. 46 (to Boland): Produce a copy of any partnership agreement, contract, | Defendants answered, "None, explaining Boland is not a partner of Bitters and they have no documents in their possession, custody, or control responsive to this request." | Defendants have fully responded to this request for production. Their responses shall be signed under oath. |

| | | |
|---|---|---|
| corporate formation agreement, and/or other document that describes and/or defines the professional and/or business relationship between You and William Bitters. | | |

## Due Diligence

| | | |
|---|---|---|
| <u>RFA NO. 42 (to Bitters)</u>: Please admit that Defendant did not conduct due diligence into the financial ability of John L. Henry to repay his Promissory Note to Mr. Nelson. | Bitters answered: "Defendant objects to this request as it seeks information that is not relevant. To the extent that the request contemplates Case No. 15-CV-4077-CJW, Defendant refers Plaintiff to Document 58 of the aforementioned case, wherein plaintiffs in that case took nothing and the action was dismissed with prejudice."<br><br>In his amended answer of Dec. 15, 2017, Defendant wrote "cannot admit or deny because Defendant had no duty to any of parties involved in the alleged loan transaction." | Bitters must state whether he conducted a due diligence evaluation into the financial ability of John L. Henry to repay his Promissory Note to Mr. Nelson.<br><br>Bitters shall re-serve his responses to requests for admission so the entire response is included in one document. |
| <u>RFA NO. 42 (to Boland)</u>: Please admit that Defendant did not conduct due diligence into the financial ability of John L. Henry to repay his Promissory Note to Mr. Nelson. | Boland answered: "Admit to the extent that Defendant was not involved in any way in the alleged events giving rise to this suit. Otherwise, deny. To the extent that the request contemplates Case No. 15-CV-4077-CJW, Defendant refers Plaintiff to Document 58 of the aforementioned case, wherein plaintiffs in that case took nothing and the action was dismissed with prejudice."<br><br>In amended response dated Dec. 15, 2017, Boland wrote, Admit to the extent that Defendant was not involved in any way in | Boland must state whether he conducted a due diligence evaluation into the financial ability of John L. Henry to repay his Promissory Note to Mr. Nelson.<br><br>Boland shall re-serve his responses to requests for admission so the entire response is included in one document. |

32

| | the alleged events giving rise to this suit." | |
|---|---|---|
| RFP NO. 47 (to Bitters): Produce a copy of any analysis and/or document that You relied on in making an assessment that it would be a sound and reasonable financial decision for Ms. Petersen to withdraw $150,000 from an annuity and invest the same amount with John L. Henry. | In an amended response on Dec. 17, 2017, Bitters wrote: in approximately 2007, John L. Henry told Defendant that he was seeking a business loan and needed an accountant to perform an audit as part of the loan application process. John L. Henry hired one of Defendant's clients, Jane Strong, who was an accountant to perform the audit. From time to time, Defendant would visit Henry's office where the audit was taking place and saw the financial documents the accountant was compiling, and also spoke with the accountant about the audit and John L. Henry's financial condition. Based on this audit and John L. Henry's financial information, particularly his credit scores and debt ratios, Defendant believed that John L. Henry's financial condition was sound. However, Defendant is not in possession, custody, or control of any documents responsive to this request." | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any responsive records found. If no records were found, Bitters shall state that despite the search efforts made, no responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |

## Peterson Investment portfolio

| | | |
|---|---|---|
| INTERROGATORY NO. 4 (to Bitters): Describe in detail the services that you performed for the Plaintiff and her former husband. | Bitters responded that he sold Fixed Index Annuity Contracts to Ms. Peterson. | Bitters shall thoroughly respond to this interrogatory. |
| RFP NO. 43 (to Bitters): Produce document by which William Scoggins initially retained Your services and any subsequent addenda and/or superseding documents | On Dec. 17, 2017, Bitters provided an amended response: "Prior to this litigation and during the probate of the Estate of Joyce Rosamond Petersen, Defendant | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in |

| | | |
|---|---|---|
| that authorized You to act on behalf of Mr. Scoggins and, after his death, Ms. Petersen. | released Ms. Petersen and Mr. Scoggins' entire investment file to Plaintiff's counsel, James H. McMenamy, and did not retain any copies. The Estate of Joyce Rosamond Petersen liquidated the aforementioned investments. | his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. /Bitters shall produce any additional responsive records found. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. If no additional records were found, Bitters shall state that despite the search efforts made, no additional responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| RFP NO. 44 (to Bitters): Produce financial statements, bank statements, and/or other documents showing any and all Consideration that you received at any time from Ms. Petersen and/or from investments and/or funds that You managed on behalf of Ms. Petersen. | On Dec. 17, 2017, Bitters provided an amended response: Prior to this litigation and during the probate of the Estate of Joyce Rosamond Petersen, Defendant released Ms. Petersen and Mr. Scoggins' entire investment file to Plaintiff's counsel, James H. McMenamy, and did not retain any copies. The Estate of Joyce Rosamond Petersen liquidated the aforementioned investments. Plaintiff should therefore be in possession of all documents related to the fixed indexed annuities contracts. Additionally, Defendant did not receive any payments from Ms. Petersen relating to the fixed indexed annuities contracts. Therefore, Defendant does not have any documents in his possession, custody, or control that are responsive to this request." | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any additional responsive records found. If no additional records were found, Bitters shall state that despite the search efforts made, no additional responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |
| RFP NO. 51 (to Bitters): Produce a copy of any correspondence to or from You and Sun Life Insurance Company annuities regarding Ms. Petersen. | In an amended response dated Dec. 17, 2017, Bitters wrote: "Prior to this litigation and during the probate of the Estate of Joyce Rosamond Petersen, Defendant released Ms. Petersen and Mr. Scoggins' entire investment file to Plaintiff's counsel, | Defendant Bitters shall thoroughly search his records for responsive documents. Bitters shall describe what was searched, including the persons contacted, keeping in mind that documents held by, e.g., accountants, bankers, and lawyers, may be in his control even if not in his current possession or custody. If outside persons were contacted to obtain records, Bitters shall state what requests were made to |

| | | |
|---|---|---|
| | James H. McMenamy, and did not retain any copies. The Estate of Joyce Rosamond Petersen liquidated the aforementioned investments. Plaintiff should therefore be in possession of all documents related to the fixed indexed annuities contracts." | facilitate a thorough search. Bitters shall further state whether a search of electronic information was conducted and if so, what was searched, who searched it, how the search was conducted, and what was found, if anything. Bitters shall produce any additional responsive records found. If no additional records were found, Bitters shall state that despite the search efforts made, no additional responsive records were found. The statement of search efforts made and the results of those efforts shall be signed under oath by Bitters. |