IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN, deceased; | **8:16CV183** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| WILLIAM E. BITTERS, ROBERT W. BOLANDJR., JOHN L. HENRY, and UNITED FINANCIAL SERVICES, | |
| Defendants. | |

The following motions are currently pending before me:

- Defendant Henry's Motion for Protective Order, (Filing No. 162), and Motion to Quash, (Filing No. 164);

- Plaintiff's Motion to Extend Deadlines in Progression Order, Motion to File a Second Amended Complaint to add parties, and Motion for Attorney Fees as Sanctions against Henry, (Filing No. 166); and

- Defendant Henry's Motion for Additional Time to Respond to Plaintiff's Motion, (Filing No. 174).

For the reasons stated below, Henry's motions for protective order and to quash will be denied; Plaintiff's motion to extend the case progression deadlines will be granted in part; Plaintiff's motion to file an amended complaint will be denied; Plaintiff's for attorney fees and sanctions against Henry is granted in part and denied in part; and Henry's motion for additional time will be denied as moot.

PROCEDURAL BACKGROUND

1.    Service of Process.

This case was initially filed in the United States District Court for the Eastern District of Texas on December 1, 2014. ([Filing No. 1](#)). The summons for service on Defendants were not requested and issued until three months later, on March 3, 2015. (Filing Nos. 2, 3, 4). Bitters and Henry were promptly thereafter. ([Filing No. 44](#)). On June 3, 2015, more than six months after the case was filed, Plaintiff moved for additional time to serve Boland. ([Filing No. 20](#)). This motion was stricken by the Clerk of the Eastern District of Texas. It was not re-filed. Boland was served on June 3, 2015. ([Filing No. 33](#)).

2.    Texas Filings.

Plaintiff's lawsuit arises from a promissory note executed in Nebraska by Henry on February 08, 2008 in favor Plaintiff's decedent in the amount of $150,000.00. Henry is a citizen of Nebraska, Bitters is a citizen of Iowa, and the transaction at issue was allegedly signed in Omaha, Nebraska. ([Filing No. 5](#)).

After receiving service, Defendant Bitters timely moved to dismiss for lack of personal jurisdiction, improper venue, and based on the statute of limitations, for failure to state a claim. Defendant Boland timely moved to dismiss on June 10, 2015. In addition to the arguments raised by Bitters, Boland argued Plaintiff, without good cause, failed to timely effectuate service on Boland. ([Filing No. 36](#)).

Plaintiff requested additional time to respond to Bitter's motion to dismiss due to family health issues. (Filing No. 9). The motion filed by Plaintiff's counsel in the Texas litigation, (J. Hamilton McMenamy),[1] stated:

> Counsel requests additional time to respond to Defendant Bitters' Motion to Dismiss, to April 30, 2015. Counsel requests the time not only to respond to the Motion, but also to amend Plaintiff's pleadings to incorporate information just received in the meantime from a Deposition on Written Questions from the bank of Defendant John L. Henry.

(Filing No. 9 at CM/ECF p. 2). The motion was initially filed on April 24, 2015, but it was stricken by the Clerk as deficient. Plaintiff refiled the motion on April 29, 2015. Defense counsel opposed the motion for additional time, explaining:

> Plaintiff is seeking an extension of time about 12 days after the due date of filing a response (i.e., April 13, 2015) to Defendant William E. Bitters' motion to dismiss. Plaintiff's Counsel has never attempted to seek an extension from the Court or Defendant before the due date of his responsive brief. Furthermore, Plaintiff Counsel has not even attempted to meet and confer regarding his motion for extension of time after the due date of the responsive brief. Defendant sympathizes with the Counsel's situation; however, it is Defendant William E. Bitters' position that an extension would not change the fact that claims brought by Plaintiff are barred by statute of limitation. Therefore, the case against Defendant William E. Bitters should be dismissed.

(Filing No. 12). The opposition was initially filed on April 27, 2015, (Filing No. 8), then re-filed on May 6, 2015, (Filing No. 10), after Plaintiff's corrected motion was re-filed. The May 6, 2015 filing was initially stricken by the Clerk as deficient for lack of a signature, but it did have an s/ signature (which is permitted in Nebraska). Defendant's opposition to the motion for additional time was

---

[1] McMenamy represents Plaintiff in the Nebraska litigation as well, along with Robert Gaudet.

immediately re-filed. (Filing No. 12). Plaintiff's counsel responded that there was good cause for his untimely response to Bitter's motion to dismiss: His wife's medical condition required his attention and Defendants suffered no prejudice due to the delay. (Filing No. 11). The motion to continue the response deadline was granted, with Plaintiff's response to the motion to dismiss due on May 21, 2015. (Filing No. 13).

Plaintiff filed a responsive brief, (Filing No. 14), which extensively cited to an affidavit (Filing No. 15). But this affidavit filing was deemed deficient by the Clerk of Court for the Eastern District of Texas and stricken, with Plaintiff given one day to filed a corrected response. When Plaintiff failed to timely and properly file the affidavit supporting the arguments in Plaintiff's brief, on May 28, 2015, Bitters moved to strike the court's consideration of those facts as cited within Plaintiff's brief. (Filing No. 17).

Plaintiff responded by re-filing a response to Bitter's motion to dismiss with the previously stricken affidavit attached. (Filing No. 18). By order of the court, the Filing No. 18 response was stricken because Plaintiff's counsel failed to seek leave of the court before filing an untimely response to Bitter's motion to dismiss. (Filing No. 19). The order instructed, "[u]ntil Plaintiff is granted leave to file a second response out of time, the May 20, 2015 response (Filing No. 14) shall govern." (Id). Plaintiff filed an affidavit in opposition to Bitter's motion to dismiss on June 8, 2015. (Filing No. 21). This filing was stricken by the Clerk for the Eastern District of Texas. Plaintiff then filed an eighteen-page brief with four affidavits (including the previously stricken affidavit) as a response to Bitters' motion to strike the improperly cited and filed affidavit, (Filing No. 25),[2] a filing

_____

[2] This filing was also initially stricken by the Clerk, with leave to-refile within one business day.

defense counsel characterizes as "an impermissible attempt to 'sneak-in' that which Plaintiff failed to properly file in the first place." (Filing No. 26).

Ultimately, the motion to dismiss filed by Bitters on March 30, 2015 (to dismiss a complaint filed on December 1, 2014, with no summons requested until March 3, 2015), was not fully submitted for the court's review until June 25, 2015. (Filing No. 34). In the meantime, Boland filed his motion to dismiss, (Filing No. 23), and the parties began briefing that motion, along with Plaintiff's motion for additional time to serve Boland (or to find good cause excusing Plaintiff's failure to timely serve Boland). (Filing No. 34).

On August 11, 2015, the Texas court held a case management conference with the parties. The court's order states:

> This case would be more properly brought in Nebraska to avoid the potential of piecemeal litigation. Within 14 days of the date of this Order, the parties shall either file an agreed motion to transfer venue to Nebraska or notify the Court that no motion will be filed. If no motion is filed, the Court will proceed with the consideration of Defendants' motions to dismiss and Plaintiff will be bound by those rulings.

(Filing No. 43).

Fourteen days later, on August 25, 2015, Plaintiff filed a motion to continue the deadline for filing a motion to transfer venue "to a time 2 weeks after the Court's decision on Plaintiff's Motion for Summary Judgment against John L. Henry, or in the alternative, 4 weeks from this date. (Filing No. 45 at CM/ECF p. 2). The Texas court granted the motion, but only in part, explaining:

> The Court will not consider a motion for default judgment as to Henry at this time. Defendant Henry was served in Nebraska (see Dkt. 44),

and, as noted at the August 11, 2015 hearing, no facts are alleged by Plaintiff in the Complaint to establish conclusively that this Court can exercise personal jurisdiction over him (see Dkt. 1). The Court cannot and will not recommend the entry of default judgment against a party over whom it has no jurisdiction. . . .

Plaintiff requests an alternative four week extension. Plaintiff's motion is GRANTED in part and DENIED in part. The Court finds that two weeks is sufficient time for the parties to agree upon a transfer. Plaintiff is reminded that, in light of the pending motions in this case, Plaintiff faces dismissal of some, or all, of its claims for improper venue.

Within 14 days of the date of this Order, the parties shall either file an agreed motion to transfer venue to Nebraska or notify the Court that no motion will be filed. If no motion is filed, the Court will proceed with the consideration of Defendants' motions to dismiss and Plaintiff will be bound by those rulings and any consequences thereof.

([Filing No. 46](#)).

The following day, August 28, 2015, Plaintiff moved to amend the complaint to add a RICO claim. ([Filing No. 47](#)). The motion was denied on September 2, 2015, the court explaining:

Plaintiff has not shown how his amended complaint would state additional facts regarding proper venue in this District. Moreover, nothing in the motion indicates how the amended complaint would state facts to show how this Court could exercise personal jurisdiction over some or all of Defendants here. Plaintiff is again reminded that, if Plaintiff does not agree to the transfer of this case to a more suitable venue, Plaintiff faces dismissal of some, or all, of its claims.

([Filing No. 48](#)).

Plaintiff filed a motion to change venue on September 10, 2015. ([Filing No. 50](#)). Bitters and Boland refused to join in the motion unless Boland was dismissed, arguing Nebraska has no personal jurisdiction over Boland. (Filing Nos. [51](#) and [52](#)). The Texas court disagreed, and on March 17, 2016—14 months after the case was filed—Plaintiff's lawsuit was transferred to this forum from the United States District Court for the Eastern District of Texas, with the motions to dismiss and related motions to strike filed in the Texas forum denied as moot. (Filing Nos. [54](#), [55](#), [56](#), and [57](#)).

  3.  Nebraska Filings.

The case arrived in the District of Nebraska on April 25, 2016. ([Filing No. 58](#)). Two days later, this court entered an order requiring Defendants to file an answer or otherwise respond to Plaintiff's complaint by May 13, 2016, and to file a Rule 26(f) Report by May 30, 2016. ([Filing No. 62](#)). Acting through their local counsel, Defendants moved for an additional 30 days to file their answer or responsive motions. ([Filing No. 64](#)). Plaintiff did not respond to the motion to continue, and the motion was granted on June 1, 2016. (Filing No. 67).

Defendants timely filed Rule 12(b)(6) motions to dismiss on June 13, 2016. (Filing Nos. [68](#)-[71](#)). On July 5, 2016, Plaintiff moved to amend the complaint. ([Filing No. 80](#)). The motion to amend was granted, with the motions to dismiss denied as moot. ([Filing No. 98](#)).

Plaintiff's amended complaint, filed on August 8, 2016, alleged (1) breach of fiduciary duty; (2) negligence; (3) negligent misrepresentation; (4) breach of contract; (5) breach implied duty of good faith and fair dealing; (6) fraud; (7) assumpsit; (8) violations of the Racketeer Influenced and Corrupt Organizations

Act ("RICO"), 18 U.S.C. § 1961 et seq.; (9) violations of the Nebraska Uniform Deceptive Trade Practices Act ("NUDTPA"), Neb. Rev. Stat. § 87-301 et seq.; and (10) violations the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 et seq. Defendants Bitters and Boland again filed Rule 12(b)(6) motions to dismiss. (Filing Nos. 104 & 106). Henry, appearing pro se, also moved to dismiss.

On October 19, 2016, this court entered an order dismissing Plaintiff's claims for recovery under the NUDTPA, the NCPA, and RICO. As to all other claims, Defendants' motions to dismiss were denied, and their motion to dismiss on the basis of the statute of limitations was denied. (Filing No. 121).

Consistent with the parties' proposed discovery deadlines in their jointly filed Rule 26(f) Report, (Filing No. 126), the court entered a final progression order on February 10, 2017. (Filing No. 127). That order set a November 1, 2017 written discovery deadline and a November 30, 2017 deposition deadline. (Id).

Over the following seven months, Plaintiff served no discovery. On September 19, 2017, Plaintiff served 34 Requests for Admission, 102 Requests for Production, and 33 Interrogatories on Defendants Bitters and Boland and 86 discovery requests in the form of Requests for Admission, Requests for Production, and Interrogatories on Defendant Henry.[3]

Based on the docket sheet entries, at the time of the conference call on October 24, 2017, it appeared nothing happened on this case since the case

---

[3] The timing and volume of Plaintiff's service of written discovery is referenced in the brief filed by Defendants Boland and Bitters. (Filing No. 171 at CM/ECF p. 5). The court's docket does not reflect service of written discovery by any party. No certificates of service were filed as required under this court's local rules. NECivR 33.1(e); 34.1(b); 36.1(c).

progression order was entered on February 10, 2017. But during the call, Plaintiff's counsel stated Henry was not responding to Plaintiff's written discovery.[4] The case progression deadlines were extended at the parties' request. The written discovery deadline was extended to December 1, 2017, with a deposition deadline of February 9, 2018, and a June 25, 2018 trial setting. (Filing No. 128). An in-court hearing was scheduled for November 6, 2017 to address Henry's failure to comply with discovery. (Filing No. 130).

A two-hour hearing was held on November 6, 2017, regarding Henry's responses to requests for production, interrogatories, and requests for admission. During that hearing, Henry responded to Plaintiff's requests for admissions and interrogatories. He further explained his lack of documents and was apprised to obtain documents from his bank and accountant if necessary. During the discussion, Plaintiff's counsel told the court and Defendant Henry that he was asserting a RICO claim, and he continued to demand discovery responsive to that claim. (Filing No. 133 at 1:31-1:132:50; 1:58-1:59:23). The RICO claim had been dismissed a year earlier. (Filing No. 121). The court commented that Plaintiff's own efforts to obtain documents by subpoena served on the bank, accountant, and utility companies, and by requesting copies of court records, was an option for receiving everything requested (and without concerns over whether Henry—who is clearly reluctant to produce documents—is withholding anything). When Henry could not remember his accountant's address as requested by Plaintiff, the court found it in less than a minute using Google, and Henry confirmed the address. On November 16, 2017, the court entered its order requiring Henry to produce, before December 4, 2017:

> a. a complete response to Plaintiff's Request for Production No. 6 ("W-2 forms from 2007 to the present");

---

[4] Defendant Henry failed to appear at the telephonic conference.

b. the statements and documents he was able to obtain from his bank, including but not limited to First National Bank of Omaha, and Wells Fargo Bank;

c. a complete response to Plaintiff's Request For Production No. 24 (any utility or financial account statement showing your current business address as well as your business address as of February 8, 2008), including retrieving documents from his accountant as may be necessary; and

d. a complete response to Plaintiff's Request For Production No. 31 ("the phone number, contact information, address, and name" of Defendant Henry's wife, son, brother, and any other witness).

([Filing No. 138](#)). Henry timely objected to the order. ([Filing No. 139](#)). Plaintiff never responded to Henry's discovery appeal or his response to the court's show cause order, and Plaintiff made no effort to obtain the requested documents by subpoenaing third parties until mid-January 2018.

On November 14, 2017, Plaintiff advised the court that a discovery dispute existed with Defendants Bitters and Boland. A conference was held with counsel on November 15, 2017. Plaintiff filed a summary of the discovery contentions. ([Filing No. 136](#)). After conferring with counsel, the court admonished counsel to again try to resolve the discovery disputes, and if they could not be resolved, counsel would need to attend a discovery conference in Nebraska on December 21, 2017. The discovery disputes were not resolved amount the parties. The December 21, 2017 conference was continued to January 25, 2018 due to family health issues. ([Filing No. 145](#)).

On January 22, 2018, the court received over 250 pages of documentation outlining Plaintiff's discovery disputes, and seven pages from Bitters and Boland.

The court convened a hearing in the courtroom, and very strongly admonished the parties to attempt to resolve their differences without the court's assistance. Even after conferring with the court for an hour, and then among themselves for an additional two and a half hours, the parties were unable to resolve any of their discovery issues without court intervention. The court then presided over a five-hour discovery hearing on the record. As with the Henry discovery conference, the audio files of the court's rulings could be uploaded as a record of the court's orders.[5] (Filing No. 133, 2:02:50-2:05:23) But at Plaintiff's request, the court drafted and entered written rulings. Those rulings were filed on February 5, 2018. (Filing No. 160).

On January 10, 2018, more than two months after the Henry discovery conference, Plaintiff mailed notice to Henry that Plaintiff intended to subpoena Plaintiff's accountant. (Filing No. 168-1 at CM/ECF p. 2). Having received no objection by January 17, 2018, Plaintiff's counsel served the subpoena on Mr. Bush on January 19, 2018. Mr. Bush apprised Henry of the subpoena, and Henry mailed his letter objecting to the subpoena on January 23, 2018. Plaintiff's counsel received the letter on January 26, 2018, but proceeded with the deposition of Mr. Bush on January 29, 2018. Henry appeared at the deposition. The deposition setting was allegedly highly contentious and perhaps hostile.[6]

---

[5] The audio record was discontinued when the discussion comparing the Boland and Bitters discovery requests began, and it was not re-started when the court was informed that the parties would not be relying upon the audio file as the court's order.

[6] The accountant's affidavit states he questioned the subpoena because it was requesting information from entities unrelated to Henry, but he produced copies of the documents on January 26, 2018 after he was told, "in a very unsettling manner, that the deposition can go as long as seven hours and [he] was required to stay for the whole thing if [Plaintiff's counsel] decide. And we can extend to additional days if necessary. Or we can take the information now and only ask pertinent questions on Monday." (Filing No. 162 at CM/ECF p. 7).

([Filing No. 166-2 at CM/ECF p. 8; 168-1 at CM/ECF pp. 2, 7](#)). No one called the court for assistance or guidance in how to address this situation, and the deposition proceeded to a conclusion.

After receiving records from Henry's accountant, Plaintiff now moves to amend the First Amended Complaint to add Henry's wife, Sharonrose Henry; his son, John P. Henry; and several businesses, including Treo Engineering, Inc., Treo Engineering Company, JSJ Manufacturing, Inc., Metro Audio Dynamics, Inc., Metro Renovations, Inc., and UFIS, Inc. as named defendants, and to add allegations that the businesses are alter-egos of the Henry family defendants. ([Filing No. 166-3 at 70-108](#)). As stated in the final progression order, the deadline for moving to amend pleadings or add parties was May 29, 2017. ([Filing No. 127](#)). That deadline was not changed by the court's order of continuance entered on October 24, 2017. ([Filing No. 128](#)).

---

The accountant also requested his hourly rate ($250.00) to attend the deposition. Plaintiff's counsel refused, and paid the accountant only the statutory witness fee of $40.00 plus mileage, explaining "[you are not an expert witness so you are not entitled to be paid over $200/hour as you requested in today's communication." ([Filing No. 168-1 at CM/ECF p. 19](#)). However, pursuant to Rule 45(d):

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed.R.Civ.P. 45(d).

ANALYSIS

1)    Henry's Motion for Protective Order, (Filing No. 162).

Henry moves for a protective order regarding the subpoena served on his accountant, Don Bush, (Filing No. 162). This subpoena was not filed of record, so the court cannot address whether the scope of the subpoena extended beyond what was relevant, or to third parties who were not provided adequate notice of the deposition. But based on the record, Henry was not afforded adequate notice of Plaintiff's intent to serve the subpoena as required under the court's local rules.

Under the Federal Rules of Civil Procedure, if a subpoena "commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 6(a)(4). Nebraska's Civil Rules refine that requirement as follows:

> After receipt of the notice, the adverse party has 7 days to serve written objections to the subpoena on the noticing party. The adverse party must specifically identify the grounds for the objections and must file a certificate of service with the court. No subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties resolve the objections. Any unresolved objections will be resolved by the court on appropriate motion filed in accordance with Nebraska Civil Rule 7.1. Nothing in this rule affects the availability of objections described in Federal Rule of Civil Procedure 45(d) and (e).

NECivR. 45.1(b). The notice of intent to serve a subpoena was mailed to Henry on January 10, 2018, and Henry had seven days (NECivR 45.1(b)), plus an

additional 3 days for service by mail (Fed. R. Civ. P. 6(f)), to object to the subpoena. Plaintiff served the subpoena on Bush on January 19, 2018, less than ten days after mailing the notice.

Although Henry was not afforded adequate notice under the court's local rules, his motion for protective order as to the Bush subpoena fails due to Henry's own refusal to cooperate with the discovery process. That is, Henry did not claim the notice of intent letter sent to him, ([Filing No. 168-1 at CM/ECF pp. 16-17](#)).[7] Even if Plaintiff had afforded Henry until January 22, 2018 to object to the subpoena,[8] Henry would not have received and served objections in response to that notice. Due to Henry's failure to accept mailings regarding this case, he is estopped from challenging the subpoena for lack of notice as required under NECivR [45.1](#). As such, Henry's motion for protective order, ([Filing No. 162](#)), will be denied.

2)   Henry's Motion to Quash, ([Filing No. 164](#)).

Henry has moved to quash the subpoena served on him as an agent for JSJ Manufacturing Inc., ([Filing No. 164](#)). Plaintiff argues the motion is moot because Plaintiff withdrew the subpoena to JSJ Manufacturing, Inc. as untimely served. ([Filing No. 167 at CM/ECF p. 4](#)). Based on Plaintiff's representation, Henry's motion to quash, ([Filing No. 164](#)), will be denied as moot.

---

[7] Henry states the notice of intent letter was sent to the wrong address. ([Filing No. 178, at CM/ECF p. 1](#)). But it was sent to his address on the court record and confirmed during the hearing held on November 16, 2017. ([Filing No. 180, at CM/ECF p. 92](#)).

[8] January 20, 2018 (ten days after January 10, 2018), was a Saturday. So Henry's objection deadline was the following Monday, January 22, 2018.

3) Plaintiff's Motion to Extend Deadlines, to Amend, and for Attorney Fees as Sanctions against Henry, ([Filing No. 166](#))

Pursuant to Rule 7.1 of the Nebraska Civil Rules, a motion must state the basis for the motion and the specific relief requested, the supporting brief must be filed as a separate filing, and unless the evidence is hyperlinked in the brief, the evidence must be filed separately from the brief. NECivR [7.1.](#) "[A] party who does not follow this rule may be considered to have abandoned in whole or in part that party's position on the pending motion." Id.

Plaintiff did not comply with Rule 7.1. Plaintiff's brief, motion and evidence are filed as one docket filing. As a result, the court could deny Plaintiff's motion outright.[9] But that will delay a case that has already been pending for over three years. So instead, quoting from Plaintiff's brief, the court will interpret Plaintiff's motion as follows:

> First, Plaintiff respectfully seeks an extension of deadlines in the progress order including depositions (currently, February 9), written discovery (already passed), disclosure of experts and their reports (already passed), and amendment of the complaint to add new defendants (passed) as well as dispositive motions and trial, based on good cause.

> Second, Plaintiff respectfully asks the Court for permission to make alternative service of subpoenas and a Second Amended Complaint on Sharonrose Henry, John P. Henry, and the companies for which they and John L. Henry serve as registered agents, officers, directors, and owners. These the individuals are not available at their business address or at an incomplete residential address (omitting the apartment number) that John L. Henry provided at a Court hearing in November but which, on January 29, he referred to as "a

---

[9] Denial outright is the functional equivalent of striking a filing (with or without leave to re-file), the apparent practice of the original Texas forum.

secure building, you will not ever be able to serve papers there, ever."

Third, Plaintiff respectfully asks for permission to amend the complaint to add defendants whose role Plaintiff discovered in the final week in January 2018 through documents produced under a subpoena issued to Henry's accountant and to Clarence Nelson, all of which were documents that Defendants had access to and should have produced earlier.

Fourth, Plaintiff respectfully seeks sanctions, including fees, from Henry who admitted on January 29 that he has no intention of complying with the Court's order compelling him to provide discovery responses. Plaintiff also seeks an order for Henry to sign an authorization permitting Plaintiff to obtain records from the IRS since Henry has been unwilling to obtain or produce those records himself. His accountant does not have all records prior to 2010/2011 when he took over Henry and his companies as clients from a previous accountant.

(Filing No. 166 at CM/ECF pp. 5-6).

      a.    Motion to Amend the Complaint and to Extend Case Progression Deadlines.[10]

Plaintiff seeks an order extending all deadlines by 120 days, and for leave to amend the complaint to add claims against six additional defendants and to add alter-ego allegations as to the new entity defendants. Under the current case management order, the deadline for filing an amended complaint expired on May 29, 2017. (Filing No. 127).

---

[10] Defendant Henry moved for additional time to respond to Plaintiff's motion. He did file a response on March 12, 2018. (Filing No. 178). As such, the motion for additional time will be denied as moot.

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

     i.     Motion to file an amended complaint.

By the time a progression order was entered, this case had been pending for over two years. Up to six months of that delay is attributable to failure to promptly effectuate service on the defendants, with an additional year caused by filing the lawsuit in a forum that lacked personal jurisdiction over them. The additional allegations and defendants Plaintiff wishes to add to the Complaint are based on information contained in records subpoenaed from Henry's accountant. But after the case arrived in Nebraska, Rule 12(b)(6) motions were resolved, and a case management order was entered, Plaintiff served no discovery for seven months—including during the over three-month span between entry of a case management order and the pleading amendment deadline suggested by the parties and adopted by the court.

Although Henry failed to timely respond to Plaintiff's discovery served on September 19, 2017, the court held a hearing on that discovery less than two months after it was served. During that hearing, Plaintiff discovered the name and address of Henry's accountant, and that the accountant was a likely source

of financial information the plaintiff wanted. Yet, even after that November hearing, Plaintiff waited two months to begin the process of subpoenaing records and information from Henry's accountant.

In the end, three years into this lawsuit, Plaintiff now wants to add six new defendants and as to those defendants, begin the discovery process. Under the facts presented, Plaintiff has failed to show that despite the exercise of due diligence, Plaintiff was unable to comply with the deadline for moving to amend pleadings.[11] Plaintiff's motion to file a second amended complaint will be denied.

ii.      Motion to Extend the Case Progression Schedule.

Plaintiff moves to extend the case progression deadlines by 120 days to allow additional written discovery, motions to compel, depositions and expert disclosures. Plaintiff argues the following documents are needed:

(a)     federal tax returns and W-2s for Treo Engineering, Company from 2007 to present;
(b)     W-2 forms for John P. Henry from 2007 to present;
(c)     W-2 forms for John L. Henry from 2007 to present;
(d)     W-2 forms for Sharonrose Henry from 2007 to present;
(e)     Schedule E forms for John P. Henry from 2007 to present;
(f)     federal tax returns and W-2s for Metro Renovation, Inc. from 2007 to present;
(g)     W-2s for JSJ Manufacturing, Inc. from 2007 to present;
(h)     federal tax returns for 2007, 2008, 2011 to present for JSJ Manufacturing, Inc.;

---

[11] Since the court finds Plaintiff failed to exercise due diligence, the court need not address the issue of prejudice. That said, Defendants have now been waiting three years to try a case regarding a 2008 transaction for which they have raised a statute of limitations defense. Defendants certainly have an argument that further delays arising from amending the complaint will prejudice the defendants.

(i)    federal tax returns for Metro Audio Dynamics, Inc. for 2007, 2010, 2011, 2012, 2013, 2014, 2015.

([Filing No. 166 at CM/ECF p. 8](#)). Plaintiff argues she must subpoena and depose Jane Strong, Sharonrose Henry, John P. Henry, Metro Audio Dynamics, and JSJ Manufacturing. ([Id. at 9-10](#)).

Plaintiff did not attempt to serve subpoenas on third parties until nearly a year after the case progression order was entered, three years after the case was filed, and less than a month before the deposition deadline. ([Filing No. 171-1](#)). The subpoena requests are extensive. For example, the proposed subpoena to be served on Jane Strong demands production of all bank account statements and rosters dating back to 2008, and all call logs, financial and tax records, letters, emails, faxes, or documents of any kind which mention or were created, authored, revised, or modified by Defendants, or John P. Henry, Metro Audio Dynamics Inc., JSJ Manufacturing Inc., Classimatic Information Systems & Services Co., Metro Envelope Inc., Metro Renovation Inc., SJJ LLC, Treo Engineering Company, Treo Engeineering Inc., Sharonrose Henry, and Defendant Boland's law firm, and all documents which pertain to Joyce R. Petersen and Clarence Nelson. ([Filing No. 171-2](#)). The proposed subpoena to be served on Clarence Nelson demands production of:

> all records, documents, emails, letters, faxes, files, utility bills, business expenses, logs of telephone calls to or from, and any other documentation pertaining to each of the following: you, John L. Henry, Metro Audio Dynamics Inc., Classimatic Information Systems & Services Co .• Metro Envelope, Inc .• Metro Renovation, Inc., SJJ, LLC, John P. Henry, Sharonrose Henry, Joyce R. Petersen AKA Scoggins, Robert W. Boland, Treo Engineering Company, Treo Engineering Inc., Don Bush, William Bitters, United Financial Information Services, UFIS, and any accountant, CPA, or financial services provider from whom you obtained services or who audited you. Please also bring (a) all documentation pertaining to your

litigation against John L. Henry and/or William Bitters including any CD and other information produced by the Defendants; (b) all statements of account, letters, or other documentation sent to you by William Bitters and/or UFIS. The time period for these requests is any time between Jan. 1, 2006 to the present.

(Filing No. 171-1 at CM/ECF p. 17-18).

Plaintiff's notice of intent to serve the subpoena on Jane Strong was served on counsel for Defendants Boland and Bitters on January 17, 2018, with the deposition to be taken on February 1, 2018. Notice of intent to serve subpoenas on Sharonrose Henry, John P. Henry, Metro Audio Dynamics, and JSJ Manufacturing was served on January 11, 2018, with the deposition to be taken on January 30 and January 31, 2018. In other words, even assuming no objections were raised to the subpoenas and service was immediately made upon the deponents following the seven-day objection period, the third party's voluminous search, copying and production was to occur with less than two weeks' notice.

Based on current allegations of fraud, and Plaintiff's unsuccessful attempts (dating back to August 2015; see Filing No. 183), to allege a RICO claim, Plaintiff has long-believed this lawsuit involves more than failure to pay a promissory note; that Defendants engaged in a network of conduct, misrepresentations, and transactions to hide an alleged scheme to swindle Plaintiff's decedent. Yet, upon review of the record, Plaintiff waited until the last minute to initiate discovery, and now that objections have been raised and third party witnesses cannot be found, Plaintiff again moves to amend the case progression order.

Counsel is responsible for preparing the case in a timely fashion, and organizing the discovery steps required, anticipating likely discovery hurdles, and

timing how discovery goals and the case progression deadlines will be met. Court delay did not contribute to Plaintiff's case preparation delays. When discovery battles loomed as to Defendants' discovery responses, the court promptly intervened to assist and resolve the disputes. But despite the court's November 2017 assistance regarding Defendant Henry's discovery, Plaintiff waited until the eleventh hour to subpoena third parties identified during that hearing.

Under the totality of the facts presented, as to third party discovery, the court finds Plaintiff failed to exercise due diligence to meet the court's case progression deadlines. Those deadlines, including any deadlines for naming additional experts, will not be extended.

The analysis as to the parties themselves is a different story. Henry did not fully and timely respond to Plaintiff's written discovery, necessitating a court order, and he has allegedly failed to comply with that order to date. Boland and Bitters raised some valid discovery objections to the breadth of Plaintiff's written discovery, but they also raised objections that do not exist, (e.g., "burden of proof"), and they did not promptly serve written discovery on Plaintiff; and Plaintiff did not promptly pursue discovery and did not fully and timely respond to Defendants' written discovery. Given the parties' mutual responsibility for the written discovery delays, the deadline for completing <u>testimonial</u> deposition discovery of the parties (<u>not</u> to include demands by *subpoena duces tecum* for production of additional documents other than those already ordered to be produced) will be extended. The deadline for deposing parties will be extended to April 16, 2018.

Other than party depositions, expert depositions, and the service of Defendants' expert disclosures (due on April 9, 2018),[12] no additional discovery will be permitted in this case. Expert depositions must be completed by May 9, 2018. The summary judgment deadline, and the pretrial conference and trial settings will not be continued.

3) Plaintiff's motion for sanctions.

Plaintiff requests sanctions, including attorney fees, from Henry "who admitted on January 29 that he has no intention of complying with the Court's order compelling him to provide discovery responses." (Filing No. 166 at CM/ECF p. 6). Plaintiff "seeks an order for Henry to sign an authorization permitting Plaintiff to obtain records from the IRS since Henry has been unwilling to obtain or produce those records himself." (Id).

To the extent Plaintiff requests an order requiring Henry to pay costs and attorney fees for taking Mr. Bush's deposition, the motion will be denied. Plaintiff not only collected documents from Bush, but deposed him. Even had Henry responded to Plaintiff's discovery requests, that response would not have also garnered Bush's testimony regarding those documents. And the court is not convinced Plaintiff would have trusted Henry's disclosure as complete—Plaintiff would have subpoenaed Bush anyway. In other words, Plaintiff has failed to prove a causal connection between Henry's failure to comply with discovery and the costs and fees it incurred in deposing Bush. And as to Plaintiff's motion for recovery of fees and costs in preparing Filing No. 166, the motion was not filed in accordance with the court's local rules, and no more than 10% of the briefing

---

[12] Plaintiff did not respond to the motion for additional time to serve expert disclosures filed by Defendants Bitters and Boland. (Filing No. 161). The motion was therefore deemed unopposed and granted. (Filing No. 176).

discusses recovery of sanctions for Henry's failure to comply with the court's prior discovery order.

The court will, however, order Henry to comply with the court's prior discovery order, (Filing No. 138). Henry must serve all documents and provide all answers as ordered. If he fails to do so, he will be sanctioned. Such sanctions could include not only an award of attorney fees and costs, but also directing that certain facts be deemed established, refusing to permit Henry to present evidence opposing Plaintiff's claims or supporting Henry's defenses, striking all or part of Henry's pleadings, rendering a default judgment in favor of Plaintiff and against Henry, or finding Henry in contempt. Fed. R. Civ. P. 37(b)(2)(i-vii). In addition, if Henry fails to produce documents as ordered in Filing No. 138 before March 26, 2018, Henry will be ordered to appear before the court and sign an authorization permitting Plaintiff to obtain records from the IRS.

Accordingly,

IT IS ORDERED:

1)      Defendant Henry's Motion for Protective Order, (Filing No. 162), is denied.

2)      Defendant Henry's Motion to Quash, (Filing No. 164), is denied as moot.

3)      Plaintiff's Motion, (Filing No. 166), is granted in part and denied in part as follows:

a.  Plaintiff's Motion to File a Second Amended Complaint to add parties is denied;

b.  As to Plaintiff's Motion to Extend Deadlines in Progression Order,

 i.  The deadline for completing <u>testimonial</u> deposition discovery of the parties (<u>not</u> to include demands by *subpoena duces tecum* for production of additional documents other than those already ordered to be produced) is extended to April 16, 2018;

 ii.  Expert depositions must be completed by May 9, 2018;

 iii.  Defendants' expert disclosures remain due on April 9, 2018;

 iv.  Other than the discovery outlined in subparagraphs i, ii, and iii above, no further discovery shall be served in this case; and

 iv.  Except as outlined in subparagraphs i, ii, and iii above, all other case progression deadlines in the court's order, ([Filing No. 128](#)), including the summary judgment deadline, and the pretrial conference and trial settings are unchanged.

c.  As to Plaintiff's Motion to Compel and for Sanctions,

 i.  Plaintiff' motion to recover costs and attorneys fees is denied; and

 ii.  On or before March 26, 2018, Henry shall fully comply with the court's prior discovery order, ([Filing No. 138](#)), in the absence of which, sanctions will be imposed.

4)     Defendant Henry's Motion for Additional Time to Respond to Plaintiff's Motion, (Filing No. 174), is denied as moot.

March 14, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge