IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM E. BITTERS, ROBERT W. BOLANDJR., JOHN L. HENRY, and UNITED FINANCIAL SERVICES,<br><br>Defendants. | 8:16CV183<br><br>**MEMORANDUM AND ORDER** |

After Bitters and Boland timely filed their summary judgment motions, (Filing Nos. 182 and 184), Plaintiff moved to continue the summary judgment deadline. (Filing No. 186). Plaintiff's motion to continue was filed at 11:41 p.m. on March 20, 2018—the deadline for filing a motion for summary judgment. Counsel's "late attempt to seek the position of Defendants Bitters and Boland" garnered no response before Plaintiff's motion was filed. (Filing No. 186, at CM/ECF p. 2). Defendants Bitters and Boland have now filed a brief opposing Plaintiff's motion to continue. (Filing No. 187). For the reasons discussed below, the motion will be denied.

ANALYSIS

The court initially notes that once again, Plaintiff has failed to comply with Nebraska's local rules governing civil motion practice. As my previous opinion explained:

> Pursuant to Rule 7.1 of the Nebraska Civil Rules, a motion must state the basis for the motion and the specific relief requested, the

supporting brief must be filed as a separate filing, and unless the evidence is hyperlinked in the brief, the evidence must be filed separately from the brief. NECivR 7.1. "[A] party who does not follow this rule may be considered to have abandoned in whole or in part that party's position on the pending motion." Id.

(Filing No. 181, at CM/ECF p. 15) (quoting NECivR 7.1). Like Plaintiff's improperly filed Motion to Extend Deadlines, to Amend, and for Attorney Fees as Sanctions against Henry, (Filing No. 166), Plaintiff has again filed the pending motion, brief, and supporting evidence as one docket filing.

While the court could deny Plaintiff's motion outright for failure to comply with this court's rules, I will also address the merits of the motion.

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

Plaintiff argues good cause exists to continue the summary judgment deadline because Plaintiff's counsel, James H. McMenamy, has been ill; Plaintiff's co-counsel, Robert J. Gaudet, was very busy working on other cases; and Plaintiff needs to subpoena and depose Defendant Henry's family members before filing a summary judgment motion, but Defendant Henry has yet to provide those witness' addresses. (Filing No. 186).

Mr. McMenamy had influenza during the two- or three-week period prior to the summary judgment deadline. But he is not the only attorney representing the plaintiff. His co-counsel, Mr. Gaudet, states that he was also unable to work on this lawsuit, explaining that during the two weeks prior to the summary judgment deadline, he lacked time "due to numerous court-imposed deadlines and urgent work in other matters." (Filing No. 186, at CM/ECF p. 2).

As cited in Mr. Gaudet's brief, one of those matters involved a case filed in 2017: The above-captioned action was filed in 2014.

Mr. Gaudet also states Almanza v. United States, 135 Fed. Cl. 113 (2017), required his immediate attention during the week prior to the summary judgment deadline. That case is settled, with the settlement approved by the court on November 6, 2017. Id. The only lingering issue in Almanza is the amount of fees owed to Plaintiff's counsel. Mr. Gaudet was not an attorney of record for the plaintiff class in Almanza, but he worked on the file. His affidavit in support of his requested fee recovery, (Almanza v. USA, 1:13-cv-130, at Dtk. No. 157-3),[1] was attached to the reply brief filed by Plaintiff's counsel of record on March 16, 2018, (id. at Dkt. No. 157). Pursuant to an order entered on March 15, 2018, (id. at Dkt. No. 156), a previously filed PDF document containing a three-column table of Mr. Gaudet's 38 time entries, (id. at Dkt. No. 140-3), was converted to an Excel format and delivered to the judge's chambers by March 19, 2018, (id. at Dkt. No. 158).

---

[1] The court may take judicial notice of judicial opinions and public records. Stutzka v. McCarville, 420 F.3d 757, 761 n. 2 (8th Cir. 2005).

Finally, Mr. Gaudet claims that during the week prior to the summary judgment deadline, he "had to submit (via co-counsel) objections to an order to quash for filing with the U.S. Bankruptcy Court for the Western District of Virginia." ([Filing No. 186, at CM/ECF p. 3](#)). Mr. Gaudet is not the attorney of record for any parties in that court.

Like counsel for Defendants Bitters and Boland, the court sympathizes with Mr. McMenamy and hopes he is now fully recovered. However, Plaintiff's counsel has not adequately explained why neither attorney for Plaintiff could file a straightforward motion to continue and/or contact defense counsel regarding the need for a continuance until, both figuratively and literally, the eleventh hour. Mr. Gaudet is, no doubt, a busy attorney. But when, as in this case, the lawsuit has been pending for over three years, counsel's last-minute request for additional time due to the press of other legal work is unavailing.

Plaintiff's counsel further argue that a continuance is needed because they are still waiting for Defendant Henry to disclose his family members' addresses so Plaintiff can subpoena and depose those witnesses. But as the court's prior order stated, "[o]ther than party depositions, expert depositions, and the service of Defendants' expert disclosures (due on April 9, 2018), no additional discovery will be permitted in this case." ([Filing No. 181, at CM/ECF p. 21-22](#)). Defendant Henry's family members (his brother, son, and wife) are not parties. As to non-party witnesses, the deposition deadline has passed. Plaintiff is not entitled to a continuance so she can depose non-parties before filing her summary judgment motion.

Under the circumstances presented, Plaintiff has failed to show the requisite due diligence for continuing the summary judgment deadline. And even

if Plaintiff was able to clear the due diligence hurdle, there is no showing of prejudice. Plaintiff has not identified what issues could be raised by Plaintiff and resolved in her favor, as a matter of law, if the summary judgment filing deadline was extended. Having listened to hours of argument regarding the claims in dispute, the court notes that Plaintiff's arguments rely on proving fraud, misrepresentation, or concealment of material facts. Such issues raise factual disputes, require assessing the credibility of witnesses, and rarely, if ever, can be decided as a matter of law.

Accordingly, and for all the foregoing reasons,

IT IS ORDERED that Plaintiff's motion, ([Filing No. 186](#)), is denied.

March 22, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge