IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM E. BITTERS; ROBERT W. BOLAND, JR.; JOHN L. HENRY; and UNITED FINANCIAL SERVICES, <br><br> Defendants. | 8:16CV183 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiff Estate of Joyce Rosamond Petersen's (the "estate") "Statement of Objections to Magistrate Judge's Order Dated March 14, 2018" (Filing No. 189) and "Statement of Objections to Magistrate Judge's Order Dated March 23, 2018" (Filing No. 190). For the reasons stated below, the objections are overruled.

## I.  BACKGROUND

While Joyce Rosamond Petersen ("Petersen") was still living, William E. Bitters ("Bitters") was her financial advisor.  On Bitters's advice, Petersen loaned $150,000 in 2008 to defendant John L. Henry ("Henry") and received a promissory note.  Henry never repaid the loan.  Petersen died on October 20, 2013.  On December 1, 2014, the estate filed suit in the United States District Court for the Eastern District of Texas against Henry, Bitters, United Financial Services ("UFS"), and Robert W. Boland, Jr. ("Boland" and collectively, the "defendants") for damages arising from the unpaid loan.[1]

After some disputes in the Eastern District of Texas involving service and personal jurisdiction, the case was transferred (Filing No. 57) to the District of Nebraska on

---

[1] Bitters allegedly conducts business as UFS, and Boland is allegedly an officer of UFS.

March 17, 2016, and the case was received (Filing No. 58) on April 25, 2016. The defendants moved to dismiss (Filing Nos. 68 and 70), but their motions were deemed mooted when the Court allowed (Filing No. 98) the estate to file an amended complaint (Filing No. 99). The defendants again moved to dismiss (Filing Nos. 104, 106, and 112), and the Court dismissed (Filing No. 121) three of the ten claims in the amended complaint.

After a planning conference, the magistrate judge[2] entered a Final Progression Order ("progression order") (Filing No. 127) setting trial for March 19, 2018, scheduling a status conference for October 24, 2017, and setting a November 1, 2017, written-discovery deadline and a November 30, 2017, deposition deadline. It appears no activity took place in the case for the next seven months until the estate served discovery on the defendants for the first time on September 19, 2017. At the October status conference, the estate informed the magistrate judge for the first time that Henry was not responding to discovery requests. The magistrate judge extended the trial date to June 25, 2018, the written-discovery deadline to December 1, 2017, and the deposition deadline to February 9, 2018.

On November 6, 2017, the magistrate judge held a hearing on the estate's discovery disputes with Henry, which included requests for admission, requests for production, and interrogatories. During the hearing, the parties went through the discovery requests individually and mostly resolved the requests for admission and the interrogatories. The magistrate judge informed the estate it could obtain many of the requested documents by directly subpoenaing the entities that possessed them, and, if the estate recovered any documents Henry claimed did not exist, the estate could then ask the magistrate judge to impose sanctions.

---

[2]The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

2

After a telephone conference on November 15, 2017, the magistrate judge scheduled a discovery conference for December 21, 2017, required a jointly prepared summary of remaining discovery disputes to be submitted by December 18, 2017, and extended the deadline for written discovery to January 16, 2018 (Filing No. 137). On November 16, 2017, the magistrate judge ordered (Filing No. 138) Henry to produce several responses and documents by December 4, 2017, and keep the Court updated on his address.[3] On December 6, 2017, the magistrate judge extended (Filing No. 144) the expert-witness deadlines in response to the estate's unopposed motion (Filing No. 143).

The estate moved to continue the discovery hearing on December 12, 2017, and the submission date for the summary of remaining discovery disputes on December 18, 2017. The magistrate judge extended the deadline for the summary to January 22, 2018, and set the conference for January 25, 2018.

On January 10, 2018, the estate notified Henry it intended to subpoena his accountant and subpoenaed the accountant on January 19, 2018. The estate took the accountant's deposition on January 29, 2018, where Henry appeared and was allegedly very disruptive and hostile.

On January 22, 2018, the estate provided a discovery-dispute summary to the magistrate judge that was over 250 pages. At the discovery conference on January 25, 2018, the magistrate judge first advised the parties to attempt to come to an agreement. After an hour in court and two and a half hours conferring, the parties were unable to

---

[3]Henry objected (Filing Nos. 139 and 150) to the order. The Court denied (Filing Nos. 149 and 151) those objections. The ruling on the objections was delayed because the plaintiffs did not file any responses or inform the Court they were not going to file responses.

resolve any issues. The subsequent in-court portion of the discovery hearing took over five hours.[4]

Boland and Bitters moved to extend the deadline for expert disclosure on February 6, 2018. On February 8, 2018, Henry moved for a protective order pertaining to documents obtained from the subpoena of his accountant[5] and moved to quash a subpoena duces tecum served on him in relation to Henry's alleged involvement in a business known as JSJ Manufacturing Inc. On February 11, 2018, the estate filed a Motion to Extend Deadlines; Make Alternative Service; Add New Defendants; and Sanction John L. Henry and Require Him to Sign an Authorization to Release IRS Records (Filing No. 166).[6]

The magistrate judge dealt with these issues in a March 14, 2018, Memorandum and Order (Filing No. 181). The magistrate judge denied Henry's motion for a protective order because of his own refusal to cooperate with the discovery process. Henry's motion to quash the subpoena duces tecum was denied as moot because the estate withdrew the subpoena. The magistrate judge determined the estate had shown good cause only for an extension of the deadline to depose party witnesses and denied the other requests for extension.[7] The magistrate judge denied sanctions as to Henry but stated "if Henry fails to produce documents as ordered in Filing No. 138 before March 26, 2018,

---

[4]On February 5, 2018, the magistrate judge issued a written order (Filing No. 160) on the discovery issues.

[5]In the estate's response to Henry's motion, it attempted to move for its own protective order.

[6]The estate wished to extend the deadlines for depositions, written discovery, expert-witness disclosure, and the amendment of the complaint.

[7]Because the magistrate judge denied the extensions, she did not address the estate's request for alternate service of subpoenas on Henry.

Henry will be ordered to appear before the court and sign an authorization permitting [the estate] to obtain records from the IRS."[8]

After Boland and Bitters moved (Filing Nos. 182 and 184) for summary judgment, the estate moved (Filing No. 186) to extend the deadline to file its own summary-judgment motion and requested an extension of the deposition deadline. This motion for extension was filed at 11:41 p.m. on the day of the deadline. The estate claimed one of its attorneys was ill and the other attorney was too busy to work on the case. Finding the estate's excuses unpersuasive, especially against the backdrop of the three-and-a-half year pendency of this lawsuit, and the continual inability of counsel for the estate to follow the rules of this Court, the magistrate judge denied (Filing No. 188) the estate's motion for lack of good cause.

## II. DISCUSSION

### A. Standard of Review

The estate's objections to the magistrate judge's orders are governed by 28 U.S.C. § 636(b)(1)(A). Under that section, the Court may reconsider the magistrate judge's rulings if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

### B. First Order

The estate objected (Filing No. 189) to the magistrate judge's partial denial (Filing No. 181) of its Motion to Extend Deadlines; Make Alternative Service; Add New Defendants; and Sanction John L. Henry and Require Him to Sign an Authorization to

---

[8]Filing No. 138 required Henry to produce almost all of the documentation sought by the estate from the IRS. Henry apparently did not meet the deadline, but the estate did not pursue enforcement of the magistrate judge's ruling.

Release IRS Records (Filing No. 166) on March 28, 2018. The estate's statement of objections contained multiple objections to the magistrate judge's decision.

### 1. Counter-motion for a Protective Order

The estate complains the magistrate judge did not rule on its "counter-motion" for a protective order to prevent Henry from attending depositions. The magistrate judge did not err in declining to rule because the estate's "counter-motion" was contained in a response brief (Filing No. 168) and was not a proper motion. *See* NECivR 7.1 (describing motions and response briefs separately). In addition, if the magistrate judge did not rule on the motion then the estate cannot object to that non-existent ruling.

### 2. Lack of Due Diligence

A progression order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Prejudice to the nonmovant is also a relevant factor to consider before extending progression deadlines, but courts do not need to reach that factor if the movant was not diligent. *Id*. at 717.

The magistrate judge determined the estate was not diligent because it "did not attempt to serve subpoenas on third parties until nearly a year after the case progression order was entered, three years after the case was filed, and less than a month before the deposition deadline." The magistrate judge also noted the case had been pending for two years, with approximately six months of the delay attributable to the estate's "failure to promptly effectuate service on the defendants, with an additional year caused by filing the lawsuit in a forum that lacked personal jurisdiction over them." The magistrate judge concluded that "despite the court's November 2017 assistance regarding Defendant Henry's discovery, [the estate] waited until the eleventh hour to subpoena third parties

identified during that hearing." The magistrate judge declined to extend most of the deadlines in the progression order.[9]

The estate argues that it has been diligent and attempts to blame the delay in the case on the non-cooperation of the defendants. After reviewing the record, the Court disagrees. The magistrate judge's determination that the estate was not diligent was not in error, much less clear error, and any further delay to the case in prejudice the defendants who have already waited three years to resolve a case arising out of a transaction in 2008.

### 3. Equitable and Judicial Estoppel

The estate's third and fourth arguments are that the defendants were equitably and judicially estopped from arguing that the estate "did not act with diligence because they did not submit discovery requests for the first six months" and they also "joined [the estate] in seeking prior extensions of time on the basis that [the estate] (and they) had acted, up until the dates of those filings, with diligence to support good cause."

The doctrines of equitable and judicial estoppel do not compel a reversal of the magistrate judge's decision. First, diligent conduct for a plaintiff is not necessarily the same as diligent conduct for a defendant because the plaintiff bears the burden of proof and must often gather more evidence than a defendant. Thus, it is not necessarily inconsistent for a defendant to argue that similar actions were diligent for itself and not for a plaintiff. Second, even if the defendants were estopped from arguing that the estate had not been diligent, the magistrate judge could have raised the issue herself because continual delays affect the interests of judicial economy. *See, e.g.*, *Salkeld v. Gonzales*, 420 F.3d 804, 810 (8th Cir. 2005) (deciding the denial of a continuance based on a concern for judicial economy is not arbitrary).

---

[9]The magistrate judge recognized, "Henry did not fully and timely respond to [the estate's] written discovery, necessitating a court order, and he has allegedly failed to comply with that order to date." Given Henry's lack of cooperation, the magistrate judge extended the deadlines for completing depositions.

7

### 4. Alleged Misrepresentation of Facts

The estate asserts the magistrate judge misrepresented facts "in an apparent attempt to paint [the estate] in a poor light." Even if this accusation were true, which it is not, for it to have any relevance to its objection, the estate must point to inaccurate factual representations that actually affected the magistrate judge's analysis. It has not done so.

While arguing that the magistrate judge misleadingly stated the factual record, the estate again begins to list grievances against Henry and attempts to blame its delay on the actions of the defendants. The Court has already addressed this argument and will not do so again.

### 5. Compliance with Local Rules

The estate contends the magistrate judge erred when she stated the estate did not comply with Nebraska Civil Rule 7.1. This claim is irrelevant because, although the magistrate judge noted in passing that the estate did not follow the local rules, the magistrate judge did not base her determination on that conclusion.

### 6. Denial of Leave to Amend the Complaint and to Add Expert Witnesses

The estate takes issue with the magistrate judge's refusal to extend the deadlines to file an amended complaint and to name new experts. This objection is merely a rehash of the estate's previous diligence argument and is overruled.

### 7. IRS Authorization

The estate had sought an order requiring Henry to sign an authorization allowing the estate to obtain records from the IRS. The magistrate judge allowed Henry until March 26, 2018, to produce the records the estate sought from the IRS, and if he did not, then Henry would be ordered to appear before the court and sign the IRS authorization.

Henry did not meet the deadline, but rather than bring this to the attention of the magistrate judge, the estate objected to this ruling two days after the deadline. In its

statement of objections, the estate complained that being required to file a third motion to compel would be an "undue and unnecessary burden" and the delay until March 26 was "unfair."

This argument is nonsensical. The magistrate judge did not require the filing of a motion to compel. The estate could have merely shown any lack of compliance to the magistrate judge and received an order requiring Henry to sign the authorization. Moreover, filing a motion to compel in accordance with the magistrate judge's earlier order is not more of a burden than filing a statement of objections and declaration totaling 107 pages. Any delay the estate identifies would still occur if this Court reversed the magistrate judge's order.[10] Finally, the estate has not cited any authority showing the requested IRS authorization was mandatory. The estate's alleged grievance here is baseless.

### 8. Request for Alternate Service of Subpoenas

The estate had requested the ability to perform alternate service on Henry and his family. The magistrate judge did not directly address this request, and the estate now asserts, "The Order held that 'no further discovery shall be served in this case' . . . and thereby indirectly denied Plaintiff's request to make alternative service of subpoenas on Henry's wife, son, and brother." Because the Court agrees with the magistrate judge that the deadlines should not be extended, including those for discovery, this argument is immaterial.

### 9. Consent to a Magistrate Judge

The estate argues it did not consent to have a magistrate judge decide any matters. It apparently overlooks the fact that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court[.]" 28 U.S.C. § 636(b)(1)(A). The estate's consent is not required.

---

[10] The only delay the Court can identify is the time between the magistrate judge's decision on March 14, 2018, and the March 26, 2018, deadline.

### 10. Sanctions Against Henry

The estate takes issue with the magistrate judge's denial of sanctions against Henry. It specifically argues, "Sanctions are mandatory," and cites Federal Rule of Civil Procedure 37(b)(2)(A); *Arnold v. ADT Sec. Servs.*, 627 F.3d 716, 720 (8th Cir. 2010); and *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 372 (D. Neb. 2004).

Rule 37(b)(2)(A) actually provides, "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." "Rule 37(b)(2) *permits* a court to impose sanctions[.]" *Carlson*, 226 F.R.D. at 372 (emphasis added).[11] Sanctions were not mandatory in this case, and the magistrate judge had the discretion to deny them.

None of the estate's arguments for reversing the magistrate judge's March 14, 2018, Memorandum and Order (Filing No. 181) are persuasive and its statement of objections (Filing No. 189) is overruled.

### C. Second Order

On April 6, 2018, the estate objected (Filing No. 190) to the magistrate judge's refusal to extend the deadlines for summary judgment and depositions. The estate's statement of objections again contained multiple objections.

### 1. Repeated Arguments

The following arguments made by the estate are identical to those made and addressed previously: (1) the magistrate judge mistakenly said the estate did not comply with Nebraska Civil Rule 7.1, (2) the magistrate judge incorrectly decided the estate lacked due diligence, (3) the defendants should be equitably and judicially estopped from arguing the estate failed to act diligently, and (4) the estate did not consent to a magistrate judge. These objections are overruled for the same reasons as stated above.

---

[11]Sanctions are required in the form of attorney fees after a successful motion to compel. Fed. R. Civ. P. 37(a)(5)(A); *Arnold*, 627 F.3d at 720. There was no such successful motion in this case.

### 2. Opportunity to Reply to the Response

The estate contends the magistrate judge violated Nebraska Civil Rule 7.1(c) when she ruled on the motion to continue before it could file a reply brief. The estate overlooks Nebraska General Rule 1.1(c), which explains, "[I]n the interest of justice a judge may deviate from this court's rules and procedures." Even if the magistrate judge did violate Rule 7.1(c), it was harmless because the estate has included the arguments it would have made in its reply brief in its statement of objections and, as elaborated on below, the Court determines them to be unpersuasive.

### 3. Impossibility of the Pretrial Schedule

According to the estate, "The [progression order] set an impossible schedule that deprived [the estate] of any opportunity to seek critical discovery for use at summary judgment and at trial."

If the progression order had truly set an impossible schedule, the proper time to ask for an extension would have been much earlier than 11:41 p.m. on the day of the deadline. If the estate would have been diligent in prosecuting the case, then it would have been able to complete discovery before the deadline, or at least discover that extension was necessary before what was literally the eleventh hour.

### 4. Unavailability of the Estate's Counsel

The estate disputes the magistrate judge's conclusion that the estate was not diligent, claiming that one of the estate's attorneys was violently ill and the other was extremely busy. The Court finds that the magistrate judge's findings were not clearly erroneous. Even if the two attorneys were unable to work on the case, then they should have filed their extension much earlier than they did. The Court does not believe that being busy excuses a lack of diligence; the attorneys took the case and are responsible for its timely disposition.

### 5. Sufficient Time for Defense Counsel to Respond

The estate argues the magistrate judge mistakenly found the estate did not give the defendants enough time to respond to the motion. In support of this allegation, the estate argues that counsel for Bitters and Boland electronically filed a brief one hour after the estate sent him an email requesting his position on the motion. The estate concludes the attorney "was obviously online since he filed a motion one hour later, but he chose not to respond."

First, the magistrate judge merely stated that the estate did not contact opposing counsel until the last minute. That statement was not clearly erroneous. According to the estate, the email to opposing counsel was sent at 8:51 p.m. The estate's conclusion that opposing counsel obviously saw the email but chose not to respond because a brief was filed an hour later is also extremely speculative. This is not grounds to reverse the magistrate judge's order.

### 6. Prejudice

The estate claims "the magistrate judge's order incorrectly states that [the estate] made no showing of 'prejudice' in not being able to depose Henry's family members." This misunderstands the magistrate judge's ruling.

The magistrate judge actually ruled that there was no prejudice to the estate from not being able to depose Henry's family members before the expiration of the summary judgment deadline on March 20, 2018, because the estate's "arguments rely on proving fraud, misrepresentation, or concealment of material facts. Such issues raise factual disputes, require assessing the credibility of witnesses, and rarely, if ever, can be decided as a matter of law."

### 7. The Supreme Court's *Pioneer* Decision

The estate takes issue with the magistrate judge's failure to address the United States Supreme Court's decision in *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394 (1993).

A court need not address every case cited by the parties. What is more, *Pioneer* does not apply here. *Pioneer* dealt with the meaning of "excusable neglect" within Federal Rule of Bankruptcy Procedure 3003(c). *Id.* at 382-83. The applicable standard when determining to modify a progression order is "good cause," which is a more stringent standard. Fed. R. Civ. P. 16(b)(4); *see Bartunek v. Bubak*, 941 F.2d 726, 728 (8th Cir. 1991) (referring to "excusable neglect" as a more stringent standard than "good cause").

The magistrate judge has been open-minded, patient and timely in her rulings on the numerous and varied discovery and progression issues that have arisen in this case. Because the estate's arguments for overruling the magistrate judge's refusal (Filing No. 188) to extend the deadlines for summary judgment and depositions are unconvincing, the estate's statement of objections (Filing No. 190) is overruled.

## III. CONCLUSION

The magistrate judge's decisions (Filing Nos. 181 and 188) were not clearly erroneous or contrary to law. Accordingly,

IT IS ORDERED:
1. The Estate of Joyce Rosamond Petersen's Statement of Objections to Magistrate Judge's Order Dated March 14, 2018 (Filing No. 189) is overruled.
2. The Estate of Joyce Rosamond Petersen's Statement of Objections to Magistrate Judge's Order Dated March 23, 2018 (Filing No. 190) is overruled.

Dated this 3rd day of May, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge