IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM E. BITTERS, ROBERT W. BOLAND JR., and JOHN L. HENRY,<br><br>Defendants. | **8:16CV183**<br><br>**MEMORANDUM AND ORDER** |

A pretrial conference was held yesterday for the above-captioned action. As to the witness list, counsel for both parties were asked if all witnesses listed were timely disclosed as potential trial witnesses as required under the federal rules. See Fed.R.Civ.P. 26 (a)(3). Plaintiff's counsel affirmed that Defendant's witnesses (Bitters and Bitters' retained expert) were previously disclosed. (Filing No. 224, audio file, 53:00-53:15).

However, Bitters' counsel stated he was not previously advised that Plaintiff intended to call defense counsel, Matthew M. Zarghouni, as a trial witness. As such, Defendant objected to listing Matthew M. Zarghouni as a witness for Plaintiff in the pretrial conference order. To discern whether the objection was valid, the court requested a copy of Plaintiff's pre-trial witness disclosure. Plaintiff's counsel stated the disclosure would be sent to the court for review by email, and the court anticipated receiving that email during the pretrial conference itself. (Filing No. 224, audio file, 44:00-46:05; 48:55-53:00). The email did not arrive by the time the pretrial conference ended at 11:30 a.m. A reminder email requesting an immediate response was sent to all counsel by the undersigned magistrate judge at 3:20 p.m. At 4:30 p.m., the court entered an order which stated that "[o]n or before 11:00

a.m. on June 27, 2018, counsel for Plaintiff shall file a copy of the trial witness disclosures Plaintiff served on Defendant Bitters as required under Fed. R. Civ. P. 26(a)(3)(A)(i-ii) and (a)(3)(B)." (Filing No. 225).

Plaintiff's 205-page response was filed at 10:31 a.m. today. (Filing No. 226). The trial witness list Plaintiff served on March 6, 2018 did not list defense counsel, Matthew M. Zarghouni, as a trial witness. (Filing No. 226 at CM/ECF pp. 13-16). The proposed pretrial order sent to the court on June 7, 2018, for the pretrial conference then scheduled for June 12, 2018 did not list Matthew M. Zarghouni as a trial witness. (Filing No. 226 at CM/ECF pp. 17-53). Based on the filings of record, Matthew M. Zarghouni was not identified as a Plaintiff trial witness until June 22, 2018, when the court received Plaintiff's proposed pretrial conference order for the pretrial conference re-scheduled to June 26, 2018.[1] Trial is scheduled to commence on July 9, 2018.

Plaintiff argues that by requesting a listing of trial witnesses in the parties' proposed pretrial conference order, the court modified the witness disclosure deadlines in Fed. R. Civ. P. 26(a)(3)(B). This argument lacks merit. The pretrial conference is governed by Rule 16; mandatory pretrial disclosures are governed by Rule 26. Nothing in Rule 16 of the Federal Rules, this court's local rules governing final pretrial conferences, (see NECivR 16.2), or my orders implementing those rules, negates the duty and timing for trial witness disclosures under Rule 26 of the Federal Rules of Civil Procedure.

---

[1] While other trial witnesses for Plaintiff were also not timely disclosed, Defendant did not object to the listing of those witnesses during the pretrial conference. As such, the court will address the untimely disclosure of only Matthew M. Zarghouni as a trial witness.

Matthew M. Zarghouni was not timely identified as a trial witness for Plaintiff as required under [Fed. R. Civ. P. 26(a)(3)(A)(i-ii) and (a)(3)(B)](#).

Accordingly,

IT IS ORDERED that Defendant's objection is sustained, and Matthew M. Zarghouni is stricken as a trial witness for Plaintiff.

June 27, 2018

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge