# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN, deceased; | **8:16CV183** |
| Plaintiff, | |
| vs. | **ORDER** |
| WILLIAM E. BITTERS, and JOHN L. HENRY, | |
| Defendants. | |

At the time of the pretrial conference, the parties submitted an exhibit list which was improperly incorporated into the body of the final pretrial conference order, (see NECivR 16.2(a)(1)), with exhibit numbering that did not comply with the court's local rules. See NECivR 39.3(d). I offered to fix those issues for counsel, and to file the exhibit list after the conference. Counsel expressed appreciation for this assistance.

On June 27, 2018, the day after the pretrial conference held on June 26, 2018, Plaintiff's counsel emailed me, with defense counsel copied, and asked me add two exhibits to the trial exhibit list. Today, I asked if either Defendant or Plaintiff had anything further that needed to be added to the exhibit list, including objections, before the final exhibit list was filed. Defense counsel asked that I note Defendant's evidence rule objections, along with a Rule 26(a)(3) objection to Plaintiff's two additional exhibits because they were never previously disclosed as trial exhibits. Defendant further asked the court to add the CV of Bitters' expert witness to the exhibit list. I then entered an order requiring Plaintiff's counsel to file documentation showing Plaintiff's two additional exhibits were previously and

timely disclosed as trial exhibits, and to state if and what objections it wanted to note on the exhibit list regarding the CV of Defendant's expert.

In an email sent to the undersigned magistrate judge and all counsel, Plaintiff's counsel objected to allowing additional exhibits to be added to the exhibit list by email request, complaining that this process showed favoritism to the defendant. Plaintiff's counsel further states he does not have time to file another brief, presumably on the exhibit disclosure issue. See attached.

Under the court's local rules, all exhibits must be listed in the exhibit list prior to the pretrial conference. NECivR 16.2(a)(1). As such, since objections have been raised by both sides, and since my efforts to assist have been misconstrued by Plaintiff's counsel, I will strictly enforce the local rules and will not honor either parties' post-pretrial conference request to add exhibits to the trial exhibit list.

June 29, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

| From: | Robert Gaudet |
|---|---|
| To: | Cheryl_Zwart@ned.uscourts.gov; Joel Feistner |
| Cc: | hamilton@texaslawman.net; matt@zar-law.com; Karin Gaudet-Asmus |
| Subject: | Re: issues list |
| Date: | 06/29/2018 11:53 AM |

Dear Magistrate Judge Zwart:

If the Court does not allow Plaintiff to add two exhibits then Plaintiff would object to the unequal treatment of the Court in allowing Defendant to add an exhibit where Plaintiff has not been allowed to do so.

Plaintiff also objects that the Court is receiving email motions from Defense whereas, in the past, the Court emailed Plaintiff that it did not wish to hear issues by email when they were raised by Plaintiff.

Plaintiff also objects that the Court has put the burden of proof on Plaintiff (Dkt. #230) regarding two exhibits to add whereas Defendant has not been similarly required to make a filing to support its introduction of an exhibit that was not in the exhibit list submitted in the Pretrial Conference Order.

It is Plaintiff's understanding that one of the exhibits (pictures of Ms. Petersen) was discussed at the pretrial conference on June 26 and accepted but now the issues is being revisited. Plaintiff objects to this and to the Court's order of today requiring a filing to be made before the close of business on this issue, insufficient time when the Court has already overburdened Plaintiff with filing three other briefs by today.

Sincerely,
Robert J. Gaudet, Jr.
Plaintiff's co-counsel

---

**From:** Cheryl_Zwart@ned.uscourts.gov <Cheryl_Zwart@ned.uscourts.gov>
**Sent:** Friday, June 29, 2018 10:07 AM
**To:** Joel Feistner
**Cc:** hamilton@texaslawman.net; matt@zar-law.com; "robert@rjgaudet.com"@uscmail.uscourts.gov
**Subject:** RE: issues list

I will be entering an order requiring Plaintiff to show that the two additional exhibits were disclosed at least 30 days before trial as required under Rule 26.

In the meantime, I have added the defense expert's CV to the exhibit list. Does Plaintiff have any objection I should add to the list as to that exhibit?

Cheryl R. Zwart

Magistrate Judge

United States District Court-Nebraska

100 Centennial Mall N. #566

Lincoln, NE 68508

(402) 437-1670 (office)

| | |
|---|---|
| From: | Joel Feistner <JFeistner@lpdbhlaw.com> |
| To: | "Cheryl_Zwart@ned.uscourts.gov" <Cheryl_Zwart@ned.uscourts.gov> |
| Cc: | "matt@zar-law.com" <matt@zar-law.com>, "\"robert@rjgaudet.com\"@uscmail.uscourts.gov" <"robert@rjgaudet.com"@uscmail.uscourts.gov>, "hamilton@texaslawman.net" <hamilton@texaslawman.net> |
| Date: | 06/29/2018 10:51 AM |
| Subject: | RE: issues list |

Judge Zwart:

Defendant Bitters objects to both of Plaintiff's proposed exhibits for the reason that they were not included in any prior Exhibit List. Further objections to the photographs in particular will be set forth in Defendant Bitters' Motion in Limine, and will include objections based on Federal Rules of Evidence 402 and 403. Further objection to the pre-suit ex parte testimony of First National Bank is based on Federal Rules of Evidence 402, 403, and 802.

The only exhibit Defendant Bitters would add is the CV of defense expert Dr. Edward Lawrence.

Lastly, I understand that ultimately it will be up to Judge Rossiter to determine the level of participation, if any, to be allowed to Mr. Gaudet and Mr. Zarghouni given our discussion at the Pretrial Conference, but I was wondering if we might obtain some guidance on that issue in the near term, to assist in determining trial preparation and travel arrangements.

Thank you again for your consideration.


Joel E. Feistner

LOCHER PAVELKA DOSTAL

 BRADDY & HAMMES, LLC

200 The Omaha Club
2002 Douglas Street
Omaha, NE  68102
Phone:  (402) 898-7000
Fax:  (402) 898-7130
**jfeistner@lpdbhlaw.com**

This e-mail (including attachments) may be attorney/client privileged and is confidential information covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and any other applicable law, and is intended to be reviewed by only the individual, organization or entity named above. If you are not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any review, retention, dissemination, distribution or copying of this communication is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system in to which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Locher Pavelka Dostal Braddy & Hammes, LLC or the author hereof in any way from its use. If you have received this

communication in error, please immediately notify us by return e-mail. Thank you.

**From:** Cheryl_Zwart@ned.uscourts.gov [mailto:Cheryl_Zwart@ned.uscourts.gov]
**Sent:** Friday, June 29, 2018 10:22 AM
**To:** hamilton@texaslawman.net
**Cc:** Joel Feistner; matt@zar-law.com; zwart@ned.uscourts.gov; "robert@rjgaudet.com"@uscmail.uscourts.gov
**Subject:** Re: issues list

Counsel:

As requested by Plaintiff's counsel, I will be adding the exhibits below to the exhibit list before I file it. Should I also be adding objections by Defendant?

Are there any additional exhibits that need to be added to the list by any of you?

Cheryl R. Zwart
Magistrate Judge
United States District Court-Nebraska
100 Centennial Mall N. #566
Lincoln, NE  68508
(402) 437-1670 (office)

| | |
|---|---|
| From: | <hamilton@texaslawman.net> |
| To: | <zwart@ned.uscourts.gov> |
| Cc: | "'Joel Feistner'" <JFeistner@lpdbhlaw.com>, <matt@zar-law.com> |
| Date: | 06/27/2018 04:28 PM |
| Subject: | issues list |

Dear Judge Zwart:

**Exhibit List**. Due to a malfunction to my computer's email, now repaired, I did not know I received your email dated June 26 at 3:25 pm CT regarding your changes to the list of exhibits.

I see that the only change is that the facts for Defendant have been moved, which is helpful to Plaintiff.

We would like to add two more exhibits to the list for Plaintiff. It is a set of responses by First National Bank to written deposition questions. Also I have some pictures of the plaintiff Ms. Petersen. We inadvertently forgot to mention this in the exhibit list.

**Statement of Issues**. At the pretrial conference, you indicated we should check the jury instructions and find elements to insert into a section of the pretrial conference order. I met with Mr. Feistner afterwards to do.

Mr. Feistner drafted a "statement of issues." However, Plaintiff has many points of disagreement with the "statement of issues" that he drafted. It is quite long, it would not fit into the "Controverted Fact" chart required by the Court's template, and it contains many statements and omissions with which Plaintiff disagrees.

Moreover, my co-counsel and I are unclear as to where a "statement of issues" would fit into the Pretrial Conference Order. Per the Local Civil Rules, we used the template form for a Pretrial Conference Order that appears on the Court's website. It does not contain a section called "statement of issues."

I was also unclear as to whether you had instructed us to write jury instructions. I thought you had. I talked to Mr. Feistner this afternoon to ask for clarification. He responded that he did not think we have to write the jury instructions, just a "statement of issues." We agreed that he would send in the statement of facts he has completed on his list to date, and ask if that is the correct form for the statements of issues.

Prior to submitting the Pretrial Conference Order on June 23, Plaintiff worked with Mr. Feistner's co-counsel, Matthew Zarghouni, to fill in the Pretrial Conference Order chart pursuant to the template form that is available on the Court's website and required by the Local Civil Rules. We submitted this Pretrial Conference Order to you on June 23. It contains a chart for "Controverted Fact" and a chart for "Uncontroverted Fact." Per the instructions in the Court's template form, we inserted the elements for each cause of action. Although the elements are not numbered, they track the elements as they were stated in the Court's order on summary judgment.

Plaintiff does not understand precisely what the Court, now, wants us to do. Is the Court asking the parties to revise the Pretrial Conference Order to insert new material into the "Controverted Fact" chart and Uncontroverted Fact Chart, then, re-submit the Pretrial Conference Order to the Court, thereby extending the deadline for final submission of the Pretrial Conference Order? Is the Court asking us to insert a new section titled "statement of issues" into the Pretrial Conference Order?
If so, then respectfully asks that the Court please issue an order to that effect and give the parties reasonable time to make the changes. The time frame to accomplish such a goal

should take into account that I need to consult with Defendant Henry about his views on any changes, i.e. as to whether the statements are "Controverted" or "Uncontroverted."

I also need reasonable time to make changes because I am traveling back to Dallas today. I also have three briefs to work on: two Statements of Objection and a motion for reconsideration of summary judgment. You gave us a soft deadline (without an order) of Friday, June 29 to submit all three briefs even though the Local Civil Rules give us 10 days until Sunday, July 1 with an automatic extension until Monday, July 2. This is insufficient time for the briefs. I certainly cannot do them and draft a new "statement of issues" or make new changes to the "Controverted Fact" and "Uncontroverted Fact" sections, all within the same three days.

Looking over Mr. Feistner's "statement of issues," Plaintiff disagree with the length of his prose and many of the statements that he prepared and omitted. In addition, to more fully explicate some of the issues, it is not as easy as looking at jury instructions because there are no model jury instructions for certain issues.

You advised us to check the Court's bank of jury instructions. Mr. Feistner believed they did not apply. My co-counsel and I checked but there is no category of instruction, in the bank, for breach of fiduciary duty. For us to invest the time, now, to essentially prepare a new jury instruction on breach of fiduciary duty will take some time. We are prepared to do it by the time of trial but we cannot possibly do it by your soft deadline of yesterday (within hours after the pretrial conference) or your soft deadline extension until today at 5:00 pm.

To redraft the "Controverted Fact" and "Uncontroverted Fact" sections of the Pretrial Conference Order or to draft a new "statement of issues" (which is not even called for by the Local Civil Rules or the model template Pretrial Conference Order on the Court's website), it will take more than 24 hours to go through 100+ facts listed on the Pretrial Conference Order "Controverted Fact" and "Non-controverted Fact" charts and consolidate them.

I extended my stay in Omaha by 24 hours in hopes of getting more done. However, I will have to travel this afternoon, back to Dallas, due to the huge number of people here for the NCAA College Bowl games fans and the lack of accommodations. I have to leave early this afternoon to get home this evening, and I am not as quick at making preparations while I am away from my office.

Further, I had to visit with witnesses while in Omaha that has taken a good deal more time than I expected.

Therefore, Plaintiff is requesting that the Court: (1) issue an order clarifying what it wants the parties to do (e.g. revise the "Controverted Fact" and "Non-controverted Fact" sections of the Pretrial Conference Order or create an entirely new "Statement of Issues" section to replace them); (2) give reasonable time, i.e. one week, to perform this work in light of the three briefs that Plaintiff must prepare this week; and (3) extend the soft deadline stated yesterday for all three briefs to Monday, July 2.

We had to comply by today at 11 am with the Court's order to file a witness list disclosure. It is not physically possible for us to do this, agree on a "statement of issues" that is not required by the Local Civil Rules, and write three briefs, within 24 hours.

Thank you.

Best regards,

J Hamilton McMenamy
Attorney at law
8222 Douglas Avenue, Suite 850
Dallas TX 75225
hamilton@texaslawman.net
214-706-0938 Phone
214-785-2843 Fax


 [attachment "image001.jpg" deleted by Cheryl Zwart/NED/08/USCOURTS] [attachment "image002.png" deleted by Cheryl Zwart/NED/08/USCOURTS] [attachment "image003.png" deleted by Cheryl Zwart/NED/08/USCOURTS]