IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN, | **8:16CV183** |
| Plaintiff, | |
| v. | **ORDER** |
| WILLIAM E. BITTERS and JOHN L. HENRY, | |
| Defendants. | |

This matter is before the Court on plaintiff Estate of Joyce Rosamond Petersen's (the "estate") "Statement of Objections to the Magistrate Judge's Order Dated June 20, 2018 Denying Plaintiff's Motion for Sanctions against Defendant Robert W. Boland and His Counsel for Obstructing Deposition and Request for Second Deposition and Rule 56(D) Continuance" (Filing No. 229), "Statement of Objections to Magistrate Judge's Order Dated June 28, 2018" (Filing No. 231), and "Statement of Objections to the Magistrate Judge's Order Dated June 20, 2018 Denying Plaintiff's Motion for Sanctions and Adverse Inferences against Defendants Bitters and Boland and Counsel for Non-Compliance with Discovery Order and for Rule 56(D) Continuance or Denial and for Extension of Trial Date" (Filing No. 237).

The estate's objections to the magistrate judge's[1] orders are governed by 28 U.S.C. § 636(b)(1)(A). Under that section, the Court may reconsider the magistrate judge's rulings if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712,

---

[1]The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

In its first Statement of Objections (Filing No. 229), which runs for eighty-seven pages and inexplicably ends with six pictures of Joyce Rosamond Petersen, the estate objects to the magistrate judge's denial of sanctions and an extension of time for discovery. In its second Statement of Objections (Filing No. 231), which runs thirty-five pages, the estate objects to the trial schedule established by the magistrate judge and the magistrate judge's removal of the "Controverted Facts" section from the parties' proposed pretrial conference order. Finally, in its third Statement of Objections (Filing No. 237), which runs one hundred twenty-seven pages, the estate objects to the magistrate judge's denial of sanctions and adverse inferences, as well as the magistrate judge's refusal to accommodate the estate's continual delays.

The estate complains about the conduct of the magistrate judge in each of its filings, such as claiming the magistrate judge "has not been impartial and unbiased" and requesting the magistrate judge be recused. This continues the estate's pattern of disrespect toward the magistrate judge that has existed since even before the estate's incredible and uninformed argument that the magistrate judge needed its consent to rule on pretrial matters.

These current criticisms and the prior criticisms of the magistrate judge are unwarranted and baseless. The magistrate judge has been open-minded, patient, and timely in her rulings on the numerous and varied issues that have arisen in this case due to the often- unprofessional litigation activities of the parties. Rather than focus their energies on timely progressing the case and protecting the rights of their client, estate's counsel has filed voluminous pleadings on every minor issue that has arisen and then complained about the magistrate judge's disposition on virtually each and every subject upon which she has given assistance or ruled. The Court will not order the magistrate judge to recuse herself.

After review, the Court concludes the magistrate judge's decisions (Filing Nos. 219, 220, and 228) were not clearly erroneous or contrary to law. Accordingly, the estate's objections (Filing Nos. 229, 231, and 237) are overruled.

IT IS SO ORDERED.

Dated this 2nd day of July, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge