IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN, | |
| Plaintiff, | 8:16CV183 |
| v. | SUPPLEMENTAL ORDER ON PRETRIAL CONFERENCE |
| WILLIAM E. BITTERS and JOHN L. HENRY, | |
| Defendants. | |

A final pretrial conference was held on June 26, 2018. Prior to the conference and at the conference, the magistrate judge[1] instructed plaintiff Estate of Joyce Rosamond Petersen (the "estate") and defendant William E. Bitters ("Bitters")[2] to jointly draft controverted and unresolved issues. *See* NECivR 16.2(a)(2)(C). Instead, the estate and Bitters drafted detailed but unnecessary "controverted facts."[3] Accordingly, the Order on Final Pretrial Conference (Filing No. 234) will be amended to reflect the issues which the Court has determined are the issues left for trial – setting forth the elements.[4] Section (C) of that Order[5] is amended to conform to Local Rules and now reads as follows:

---

[1] The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

[2] Defendant John L. Henry ("Henry") did not attend the conference.

[3] As the magistrate judge explained in detail at the pretrial conference, the parties are required to set forth "Controverted and Unresolved Issues." *See id.* The magistrate judge gave lead counsel who were present at the pretrial conference the opportunity to properly restate their controverted facts as issues to be decided by the Court/jury and even pointed counsel to the Nebraska Pattern Jury Instructions for guidance on the elements. Even then the parties could not agree on issues.

[4] It appears the parties could agree to little but did stipulate on the record at the pretrial conference that Nebraska law applies to all claims.

[5] All other portions of the Pretrial Order remain in effect.

**(C) Controverted and Unresolved Issues.**

The issues remaining to be determined and unresolved matters for the Court's attention are:

    **1. The Estate's Claims Against Bitters**

        **(a) Breach of Fiduciary Duty**

As to the estate's claim against Bitters for breach of fiduciary duty:

- Whether Bitters owed the estate[6] a fiduciary duty;
- Whether Bitters breached that duty;
- Whether that breach was the proximate cause of some damage to the estate;
- The nature and extent of the estate's damages (see **Damages** below).

        **(b) Negligence and/or Gross Negligence**

As to the estate's claim against Bitters for negligence and/or gross negligence:

- Whether Bitters owed a duty to the estate;
- Whether Bitters breached that duty;
- Whether that breach was the proximate cause of some damage to the estate;
- The nature and extent of the estate's damages (see **Damages** below).

        **(c) Professional Negligence**

As to the claim that Bitters committed professional negligence:[7]

---

[6] The Court refers to the plaintiff as the "estate," but this also includes Joyce Rosamond Petersen while she was still living.

- Whether Bitters was a professional;
- Whether Bitters owed a duty as a professional to the estate;
- Whether Bitters breached that duty;
- Whether that breach was the proximate cause of some damage to the estate;
- The nature and extent of the estate's damages (see **Damages** below).

### (d) Breach of Contract

As to the estate's claim against Bitters for breach of contract:

- Whether a contract existed between the estate and Bitters relating to Bitters's status as a financial advisor;
- The terms of the contract;
- Whether Bitters breached the contract in one or more of the ways claimed by the estate;
- Whether this breach of contract was a proximate cause of some damage to the estate;
- The nature and extent of that damage. (see **Damages** below).

### (e) Breach of Implied Duty of Good Faith and Fair Dealing

As to the estate's claim against Bitters for breaching the implied duty of good faith and fair dealing:

- Whether a contract existed between the estate and Bitters;
- The terms of the contract;

---

[7]The estate's complaint alleges negligence and/or gross negligence. The professional negligence issue became part of this lawsuit when Bitters affirmatively alleged that his negligence, if any, was committed in his professional capacity and is therefore subject to Nebraska's two-year statute of limitations.

3

- Whether Bitters's conduct injured the estate's right to receive the benefit of the contract;
- Whether Bitters's breach of the implied duty of good faith and fair dealing was claims a proximate cause of some damage to the estate;
- The nature and extent of that damage. (see **Damages** below).

### (f) Fraud

As to the estate's claim against Bitters for fraud:

- Whether Bitters made a representation to the estate;
- Whether the representation was false;
- Whether, when made, Bitters knew the representation was false or made the representation recklessly without knowledge of its truth and as a positive assertion;
- Whether the representation was made with the intention that the estate should rely on it;
- Whether the estate did rely on the representation;
- Whether the estate suffered damages as a result;
- The nature and extent of that damage. (see **Damages** below).

## 2. Bitters's Affirmative Defenses

### (a) Breach of Fiduciary Duty, Negligence and/or Gross Negligence, and Breach of Implied Duty of Good Faith and Fair Dealing.

As to the estate's claims for breach of fiduciary duty, negligence and/or gross negligence, or breach of the implied duty of good faith and fair dealing, Bitters affirmatively alleges:

- These claims are barred, in whole or in part, by the estate's own negligence.

- These claims are barred by the applicable statute of limitations in that:
    - Bitters was serving as a professional when the allegations at issue occurred, and the estate's claims are therefore barred by the 2-year statute of limitations provided by Neb. Rev. Stat. § 25-222; and
    - Even if he was not serving as a professional, the estate's claims are barred by the 4-year statute of limitations provided by Neb. Rev. Stat. §25-207.

### (b) Breach of Contract.

As to the estate's claims for breach of contract, Bitters affirmatively alleges this claim is barred by the applicable statute of limitations in that:

- any claim for breach of written contract is barred by the 5- year statute of limitations provided by Neb. Rev. Stat. §25-205, and
- any claim for breach of oral contract is barred by the 4-year statute of limitations provided by Neb. Rev. Stat. §25-206.

### (c) Fraud.

Bitters affirmatively alleges that any claim for fraud is barred by the 4-year statute of limitations provided by Neb. Rev. Stat. §25-207.

### (d) Estoppel to assert the Statute of Limitations

The estate alleges Bitters is equitably estopped from asserting the statute of limitations as an affirmative defense that as to any and all of the estate's claims. As to this estoppel argument, the estate must prove:

- Bitters's conduct amounted to a false representation or concealment of material facts, or at least which is calculated to convey the impression that the facts are

5

otherwise than, and inconsistent with, those which the party subsequently attempts to assert;
- Bitters intended, or at least expected, that his conduct would be acted upon by or influence the estate;
- Bitters had knowledge, actual or constructive, of the real facts;
- The estate lacked knowledge and the means of knowledge of the truth as to the facts in question;
- The estate relied, in good faith, upon the conduct or statements of Bitters;
- The estate's action or inaction based thereon was of such character as to change the estate's position or status to its injury, detriment, or prejudice.

### 3. The Estate's Claims Against Henry

#### (a) Breach of Contract

- Whether a contract existed between the estate and Henry;
- The terms of the contract;
- Whether Henry breached the contract in one or more of the ways claimed by the estate;
- Whether this breach of contract was a proximate cause of some damage to the estate;
- The nature and extent of that damage. (see **Damages** below).

#### (b) Breach of Implied Duty of Good Faith and Fair Dealing

As to the estate's claim against Henry for breaching the implied duty of good faith and fair dealing:

- Whether a contract existed between the estate and Henry;
- The terms of the contract;

- Whether Henry's conduct injured the estate's right to receive the benefit of the contract;
- Whether Henry's breach of the implied duty of good faith and fair dealing was claims a proximate cause of some damage to the estate;
- The nature and extent of that damage. (see **Damages** below).

### (c) Fraud

As to the estate's claim against Henry for fraud:

- Whether Henry made a representation to the estate;
- Whether the representation was false;
- Whether, when made, Henry knew the representation was false or made the representation recklessly without knowledge of its truth and as a positive assertion;
- Whether the representation was made with the intention that the estate should rely on it;
- Whether the estate did rely on the representation;
- Whether the estate suffered damages as a result;
- The nature and extent of that damage. (see **Damages** below).

### 4. Henry's Affirmative Defenses

Henry alleged the estate's claims were barred by the statute of limitations. Because Henry did not attend the pretrial conference and did not participate in drafting the proposed pretrial conference order, his affirmative defenses are deemed waived.

### 5. Damages

As to the estate's claims for damages against both Bitters and Henry:

- Whether the estate is entitled to recover the principal on the promissory note plus unpaid interest at the rate of compound interest until the present time because Bitters should have drafted the promissory note to include such interest after default.
- Whether the estate is entitled to recover the unpaid principal on the promissory note plus interest.
- Whether the estate is entitled to recover prejudgment interest on the promissory note.
- Whether the estate is entitled to recover compensatory damages on any of his claims arising under tort law.
- Whether the estate is entitled to recover punitive damages because Bitters and Henry acted with deliberation or reckless disregard.[8]
- Whether the estate is entitled to recover attorney fees.[9]
- Whether the estate is entitled to recover expert witness fees.

IT IS SO ORDERED.

Dated this 3rd day of July, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

[8] Lead counsel of the estate was informed that Nebraska law is settled and punitive damages are not available under Nebraska law. *O'Brien v. Suburban Air Freight, Inc.*, 298 Neb. 109, 903 N.W.2d 432 (2017). The claim for punitive damages is dismissed and will not be submitted to the jury.

[9] "A party may recover attorney fees and expenses in a civil action only when a statute permits recovery or when the Nebraska Supreme Court has recognized and accepted a uniform course of procedure for allowing attorney fees." *Vlach v. Vlach*, 835 N.W. 2d 72, 78 (Neb. 2013). Additionally, although the promissory note provides for attorney fees in case of a breach, under Nebraska law such a provision "is contrary to public policy and void." *Parker v. Lindquist*, 693 N.W.2d 529, 531 (Neb. 2005).

8