# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF JOYCE ROSAMOND PETERSEN, | |
| Plaintiff, | **8:16CV183** |
| v. | **ORDER** |
| WILLIAM E. BITTERS and JOHN L. HENRY, | |
| Defendants. | |

This matter is before the Court on defendant William E. Bitters's ("Bitters") Motion in Limine (Filing No. 238). Bitters asks the Court to preclude plaintiff Estate of Joyce Rosamond Petersen (the "estate") and its witnesses from mentioning or introducing evidence relating to eighteen different topics at trial. No response has been received from the estate as of this date. Given that trial is set to begin on July 10, 2018, the Court issues the following rulings.

### A. GRANTED

Bitters's motion is granted as to the following numbered paragraphs of the Motion in Limine, as such evidence or arguments are clearly excludable or improper. The estate and its witnesses are prohibited from referencing the following subjects or introducing evidence related to them.

1. Any statement or reference to this Motion or its contents, or any argument, allegation, or implication to the effect that certain matters are being "kept from the jury" or that the jury is not being allowed to hear "the truth."
2. Any statement or reference to prior rulings of the Court in the captioned lawsuit, including rulings on discovery disputes and summary judgment.

3. Any statement or reference to prior discovery disputes between the parties or attempts to argue or imply that Defendant Bitters has failed to comply with discovery requests or Order of the Court.

4. Any settlement discussions, offers to compromise, or compromises involving Defendant Bitters, Defendant Bitters' representatives, Plaintiff, and Plaintiff's representatives.

5. Requests from Plaintiff or Plaintiff's counsel directed to Defendant Bitters or Defendant Bitters' attorneys to stipulate either to the admissibility of any evidence or stipulate to any facts or matters in front of the jury.

6. Asking the jurors to place themselves in the position of the Plaintiff or Plaintiff's decedent and imagine that person's pain or emotions.

7. Any reference, statement, or commentary by Plaintiff's counsel to the jury about acting as the "conscience of the community" or "voice of the community," or in any way suggesting that the verdict should be based on "protecting society" or some public imperative.

8. Any statement or reference to Defendant Bitters' financial condition, or that Defendant John Henry is, may be, or claims to be "judgment proof."

14. Any statement, argument, opinions or testimony from Plaintiff's counsel and any witness for Plaintiff, including Michael O'Hara, pertaining to discovery matters or discovery disputes in the captioned lawsuit or the rulings on those disputes, including opinions or testimony that Defendant Bitters has failed to produce information or documents responsive to discovery requests or rulings of the Court on discovery matters.

17. Any statement, implication, argument, testimony, or opinion that Joyce Petersen's death resulted in any way, directly or indirectly, from the loan to John Henry or was in any way attributable to Defendant Bitters.

**B.    GRANTED IN PART/SOME MATTERS RESERVED FOR TRIAL**

Bitters's motion is tentatively granted in part and denied in part as to the following numbered paragraphs, and the extent to which the paragraphs are granted or denied is explained below.

9. Any statement or reference to Robert Boland, Jr.
   - Boland is no longer a party to this lawsuit; therefore, testimony regarding Boland will be limited to the appropriate and admissible background information.

11. Evidence or statements regarding the meaning of any law by Plaintiff's counsel or any witness of Plaintiff, including Michael O'Hara.

    - The motion is granted with respect to testimony regarding the specific meaning of any law, including the testimony of Michael O'Hara; the motion is denied with respect to arguments in closing arguments as long as such statements are consistent with the jury instructions.

12. Any statement, argument, opinions or testimony from Plaintiff's counsel and any witness for Plaintiff, including Michael O'Hara, on matters of law, including that Defendant Bitters owed a fiduciary duty to Plaintiff.

    - Testimony may be allowed to the extent proper foundation is laid regarding the duties of Bitters, but limited or disallowed regarding the breach of any duties. The Court notes Michael O'Hara's report, which will not come into evidence, contains some opinions that are not proper expert opinions and will likely not be received.

13. Any statement, argument, opinions or testimony from Plaintiff's counsel and any witness for Plaintiff, including Michael O'Hara, pertaining to matters outside of Joyce Petersen's loan to John Henry, including any opinions or testimony that Joyce Petersen's portfolio was "overloaded with fixed index annuities," or that her portfolio was not sufficiently diversified, or that Defendant Bitters "churned" Joyce Petersen's account.

    - The motion is denied insofar as the questioning pertains in general to any prior relationship between Petersen and Bitters, but is granted insofar as the estate seeks testimony regarding the balancing or churning of Petersen's accounts and the general nature of the holdings, as its lawsuit is based solely on the loan to Henry.

15. Any statements or argument from Plaintiff's counsel, or opinions or testimony from any witness for Plaintiff, including Michael O'Hara, that any disputed factual issues actually occurred, or that one witness or testimony is more reliable or credible than another witness or testimony.

    - The motion is granted insofar as Michael O'Hara seeks to testify regarding these issues; it is denied to the extent that the estate may argue the credibility of any witness, if done so properly.

**C.    DENIED/RESERVED FOR TRIAL**

The motion is denied as to the following numbered paragraphs without prejudice to Bitters's ability to raise his objections at trial in context. The admissibility of any

evidence on these topics is subject to proper foundation being laid and the establishment of relevance.

10. Photographs of Joyce Petersen.
    - The admissibility of any photographs is subject to a showing of relevance, including the dates of each photograph.

16. Evidence, statements, arguments, and references to prior grievances, complaints, administrative inquiries, or suits against Defendant Bitters, including, but not limited to, matters involving the Nebraska Department of Banking, Nebraska Department of Insurance, the Iowa Department of Banking, the Iowa Department of Insurance, and Clarence and Valora Nelson.

18. Any statement, argument, or attempt to imply the existence of a partnership or other association between Defendant Bitters and John Henry, including the use of pejorative terms like "kick back," "collusion," and "conspiracy."

IT IS ORDERED:

1. Defendant William E. Bitters's Motion in Limine (Filing No. 238) is granted in part and denied in part.
2. The motion is granted as to paragraphs 1 to 8, 14, and 17.
3. The motion is granted in part and denied in part as to paragraphs 9, 11 to 13, and 15.
4. The motion is denied without prejudice as to paragraphs 10, 16, and 18.

Dated this 9th day of July, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge
