IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ESTATE OF JOYCE ROSAMOND
PETERSEN,

            Plaintiff,

    v.

WILLIAM E. BITTERS and JOHN L.
HENRY,

            Defendants.

8:16CV183

**ORDER**

This matter is before the Court on three separate filings[1] by plaintiff Estate of Joyce Rosamond Petersen (the "estate").

The estate first asks the Court to reconsider (Filing No. 247) two orders: (1) a Memorandum and Order (Filing No. 221) which granted summary judgment to defendant Robert W. Boland, Jr. and granted summary judgment to defendant William E. Bitters ("Bitters") in part and denied it in part, and (2) a Supplemental Order on Pretrial Conference (Filing No. 243) which amended the magistrate judge's[2] Order on Final Pretrial Conference (Filing No. 234) to reflect the issues left for trial.

Second, the estate claims its brief in support of its motion (Filing No. 248) is also a Statement of Objections to Magistrate Judge's Order Dated June 28, 2018 (Filing No. 228), which set a June 29, 2018, deadline for motions to reconsider.

---

[1] Filing No. 250 appears to be a duplicate of Filing No. 247 filed in error. To the extent Filing No. 250 is a separate motion, it is denied.

[2] The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

Third, the estate asks the Court to reconsider (Filing No. 251) its Order (Filing No. 249) on Bitters's Motion in Limine (Filing No. 138).

The Court will first address the objection to the magistrate judge's deadline. The Court may sustain the objection if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The estate argues the deadline set "unreasonable and impossible deadlines" and "the federal rules provide no such deadline."

It is true the Federal Rules of Civil Procedure do not set a specific deadline for these circumstances. If they had, the magistrate judge would not have needed to create the deadline. Yet the Rules do not prohibit the imposition of such a deadline, and the deadline imposed was not "unreasonable and impossible." The deadline was reasonable because the magistrate judge aptly sought to prevent the estate from delaying the trial with last-minute filings. The deadline was not impossible because the estate found time to file almost 250 pages of briefing in those two days, all of which the Court found to be meritless. The Court finds the deadline was not clearly erroneous or contrary to law.[3]

Because the magistrate judge properly created a June 29, 2018, deadline for motions to reconsider, the estate's first Motion for Reconsideration is untimely. The Court will not revisit Filing Nos. 221 and 243.[4]

The estate's second Motion for Reconsideration cites "Fed. R. Civ. P. 59(e) and 60(b)." As no judgment has been issued, the Court will only analyze the motion under Rule 60(b), which allows the Court to relieve a party from an order under "just terms." After careful review of the estate's brief in support of its motion and its brief in

---

[3]The estate also objects to the Court's handling of the Controverted Issues section of the Pretrial Conference Order. That issue has been thoroughly covered and the Court will not revisit it.

[4]Additionally, the Court has reviewed the estate's arguments and found nothing the Court did not consider the first time.

opposition to the Motion in Limine, the Court finds no reason to alter its Order on the Motion in Limine. Accordingly,

IT IS ORDERED:

1. Plaintiff Estate of Joyce Rosamond Petersen's first Motion for Reconsideration (Filing No. 247) is denied as untimely.
2. The estate's Statement of Objections (Filing No. 248) is overruled.
3. The estate's second Motion for Reconsideration (Filing No. 251) is denied.
4. To the extent Filing No. 250 is a separate motion, it is denied.

Dated this 9th day of July, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge