IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ESTATE OF JOYCE ROSAMOND PETERSEN, | |
|---|---|
| Plaintiff, | 8:16CV183 |
| v. | ORDER |
| WILLIAM E. BITTERS and JOHN L. HENRY, | |
| Defendants. | |

This matter is before the Court on plaintiff Estate of Joyce Rosamond Petersen's (the "estate") Motion in Limine (Filing No. 254). The estate asks the Court to preclude William E. Bitters and John L. Henry ("Henry" and collectively, the "defendants") and their witnesses from mentioning or introducing evidence relating to fourteen different topics[1] at trial, and to allow the estate to mention and introduce evidence relating to ten different topics at trial. Given that trial is set to begin on July 10, 2018, the Court issues the following rulings.[2]

I. **TOPICS TO EXCLUDE**

A. **GRANTED**

The estate's motion to exclude certain topics is granted as to the following numbered paragraphs of the Motion in Limine, as such evidence or arguments are clearly excludable or improper. The defendants and their witnesses are prohibited from referencing the following subjects or introducing evidence related to them.

---

[1]The seventh paragraph does not seek preclusion of a topic but rather requests the estate be allowed to refer to itself as "Ms. Petersen" rather than the estate. As the Court does not fully understand the context of the request, the Court defers ruling on it at this time.

[2]The Court notes that the estate's Motion in Limine is untimely under the Final Progression Order (Filing No. 127), but will be considered.

3. Defendants Should Not Be Allowed To Point Out That Ms. Petersen Is Deceased And Thus Cannot Enjoy The Money That Is Awarded To Her.

4. Defendants Should Not Be Allowed To Mention That Money Won't Make The Anxiety, Pain, Stress Go Away Or Bring Back Ms. Petersen.

5. Defendants Should Not Be Allowed To Discuss How Much Plaintiff's Clients Paid In Attorneys' Fees.

6. Defendants Should Not Be Allowed To Comment On How Damages And Verdicts Hurt The Economy Or Enriches Lawyers.

**B. GRANTED IN PART/SOME MATTERS RESERVED FOR TRIAL**

The estate's motion is tentatively granted in part and denied in part as to the following numbered paragraphs, and the extent to which the paragraphs are granted or denied is explained below.

10. Defendants Should Not Be Allowed To Admit Into Evidence Or Use Or Refer To Evidence That Was Not Previously Produced.
    - This paragraph is sustained, assuming the evidence was requested in discovery and unless the defendant seeks to introduce evidence about changes in Henry's testimony.

14. Defendant's Expert, E. Lawrence, Should Not Be Able to Attack the Credibility of Any Witness or State Any Fact Occurred Or Not, If Plaintiff's Expert is Similarly Barred by the Court's July 9 Order.
    - Any expert witness may comment on the credibility and conclusions of other expert witnesses but cannot directly comment on the credibility of lay witnesses.

**C. DENIED/RESERVED FOR TRIAL**

The estate's motion is denied as to the following numbered paragraphs without prejudice to the estate's ability to raise his objections at trial in context. The admissibility of any evidence on these topics is subject to proper foundation being laid and the establishment of relevance.

1. Defendants Should Not Be Allowed To Bring Up That Mr. Nelson's Suit Against Bitters Was Dismissed And/Or Make It Seem, Explicitly Or Impliedly, That The Matter Was Decided On Substantive Basis.

    - This is dependent upon what other evidence is presented at trial.

2. Defendants Should Not Be Allowed To Talk About Or Inquire After How Much The Heirs Of Ms. Petersen Have Inherited Or Will Inherit, How Much Ms. Petersen Owned, Or Discuss Ms. Petersen's Or The Heirs' Financial Situation In Life.

8. Defendants Should Not Be Allowed To Mention The Arrangements Between John L. Henry And Plaintiff Nor Whether They May Or May Not Exist.

9. Defendants Should Not Be Allowed To Mention Ms. Petersen's Marital History.

10. Defendants Should Not Be Allowed To Admit Into Evidence Or Use Or Refer To Evidence That Was Not Previously Produced.

11. Defendants Should Not Be Allowed To Argue That Bitters is A Professional Nor That The Two Year Statute Of Limitations Applies.

12. Defendants Should Not Be Allowed To Bring Up UFIS, Inc. Since Plaintiffs Do Not Have Any Claims Related To That Entity.

13. Defendant Should Not Be Allowed To Bring Up That Typographical Corrections Were Made To The Plaintiff's Expert Report.

## II. TOPICS TO INCLUDE

### A. GRANTED

The estate's motion to include certain topics is granted as to the following numbered paragraphs of the Motion in Limine. The estate will be permitted to discuss and introduce evidence relating to the following topics.

1. Plaintiff's Witnesses Should Be Allowed to Testify to Facts Showing, Under The Discovery Rule, The Statute Of Limitations Did Not Start To Run Until April 2018 and/or December 2013.

9. Plaintiff Should Be Allowed to Introduce Evidence – A Life Insurance Policy That Became Effective in February 2008 on the Same Day Henry Received Fund Transferred From Ms. Petersen Per the Promissory Note – That Henry Did Not Disclose to Plaintiff Until July 9, 2018.

10. Plaintiff Should Be Allowed to Argue the Facts of Bitters' Breaches.

**B. GRANTED IN PART/SOME MATTERS RESERVED FOR TRIAL**

The estate's motion is tentatively granted in part and denied in part as to the following numbered paragraphs, and the extent to which the paragraphs are granted or denied is explained below.

3. Plaintiff Should Be Allowed To Present Testimony And Sworn Statements And The Like From The Nelson Case Because It Is Relevant To This Case And It Falls Under The Prior Testimony Exception.
    - It is unclear as to what testimony is subject to be offered and whether its witness is unavailable; ruling is reserved.
4. Plaintiff's Expert, Prof. O'Hara, Should Be Allowed to Testify About the Facts Underlying His Opinion and Those Facts Should Be Admitted – With a Limiting Instruction – Under Fed. R. Evid. 703 and the Committee Notes on Rules – 2000 Amendment.
    - The expert witnesses will be allowed to testify consistent with the Federal Rules of Evidence.
6. Plaintiff Should Be Allowed to Introduce Pictures – Which Are Not Graphic or Staged – of Ms. Petersen to Put a Face on the Plaintiff.
    - At least some photos will likely be allowed.
8. Plaintiff's Witnesses and Counsel Should Be Allowed to Refer to Rules – Since This a Negligence and Breach of Fiduciary Case in Which the Standard of Care In Bitters' Industry, I.E., Rules Were Not Followed – Which Are Different From the Law On Which the Court Will Instruct the Jury At the End of Trial.
    - Expert witnesses will be allowed to testify about the proper standards of care if foundation is laid, but they will not be able to testify that such standards are inconsistent with Nebraska law.

**C. DENIED**

The motion is denied as to the following numbered paragraphs. The estate will not be able to discuss the following topics or introduce evidence related to them.

2. The Court Should Take Judicial Notice Of The Lexis Advance Person Report –Available Through Lexis and Based on Public Records - Showing Tax Liens Against Bitters In the Year He Advised Ms. Petersen to Loan Funds to Henry From Which Bitters Earned Commissions.

5. Plaintiff's Expert and Witnesses Should Be Allowed to Testify as to Facts Regarding the Civil Conspiracy Between Henry and Bitters to Obtain the Promissory Note and, One Year Later, Not Repay Ms. Petersen.

7. Plaintiff Should Be Allowed to Introduce Pictures of a New Home Worth $900,000 That Bitters Has Built Over the Past Several Years As An Example of the Use To Which Ms. Petersen's Commissions Have Gone.

IT IS ORDERED:

1. Plaintiff Estate of Joyce Rosamond Petersen's Motion in Limine (Filing No. 254) is granted in part and denied in part.
2. The motion is granted as to paragraphs 3 to 6 of section I and paragraphs 1, 9, and 10 of section II.
3. The motion is granted in part and denied in part as to paragraphs 1, 10, and 14 of section I and paragraphs 3, 4, 6, and 8 of section II.
4. The motion is denied without prejudice as to paragraphs 2, 7 to 9, and 11 to 13 of section I.
5. The motion is denied as to paragraphs 2, 5, and 7 of section II.

Dated this 10th day of July, 2018.

BY THE COURT:

*Robert F. Rossiter, Jr.* (signature)

Robert F. Rossiter, Jr.
United States District Judge

5