IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ESTATE OF JOYCE ROSAMOND
PETERSEN,

Plaintiff,

v.

WILLIAM E. BITTERS and JOHN L.
HENRY,

Defendants.

8:16CV183

MEMORANDUM
AND ORDER

This matter is before the Court on the Jury Verdict (Filing No. 274) and plaintiff Estate of Joyce Rosamond Petersen's (the "estate") Motion to Dismiss (Filing No. 266) defendant John L. Henry ("Henry").

I.  **BACKGROUND**

Joyce Rosamond Petersen ("Petersen"), a long-time resident of Omaha, Nebraska, met William E. Bitters ("Bitters"), a financial advisor based out of Sioux City, Iowa, in 2006. Bitters sold several financial products to Petersen over the years, and, in 2008, prepared a promissory note for a $150,000 unsecured loan from Petersen to Henry. Henry never repaid the loan, and Petersen died on October 20, 2013.

On December 1, 2014, the estate filed suit against Bitters and Henry[1] for damages arising out of the unpaid loan. At trial, the jury was instructed on the estate's claim against Henry for breach of contract, and the estate's timely claims against Bitters for fraudulent misrepresentation and breach of fiduciary duty.[2] The jury found in favor of

---

[1]The estate also named Robert W. Boland, Jr. who was dismissed on summary judgment.

[2]The tort claims against Henry were dismissed by the Court before submission to the jury. Certain tort claims against Bitters were also dismissed, largely based on the

the estate against Henry and calculated the estate's damages to be $356,619.30. The jury also found in favor of the estate against Bitters and calculated the estate's damages for those claims to be $356,619.30.[3]

During the trial, the Court discovered the estate had an undisclosed settlement agreement with Henry. The settlement agreement provided for the dismissal of the estate's case after trial against Henry in exchange for Henry's "truthful" testimony on certain specified topics. After the Court instructed and submitted the matter to the jury, the estate moved to dismiss the case against Henry. *See* Fed. R. Civ. 41(a)(2). The Court took that motion under advisement while expressing concern about the estate's gamesmanship, given the settlement agreement with Henry and the timing of the motion.

## II. DISCUSSION

### A. Jury Verdict

In Nebraska, "a party may not have double recovery for a single injury." *Tolliver v. Visiting Nurse Ass'n*, 771 N.W.2d 908, 917 (Neb. 2009). "Where several claims are asserted against several parties for redress of the same injury, only one satisfaction can be had." *Jameson v. Liquid Controls Corp.*, 618 N.W.2d 637, 644 (Neb. 2000) (quoting *Vowers & Sons v. Strasheim*, 576 N.W.2d 817, 825 (Neb. 1998)).

For each of the estate's claims, the Court instructed the jury that the estate "may recover such damages as will put the [estate] in the same position the [estate] would have occupied if" the alleged misconduct had not occurred. The jury determined those damages were the same for each defendant and were equal to the estate's calculations of the current amount owed under the contract. It is beyond debate that the only damages

---

applicable statutes of limitation. In addition, due to lack of evidence, all claims of compensatory damages were dismissed, leaving only damages arising directly from the nonpayment on the promissory note.

[3]The estate's expert testified that the amount of $356,619.30 was the current value of the unpaid loan under the terms of the promissory note.

awarded by the jury were the amount of the original note plus the interest rates set forth in the note, through the end of trial. The estate is not entitled to double that amount.

Under Nebraska tort law, "[w]here two causes produce a single indivisible injury, joint and several liability attaches. *Shipler v. GMC*, 710 N.W.2d 807, 843 (Neb. 2006); *accord Tadros v. City of Omaha*, 735 N.W.2d 377, 381 (Neb. 2007) ("Under Nebraska common law, an act wrongfully done . . . contemporaneously by [several persons] without concert, renders them liable for all damages . . . jointly and severally."). Although the remaining claim against Henry was for breach of contract (the promissory note) and not a tort, the Court predicts the Nebraska Supreme Court would apply joint and several liability in these circumstances. *See Lindsay Mfg. Co. v. Hartford Accident & Indem. Co.*, 118 F.3d 1263, 1267-68 (8th Cir. 1997).

Even though Bitters and Henry were held responsible by the jury for the estate's failure to receive repayment of the loan, the estate cannot recover the full amount due from both. *See Walker v. Probant*, 902 N.W.2d 468, 482 (Neb. App. 2017) ("FSB is not allowed double recovery from multiple defendants for the same claim as to the note, and therefore, Raynor is liable only for the amount remaining on the note after subtraction of the amounts FSB received from the settling defendants."). Thus, Bitters and Henry are jointly and severally liable to the estate for $356,619.30.

### B. Motion to Dismiss

Due to the timing of the estate's motion, the estate's action against Henry "may be dismissed at the [estate]'s request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because the motion was filed after the jury began deliberations (and for the reasons stated above and during the trial), the Court does not consider dismissal of Henry proper, and the motion to dismiss is denied.

## III. CONCLUSION

Allowing the estate to recover $356,619.30 from both Bitters and Henry would be an impermissible double recovery. The estate's injury is indivisible, so joint and several liability is appropriate. The estate's attempt to dismiss Henry is denied. Accordingly,

IT IS ORDERED:
1. William E. Bitters and John L. Henry will be jointly and severally liable to the Estate of Joyce Rosamond Petersen for $356,619.30.
2. The Estate of Joyce Rosamond Petersen's Motion to Dismiss John L. Henry (Filing No. 266) is denied.
3. A separate judgment will issue.

Dated this 1st day of August, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge